IN THE U.S. DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMEER ANAND,

                              Movant,

vs.

JOANN LEDOUX,

                              Respondent.

Case No. 1:25-mc-00298

CASE IN OTHER COURT:
No. 3:24-cv-05808-TMC

**SPECIAL APPEARANCE AND MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO QUASH SUBPOENA OF MR. SAMEER ANAND AND MOTION FOR SANCTIONS AGAINST MR. ANAND AND MYLES BARTLEY, MR. ANAND'S COUNSEL**

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS....................................................................................ii

TABLE OF AUTHORITIES ............................................................................iii

I.   PRAYER FOR RELIEF ......................................................................... 1

II.  BURDEN OF PROOF ............................................................................ 1

    a.   Quash Subpoena............................................................................ 1

    b.   Sanctions ...................................................................................... 2

    c.   Transfer ........................................................................................ 3

III. FACTS ..................................................................................................... 4

    A.   Background ................................................................................... 4

    B.   First Motion to Dismiss – Compel Arbitration ........................... 4

    C.   Second Motion to Dismiss – Compel Arbitration........................ 5

    D.   Rule 11 Motion for Sanctions ..................................................... 10

IV.  LEGAL ANALYSIS................................................................................ 14

    A.   Movant's Motion was Untimely .................................................. 14

    B.   Movant's Deposition and Subpoenaed Records are Relevant ..... 14

    C.   Movant's Subpoena is Not Overly Burdensome .......................... 15

    D.   Sanctions are Appropriate............................................................ 17

    E.   If the Court is Not Inclined to Deny Movant's Requested Relief,
         Respondent Seeks Transfer to the Western District of Washington.................... 17

V.   REQUESTED RELIEF............................................................................ 17

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

1

2                    **TABLE OF AUTHORITIES**

3      **Cases**                                                    **Page**

4      *Coston v. Nangalama*, 2024 U.S. Dist. LEXIS 152847 (E.D. Cal, Aug. 26, 2024) ............. 16

5
       *Delta Air Lines, Inc. v. Lightstone Grp., LLC*, No. 21 Misc. 374, 2021 U.S. Dist. LEXIS
6      98798, 2021 WL 2117247, at *2 (S.D.N.Y. May 24, 2021).................................................... 1

7      *Falstaff Brewing Corp. v. Miller Brewing Corp*, 702 F.2d 770 (9th Cir. 1983) ................... 16

8      *Forsythe v. Brown*, 281 F.R.D. 577, 587 (D. Nev. 2012)........................................................ 3

9      *Garcia v. Westland Farms, LLC*, No. 1:20-cv-00190-KES-HBK, 2024 U.S. Dist. LEXIS
10          70545, at *7 (E.D. Cal. Apr. 17, 2024) ...................................................................... 16

11     *Gilead Sciences, Inc. v. Khaim*, 2024 U.S. Dist. LEXIS 237377 (NYED, Dec 17, 2024)
            *citing* Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 99-100 (2d Ct
12          Appeals, Mar 29, 2012) ............................................................................................... 15

13     *Great Lakes Reinsurance (UK) v. Herzig*, 2023 U.S. Dist. LEXIS 116721
            (SDNY July 7, 2023) .................................................................................................... 15
14
       *Hughes v. Twenty-First Century Fox, Inc.*, 327 F.R.D. 55, 57 (S.D.N.Y. 2018) ............. 2, 15
15
       *John Wiley & Sons, Inc. v. Doe Nos. 1-30*, 284 F.R.D. 185, 189 (S.D.N.Y. 2012)................. 2
16
       *Lelchook v. Lebanese Canadian Bank*, 670 F. Supp. 3d 51, 55 (S.D.N.Y. 2023)............. 2, 15
17
       *Louis Vuitton Malletier S.A. v. LY USA, Inc.,* 676 F.3d 83, 99-100
18          (2d Ct Appeals, Mar 29, 2012) ................................................................................... 15
19
       *Pandora Jewelry, LLC v. Blue Time, Inc.*, No. 22 Misc. 238, 2024 U.S. Dist.
20          LEXIS 26217, 2024 WL 2279197, at *3 (S.D.N.Y. Feb. 14, 2024......................... 1, 2

21     **Federal Rules**

22     Fed. R. Civ. P. 26(b)(1)............................................................................................... *passim*

23     Fed. R. Civ. P. 45(a)(1) ............................................................................................... *passim*

24     Fed. R. Civ. P. 45(a)(1)(A)(iii) .......................................................................................... 2

25

Fed. R. Civ. P. 45(d)(1)..................................................................... 1

Fed. R. Civ. P. 45(d)(3)(A) ................................................................ 1

Fed R. Civ. P. 45(d)(3)(A)(iv) ........................................................... 2

Fed. R. Civ. P. 45(f) ............................................................. *passim*

Fed. R. Civ. R. 45(g) ........................................................... *passim*

RESPONDENT'S OPPOSITION TO MOTION
TO QUASH & MOTION FOR SANCTIONS - iv
No. 1:25-mc-00298-DEH

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

# I.  PRAYER FOR RELIEF

COMES NOW the above-named respondent, by and through her attorneys of record, Jocelyn C. Stewart, of **Law Office of Jocelyn C Stewart, Corp**. and Talis Abolins of **mctlaw**; who appears solely for the purpose of opposing the motion to quash, and moves this Honorable Court to deny Mr. Anand's untimely motion to quash his subpoena and grant costs and sanctions, pursuant to Fed. R. Civ. P Rule 45(g), for willfully failing to obey a duly served subpoena requiring document production and his presence at a deposition, or in the alternative, to find "exceptional circumstances" warranting the transfer of Mr. Anand's motion to quash the subpoena to the Western District of Washington. Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment.

# II.  BURDEN OF PROOF

## A. Quash Subpoena

Under Rule 45 of the Federal Rules of Civil Procedure, a party may command a nonparty to produce documents and provide deposition testimony. Fed. R. Civ. P. 45(a)(1).  But this power is not absolute: information requested in discovery must be relevant and proportional to the needs of a case, *see* Fed. R. Civ. P. 26(b)(1), and "[a] party . . . responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. "Fed. R. Civ. P. 45(d)(1); *see also Delta Air Lines, Inc. v. Lightstone Grp., LLC*, No. 21 Misc. 374, 2021 U.S. Dist. LEXIS 98798, 2021 WL 2117247, at *2 (S.D.N.Y. May 24, 2021) ("Motions to compel compliance with Rule 45 subpoenas are governed by the relevancy and proportionality guidelines of Rule 26."). On a subpoenaed party's _timely_ motion, the district court "must quash or modify a subpoena that[] subjects a person to undue burden" (emphasis added). *See* Fed. R. Civ. P. 45(d)(3)(A); *see also Pandora Jewelry,*

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

*LLC v. Blue Time, Inc.*, No. 22 Misc. 238, 2024 U.S. Dist. LEXIS 26217, 2024 WL 2279197, at *3 (S.D.N.Y. Feb. 14, 2024) ("A subpoena may be quashed. . . because, among other grounds, it imposes undue burden."). This decision—whether to grant or deny a motion to quash a subpoena—is left to the district court's sound discretion. *Pandora Jewelry, LLC.*, 2024 U.S. Dist. LEXIS 26217, 2024 WL 2279197, at *3; *see also John Wiley & Sons, Inc. v. Doe Nos. 1-30*, 284 F.R.D. 185, 189 (S.D.N.Y. 2012).

"Undue burden" discovery disputes are subject to a burden-shifting framework: if the party seeking discovery proves the requested information is relevant and proportional, the party opposing discovery must show that compliance subjects him to undue burden. *See* Fed R. Civ. P. 26(b); 45(d)(3)(A)(iv); *see also Hughes v. Twenty-First Century Fox, Inc.*, 327 F.R.D. 55, 57 (S.D.N.Y. 2018) ("The movant bears the burden of persuasion in a motion to quash a non-party subpoena."). "When evaluating undue burden, the court considers the relevance of the information sought, the party's need for the information, the breadth of the request, and the burden imposed." *Lelchook v. Lebanese Canadian Bank*, 670 F. Supp. 3d 51, 55 (S.D.N.Y. 2023).

B. <u>Sanctions</u>

Federal Rule of Civil Procedure 45(g) states, in pertinent part:

"The court for the district where compliance is required... may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Rule 45 allows any party to serve a subpoena commanding a nonparty to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). A person who fails to comply with a Rule 45 subpoena or related order "without adequate excuse" may be held in contempt. Fed. R. Civ. P.

RESPONDENT'S OPPOSITION TO MOTION
TO QUASH & MOTION FOR SANCTIONS - 2
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

45(g). "The party moving for contempt has the burden to establish by clear and convincing evidence that the contemnor has violated a clear and specific court order. "*Forsythe v. Brown*, 281 F.R.D. 577, 587 (D. Nev. 2012) report and recommendation adopted, No. 3:10-CV-00716-RCJ, 2012 U.S. Dist. LEXIS 69602, 2012 WL 1833393 (D. Nev. May 18, 2012). "Once the moving party shows by clear and convincing evidence that the contemnor has violated a clear and specific court order, the burden shifts to the contemnor to show that he or she took every reasonable step to comply and to explain why compliance was not possible. "*Forsythe*, 281 F.R.D. at 587.

**C. <u>Transfer</u>**

Rule 45(f) also permits the transfer of a motion to quash a subpoena "to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f); *see also* Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment ("In the absence of consent, the court may transfer in exceptional circumstances, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts."). If exceptional circumstances exist, the Court must weigh them against the interests of the nonparty in obtaining local resolution of the motion. Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment ("The prime concern should be avoiding burdens on local nonparties subject to subpoenas.").

/ / /

/ / /

/ / /

RESPONDENT'S OPPOSITION TO MOTION
TO QUASH & MOTION FOR SANCTIONS - 3
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

## III.   FACTS

### A.  Background

OUTLIERS, INC. d/b/a THESIS, THESIS NOOTRPICS, FIND MY FORMULA, and FORMULA, (hereafter "THESIS DEFENDANTS") sold a product to  JOANN LEDOUX from their website for "Find My Formula" nootropic supplement kits (hereafter "Formula"). This is the product that THESIS DEFENDANTS marketed and shipped to between March and September of 2021 (hereafter "Formula Product"), an Army major, was subject to random drug tests, and after consuming the Formula Product, tested positive for Amphetamines after submitting a urine sample on August 16, 2021.

After suffering substantial losses and emotional injuries, the filed suit against the THESIS DEFENDANTS and the BRAND NUTRA DEFENDANTS.

### B.  First Motion to Dismiss – Compel Arbitration

On November 13, 2024**,** Defendants Outliers, Inc. (d/b/a Thesis), Daniel Freed, and Matt Rubin (collectively "Thesis Defendants") filed their first Motion to Compel Arbitration**.** *See LeDoux v. Outliers, Inc*., No. 3:24-cv-05808-TMC, Dkt. 14, attached as Respondent **Exhibit 1**.

In support of their first Motion to Compel Arbitration, THESIS DEFENDANTS submitted the sworn declaration of Daniel Freed, dated November 13, 2024. *See LeDoux v. Outliers, Inc.*, No. 3:24-cv-05808-TMC, Dkt. 15, attached as Respondent **Exhibit 2**.

After Respondent filed her response, THESIS DEFENDANTS filed their Reply in support of the first Motion to Compel Arbitration on December 15, 2024**.** In support of their reply, THESIS DEFENDANTS filed a declaration from CartHook CEO, Ben Fisher, dated

RESPONDENT'S OPPOSITION TO MOTION
TO QUASH & MOTION FOR SANCTIONS - 4
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

December 10, 2024. *See LeDoux v. Outliers, Inc.*, No. 3:24-cv-05808-TMC, Dkt. 29-1, attached as Respondent **Exhibit 3**.

On February 18, 2025, the Western District of Washington Court entered an Order denying the THESIS DEFENDANTS' first Motion to Compel Arbitration. *See LeDoux v. Outliers, Inc.*, No. 3:24-cv-05808-TMC, Dkt. 39, attached as Respondent **Exhibit 4**. In Honorable Judge Cartwright's order, she noted issues of credibility with THESIS DEFENDANTS' evidence. The order also explained that the most salient evidence about how the website's checkout appeared was absent from the record. *Id.*

### C. <u>Second Motion to Dismiss – Compel Arbitration</u>

On March 18, 2025, THESIS DEFENDANTS filed their Second Motion to Compel Arbitration**.** *See LeDoux v. Outliers, Inc*., No. 3:24-cv-05808-TMC, Dkt. 58, attached as Respondent **Exhibit 5**.

In support of their second Motion to Compel Arbitration, THESIS DEFENDANTS submitted sworn declarations from Daniel Freed (Dkt. No. 59), Maranda Lujajohnson (Dkt. No. 60), and Sameer Anand, dated March 18, 2025**.** Dkt. No. 61). *See LeDoux v. Outliers, Inc.*, No. 3:24-cv-05808-TMC, Dkt. 59, Dkt. 60, Dkt. 61, attached as Respondent **Exhibits 6, 7, 8.**

On March 24, 2025,  served the Second Set of Rule 34 Requests for Production directed at THESIS DEFENDANTS, including specific requests concerning Sameer Anand and Maranda Lujajohnson's employment records and compensation and requests related to CartHook, website archives and backups, HTML code, and matters directly concerning the contents of the checkout pages at issue. Respondent **Exhibit 9**.

On April 1, 2025, Respondent served the Third Set of Rule 34 Requests for Production directed at the Thesis Defendants, including specific requests pertaining to equity stake in

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

Outliers, Inc. dba Thesis, for Sameer Anand and Maranda Lujajohnson. Respondent **Exhibit 10.**

On April 3, 2025, the Western District of Washington Court held a Chambers hearing regarding pending discovery disputes. THESIS DEFENDANTS asked the Court to stay all discovery pending case-dispositive motions. During this hearing, Respondent informed the Court and the parties that they had a 22-page declaration from an expert that refutes the claims of Mr. Freed, Ms. Lujajohnson, and Mr. Anand about the CartHook checkout page at issue in the arbitration litigation. The Court did not stay discovery concerning, *inter alia*, the arbitration litigation; these matters relate to the declarations of Ms. Maranda Lujajohnson, Mr. Sameer Anand, Mr. Dan Freed, and Mr. Ben Fisher. *See LeDoux v. Outliers, Inc*., No. 3:24-cv-05808-TMC, Dkt. 78, attached as Respondent **Exhibit 11**.

In Mr. Freed's second declaration, dated March 18, 2025, he claimed he reviewed materials available on the Way Back Machine and that he personally approved the "terms and conditions." Mr. Freed did not state that he reviewed any back-ups from the website's archives. *See LeDoux v. Outliers, Inc*., No. 3:24-cv-05808-TMC, Dkt. No. 59, attached as Respondent **Exhibit 12**.

In recent but separate litigation with Recoop, LLC, Mr. Freed reviewed a video he created to obtain assistance from Google customer service known as the "Loom Video," which is a screen-recording of Mr. Freed's screen on January 22, 2020. In the video, Mr. Freed navigates to the CartHook checkout page, which demonstrates that there is no required checkbox and there are no hyperlinked terms and conditions or medical waiver. Respondent **Exhibit 13 (**redacted regarding material subject to current protective order controversy and omitting video file).

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

Respondent served its *second* notice of intent to file Subpoenas on April 8, 2025, dated for service on April 18, 2025, to Affiants, Ms. Lujajohnson and Mr. Anand (Respondent **Exhibit 14**), through their (then) counsel of record, Mr. Houghton, lead counsel for the THESIS DEFENDANTS. Mr. Houghton did not represent Mr. Anand at the time Respondent filed its notice of intent to file Subpoenas on Mr. Anand. *See* Respondent **Exhibit 15**. During a Chambers hearing, Mr. Houghton, though not yet Mr. Anand's counsel, alerted us that the initial notice of subpoena was in a state court format, which we cured in the second notice.

Following the parties' April 3, 2025, Chambers hearing, on April 14, 2025, THESIS DEFENDANTS requested a copy of a 22-page declaration prepared by expert, Mr. Dustin Sanchez, which directly refuted the declarations of Mr. Freed, Mr. Fisher, Ms. Lujajohnson, and Mr. Anand. *See* Respondent **Exhibit 16**.

Respondent submitted her first Request for Production on THESIS DEFENDANTS on March 3, 2025. THESIS DEFENDANTS maneuvered to have the Chambers hearing on April 3, 2025, the last date on which they would have been required to respond to THESIS DEFENDANTS first Request for Production. THESIS DEFENDANTS had not previously been required to respond to the Request for Productions served on March 3, 2025, March 24, 2025, and April 1, 2025, except for the request for their initial disclosures. *See* Respondent **Exhibit 11**.

THESIS DEFENDANTS were required to respond to the Second Set of Requests for Production on April 23, 2025, which pertained, in part, to Mr. Anand's background and declaration. THESIS DEFENDANTS withdrew their Second Motion to Compel Arbitration on April 23, 2025. *See LeDoux v. Outliers, Inc*., No. 3:24-cv-05808-TMC, Dkt. No. 86, attached as Respondent **Exhibit 17**. THESIS DEFENDANTS responded to the Second Set of Requests

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

for Production on April 23, 2025, denying each request, asserting that each is essentially mooted by their withdrawal of the second motion for arbitration. *See* Respondent **Exhibit 18**.

The HTML code for 2020 and 2021 CartHook checkout pages contains no checkbox and no hyperlinked terms and conditions or medical waiver. *See* Respondent **Exhibit 16**. The evidence that Mr. Dustin Sanchez relied on in analyzing the CartHook checkout pages demonstrates the inaccuracy of the declarations of Mr. Freed, Ms. Lujajohnson, and Mr. Anand. Mr. Sanchez performed this analysis after the filing of THESIS DEFENDANTS' second motion to compel arbitration. This is the declaration referenced during the April Chambers hearing in the Western District of Washington.

Mr. Sanchez performed additional analysis upon receipt of the "Loom Video". *See* Respondent **Exhibit 19**. The "Loom Video", created by Mr. Freed on January 22, 2020, and reviewed by Mr. Freed before he signed his declaration dated December 13, 2024, demonstrates he knew his declarations were false. Upon information and belief, Mr. Freed procured the false declarations of Ms. Lujajohnson and Mr. Anand, both of whom Respondent has a reasonable ground to believe hold an equity stake in Outliers, Inc. dba Thesis.

Mr. Houghton, counsel for THESIS DEFENDANTS, noted deficiencies in the initial March 2025 subpoenas for Ms. Lujajohnson and Mr. Anand. *See* Respondent **Exhibit 15**. Mr. Houghton, counsel for THESIS DEFENDANTS, became counsel for Ms. Lujajohnson and Mr. Anand on April 7, 2025. *Id.*

Respondent re-issued the subpoena, *inter alia*, for Mr. Anand and addressed the form objections Mr. Houghton had rightly raised. *See* Respondent **Exhibits 20**.

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

While Mr. Houghton remained their counsel, Respondent requested on multiple occasions to schedule the depositions of Ms. Lujajohnson and Mr. Anand. *See* Respondent **Exhibit 21**.

Despite meeting and conferring about discovery, Mr. Houghton refused to meet and confer about the depositions of Ms. Lujajohnson and Mr. Anand, stating they were non-parties. *See* Respondent **Exhibit 22**. Mr. Houghton also stalled, feigning that he needed clarification about the scope of the depositions. *See* Respondent **Exhibits 22**, **23**.

Mr. Stuart Kaplan signed the first motion to compel arbitration on behalf of THESIS DEFENDANTS. *See* Respondent **Exhibit 1**. This filing included Mr. Freed's first false declaration. *See* Respondent **Exhibit 2**. Mr. Jeremy Roller also signed the motion.

On March 18, 2025, Mr. Rick Houghton and Mr. Jeremy Roller signed a second motion to compel arbitration on behalf of THESIS DEFENDANTS. *See* Respondent **Exhibit 5**.

On March 25, 2025, BRAND NUTRA DEFENDANTS joined THESIS DEFENDANTS' Motion to compel arbitration. *See LeDoux v. Outliers, Inc.*, No. 3:24-cv-05808-TMC, Dkt. No. 67, attached as Respondent **Exhibit 24**.

Mr. Stuart Kaplan withdrew as counsel for THESIS DEFENDANTS on March 25, 2025. *See LeDoux v. Outliers, Inc.*, No. 3:24-cv-05808-TMC, Dkt. No. 68, attached as Respondent **Exhibit 25**.

On April 23, 2025**,** THESIS DEFENDANTS withdrew their discovery request for Mr. Sanchez's 22-page declaration. Respondent **Exhibit 26**.

On April 23, 2025, THESIS DEFENDANTS also withdrew their second Motion to Compel Arbitration. *See LeDoux v. Outliers, Inc*., No. 3:24-cv-05808-TMC, Dkt. No. 86, attached as Respondent **Exhibit 27**.

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

April 23, 2025, was THESIS DEFENDANTS deadline to provide responses to discovery pertaining to Mr. Anand. *See* Respondent **Exhibit 9**.

### D. <u>Rule 11 Motion for Sanctions</u>

On April 28, 2025, Respondent sent a Rule 11 Motion and Safe Harbor Letter pertaining to THESIS DEFENDANTS' first Motion to Compel Arbitration and its supporting declarations, including, inter alia, the declaration of Mr. Anand. *See* Respondent **Exhibits 28**, **29**.

On May 7, 2025, THESIS DEFENDANTS withdrew the first Motion to Compel Arbitration, and they withdrew the declarations of Daniel Freed and Ben Fisher filed in support of that motion and reply to the Respondent's response. *See LeDoux v. Outliers, Inc*., No. 3:24-cv-05808-TMC, Dkt. No. 89, attached as Respondent **Exhibit 30**.

The sworn declarations submitted by Defendant, Mr. Freed, and on behalf of THESIS DEFENDANTS, Mr. Fisher, Ms. Lujajohnson, and Mr. Anand, and relied upon by Defendants in seeking to compel arbitration, contained objectively inaccurate assertions regarding the existence of a required checkbox and hyperlinks at the time of Respondent's purchases on the FindMyFormula website. *See* Respondent Exhibits **16**, **19**.

According to Mr. Freed's "Loom Video" he always keeps a backup of his websites. This would seem to include the archived CartHook checkout page. According to Mr. Anand's declaration, he was Thesis' engineer. *See* Respondent **Exhibit 13**.

According to Mr. Freed's "Loom Video", the CartHook checkout page did not contain a required checkbox or hyperlinked terms and conditions, or medical waiver. *See* Respondent **Exhibit 13**.

RESPONDENT'S OPPOSITION TO MOTION
TO QUASH & MOTION FOR SANCTIONS - 10
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

According to Mr. Freed's "Loom Video", Mr. Anand was not THESIS' first software engineer, as Mr. Anand's declaration alleges. According to additional discovery obtained by that the Western District of Washington Court, which thus far has not been filed publicly, Mr. Anand was a replacement software engineer. *See* Respondent **Exhibit 13**.

Upon information and belief, THESIS DEFENDANTS sought and obtained extensions to the Scheduling Order to avoid turning over evidence that demonstrates the intentional falsity of their claims of an enforceable arbitration clause.

Upon information and belief, THESIS DEFENDANTS' false claims endeavored to dismiss the lawsuit to limit, if not escape, exposure for their tortious liability in 's case and potentially the future cases of all of THESIS DEFENDANTS' customers.

On April 8, 2025, Respondent filed a second notice of intent to subpoena of Mr. Anand and the subpoena duces tecum. *See* Respondent **Exhibit 31**, **32**.

On May 2, 2025, Respondent received a set of responses and objections filed by Mr. Houghton. *See* Respondent **Exhibit 33**.

On May 9, 2025, only the undersigned lead counsel received an email from an attorney at Mr. Brantley's law firm alerting Respondent that his firm was now engaged to represent Mr. Anand and Ms. Lujajohnson. *See* Respondent **Exhibit 34**. The email's sender also alerted Respondent that the new firm would be filing a separate set of responses and objections to the April 18, 2025, subpoena. *Id.*

On May 9, 2025, the undersigned lead counsel replied to the affiants' counsel, thanking them for their contact and explaining that we would be sending updated subpoenas so perhaps they could respond to the new subpoenas and not waste time and energy responding to the older subpoenas. *See* Respondent **Exhibit 35**. The undersigned lead counsel sent a follow-up

RESPONDENT'S OPPOSITION TO MOTION
TO QUASH & MOTION FOR SANCTIONS - 11
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

email that courtesy-copied the remaining members of Respondent's legal team and specifically requesting to always copy the civil litigation paralegal. *Id.*

Later, also on May 9, 2025, Respondent provided a third notice of intent to subpoena Mr. Anand and the May 19, 2025, subpoena duces tecum via email. *See* Respondent **Exhibits 36, 37, 38**.

On May 28, 2025, Mr. Anand's counsel sent the undersigned counsel and the civil litigation paralegal, leaving off the co-counsel, an email conveying a set of objections to the May 19, 2025, subpoena. *See* Respondent **Exhibits 39, 40**.

On June 10, 2025, Respondent provided via email her fourth notice of a subpoena for Mr. Anand and notice of video. *See* Respondent **Exhibit 41, 42, 43**.

On May 9, 2025, Respondent attempted to communicate with Mr. Anand's counsel about accepting service on behalf of his client. *See* Respondent **Exhibit 35**. Mr. Anand's counsel did respond to the request to accept service. *Id.*

Having heard no response, Respondent accomplished service, including the tendering of the check for mileage. *See* Respondent **Exhibit 44, 45, 46**.

At no time did Mr. Anand's counsel file any objections to Respondent's fourth notice of subpoena for Mr. Anand.

On Wednesday, July 9, 2025, one of Mr. Anand's counsel sent an email to the undersigned requesting "again" to meet and confer about the deposition. *See* Respondent **Exhibit 47**. Mr. Anand's counsel had not communicated any prior request to meet and confer. *Id.* Respondent's counsel responded and coordinated a meet and confer for the next day. *See* Respondent **Exhibit 47**.

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

On Thursday, July 10, 2025,  met and conferred with Mr. Myles Bartley, lead counsel for Mr. Anand. During that meet and conferral, Mr. Bartley indicated that he would file a motion to quash the next day. Mr. Bartley said he wanted to ensure he had communicated this to the undersigned to prevent the necessity for the undersigned to travel to New York. During the meet and confer, the undersigned explained that we were only seeking responsive materials regarding Mr. Anand's draft. During the meet and confer, Mr. Bartley also made representations that Mr. Anand had specifically told him there were no drafts of his declaration and that he no longer had a copy of his signed declaration. During the meet and confer, Respondent's counsel requested to see Mr. Brantley's authority for any quashing of the subpoena. Mr. Brantley declined and stated Respondent would see it in his motion. *See* Respondent **Exhibit 48**.

In reliance on Mr. Bartley, the undersigned cancelled her travel. *See* Respondent **Exhibit 49**. Having received no filing on Friday, the undersigned rebooked travel late on July 11, 2025, to depart Seattle on Sunday, for the Monday deposition. *See* Respondent **Exhibit 50**. The undersigned traveled to New York for the deposition and awaited Mr. Anand's presence at the situs for the deposition. *See* Respondent **Exhibit 51**. Neither Mr. Anand, nor his counsel showed or communicated anything until a purported email forward reached the undersigned on Monday, after the deposition. *See* Respondent **Exhibit 52**. Respondents' counsel conducted an internal audit to locate any alleged email. *See* Respondent **Exhibit 53**. No email was ever located to corroborate Mr. Anand's counsel's asserted courtesy email to the undersigned counsel. Their email was addressed to an incorrect email for co-counsel.

In June 2025, Respondent and THESIS DEFENDANTS participated in a Chambers hearing in the Western District of Washington, wherein the Court provided relief from a

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

substantial portion of requests Respondent had made for records pertaining to Mr. Anand and Ms. Lujajohnson. *See LeDoux v. Outliers, Inc.*, No. 3:24-cv-05808-TMC, Dkt. No. 101, attached as Respondent **Exhibit 55;** *see also LeDoux v. Outliers, Inc.*, No. 3:24-cv-05808-TMC, Dkt. No. 102, attached as Respondent **Exhibit 56.** The Court ordered that THESIS DEFENDANTS provide drafts and communications surrounding drafts of Mr. Anand's and Ms. Lujajohnson's declarations. *See* Respondent **Exhibit 48**.

THESIS DEFENDANTS complied and provided several drafts and communications regarding Mr. Anand's declaration. *See* Respondent **Exhibit 54**.

Respondent maintains her quest to depose Mr. Anand for evidence that Mr. Freed and THESIS DEFENDANTS procured Mr. Anand's inaccurate declaration because they realize they have tortious liability and want to avoid trial at all costs. This evidence supports 's claim in that it supports an adverse inference instruction  will seek regarding THESIS DEFENDANTS' pretrial conduct to avoid trial by securing false declarations and filing false declarations, and that the jury may use knowledge of this conduct as an inference that they have tortious liability vis-à-vis . This supports 's claim and is not "merely for impeachment."

## IV.    <u>LEGAL ANALYSIS</u>

### A.  <u>Movant's Motion to Quash Was Untimely Filed</u>

Mr. Anand's counsel avers that the Fourth of July holiday necessitated the late filing of their motion. After having received multiple iterations of the subpoena, there is little doubt that his team of attorneys was on notice of the subpoena.

### B.  <u>Movant's Deposition and Subpoenaed Records are Relevant</u>

The crux of Mr. Anand's counsel's argument against the propriety of the subpoena is that it represents evidence of "impeachment evidence only." This is not the case. Whether Mr.

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

Anand's inaccurate declaration was part of intentional conduct by THESIS DEFENDANTS to escape a trial for their tortious liability goes to the heart of Respondent's efforts to seek her righteous claims in the Western District of Washington. Respondent is investigating her ability to obtain an adverse inference instruction in her claims against THESIS DEFENDANTS. *See Great Lakes Reinsurance (UK) v. Herzig*, 2023 U.S. Dist. LEXIS 116721 (SDNY July 7, 2023). While the evidence could also potentially serve as impeachment of Mr. Freed, the matter remains whether and how Mr. Anand's declaration came into existence. This is particularly critical in light of evidence provided by THESIS DEFENDANTS that Mr. Houghton, while acting solely on behalf of THESIS DEFENDANTS, sent all drafts to Mr. Anand, which included inaccurate details that Mr. Anand would know. If Mr. Houghton was a conduit of a solicitation of favor on behalf of Mr. Freed and THESIS DEFENDANTS, this could give rise to a substantial adverse inference instruction. Respondent's claim of liability may rely on an adverse inference. *See Gilead Sciences, Inc. v. Khaim*, 2024 U.S. Dist. LEXIS 237377 (NYED, Dec 17, 2024) *citing Louis Vuitton Malletier S.A. v. LY USA, Inc.,* 676 F.3d 83, 99-100 (2d Ct Appeals, Mar 29, 2012).

### C. <u>Movant's Subpoena is Not Overly Burdensome</u>

"Undue burden" discovery disputes are subject to a burden-shifting framework: if the party seeking discovery proves the requested information is relevant and proportional, the party opposing discovery must show that compliance subjects him to undue burden. *See Fed R. Civ. P. 26(b); 45(d)(3)(A)(iv); see also Hughes v. Twenty-First Century Fox, Inc.*, 327 F.R.D. 55, 57 (S.D.N.Y. 2018) ("The movant bears the burden of persuasion in a motion to quash a non-party subpoena."). "When evaluating undue burden, the court considers the relevance of the information sought, the party's need for the information, the breadth of the request, and the

RESPONDENT'S OPPOSITION TO MOTION
TO QUASH & MOTION FOR SANCTIONS - 15
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

burden imposed." *Lelchook v. Lebanese Canadian Bank*, 670 F. Supp. 3d 51, 55 (S.D.N.Y. 2023).

The movant has failed to establish that the subpoena to request his declaration drafts and communications surrounding them is not a burden, let alone would it qualify as "undue." He was properly served well in advance of his deposition date and time, and his counsel received at least four different subpoenas.

The fabrications that Mr. Freed made in his own declaration are insufficient. To evaluate the totality of THESIS DEFENDANTS' efforts to thwart justice and to distort the truth, Mr. Anand must be made to answer.

**D. Sanctions are Appropriate**

As noted in footnote 2 of *Coston v. Nangalama*, 2024 U.S. Dist. LEXIS 152847 (E.D. Cal, Aug. 26, 2024), explains "there are fundamental differences between the punitive purposes for criminal contempt and the compulsory/compensatory purposes of civil contempt. Likewise, the procedures to be followed differ. *See e.g., Falstaff Brewing Corp. v. Miller Brewing Corp*, 702 F.2d 770 (9th Cir. 1983). This is civil contempt." In *Coston*, as in this case, "Plaintiff requests attorney's fees as compensation for a failure to obey subpoenas." Rule 45(g) expressly provides authority for basing a contempt finding on failure to respond to a subpoena; moreover, courts have found that a Rule 45 subpoena constitutes an order of the court. *E.g., Garcia v. Westland Farms, LLC*, No. 1:20-cv-00190-KES-HBK, 2024 U.S. Dist. LEXIS 70545, at *7 (E.D. Cal. Apr. 17, 2024). When counsel for Mr. Anand failed to timely objections, failed to timely file a motion, and with apparent contempt for the orer of the Western District of

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

Washington's order that Mr. Anand appear at a specific, clear time and date, and caused the undersigned to travel to New York after not filing a motion, sanctions are appropriate.

### E. If the Court is Not Inclined to Deny Movant's Requested Relief, Respondent Seeks Transfer to the Western District of Washington

Rule 45(f) also permits the transfer of a motion to quash a subpoena "to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f); *see also* Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment ("In the absence of consent, the court may transfer in exceptional circumstances, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts."). If exceptional circumstances exist, the Court must weigh them against the interests of the nonparty in obtaining local resolution of the motion. Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment ("The prime concern should be avoiding burdens on local nonparties subject to subpoenas.").

## V.    REQUESTED RELIEF

For the reasons listed above, Respondent JOANN LEDOUX respectfully requests that this Honorable Court deny Movant's Motion to Quash. Respondent LEDOUX also requests that this Court grant sanctions against Mr. Brantley and Mr. Anand for their conduct in deliberately failing to appear and causing Respondent's counsel to travel to New York.

If this Honorable Court grants sanctions, Respondent asks leave of court to supplement the record with costs and attorneys' fees.

If the Court is not inclined to deny the motion and grant sanctions, in the alternative, Respondent requests transfer to the Western District of Washington.

RESPONDENT'S OPPOSITION TO MOTION
TO QUASH & MOTION FOR SANCTIONS - 17
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

DATED this 23rd day of July, 2025.

ATTORNEYS FOR RESPONDENT

*/s/ Jocelyn C. Stewart*
**Jocelyn C. Stewart** WSBA No. 58100
**Law Office of Jocelyn C Stewart, Corp.**
1200 Pacific Ave. # 600
Tacoma, WA 98402
Phone: (253) 212-6940
Email: jocelyn@ucmj-defender.com
Email: jen@ucmj-defender.com


*/s/ Talis M. Abolins*
**Talis M. Abolins** WSBA No. 21222
**mctlaw**
1325 4th Ave. # 1730
Seattle, WA 98101
Phone: (206) 487-7371
Email: tabolins@mctlaw.com

RESPONDENT'S OPPOSITION TO MOTION
TO QUASH & MOTION FOR SANCTIONS - 18
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494