# EXHIBIT 1

Hon. Tiffany M. Cartwright

1

2

3

4

5

6

7

8  UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
9  AT SEATTLE

10  JOANN LEDOUX, a single woman.

11  Plaintiffs,

12  v.

13  OUTLIERS, INC. (d/b/a THESIS,
THESIS NOOTROPICS, FIND MY
14  FORMULA, and FORMULA), a
Delaware Corporation; DANIEL FREED,
15  individually; MATT RUBIN,
individually; BRAND
16  NUTRACEUTICALS, INC. (d/b/a
BRAND NUTRA), a New York
17  Corporation; BRAND PACKAGING
GROUP, INC. (d/b/a BRAND
18  NUTRACEUTICALS), a New York
Corporation; and John and Jane Does 1-5.
19  Defendants.

20  Defendants.

21

No. 3:24-cv-05808-TMC

DEFENDANTS', OUTLIERS, INC.,
DANIEL FREED, AND MATT
RUBIN, MOTION TO COMPEL
ARBITRATION, STAY CASE, OR IN
THE ALTERNATIVE DISMISS CASE
DUE TO ARBITRATION
AGREEMENT OR TO
TRANSFER/DISMISS DUE TO
IMPROPER VENUE BASED UPON
ARBITRATION AGREEMENT

NOTE ON MOTION CALENDAR:
December 11, 2024

22

23  Defendants, OUTLIERS, INC., (d/b/a THESIS, THESIS NOOTROPICS, FIND

24  MY FORMULA, FORMULA), a Delaware corporation, DANIEL FREED, individually,

25  and MATT RUBIN, individually, (collectively, the "Outlier Defendants") through counsel

26

MOTION TO COMPEL ARBITRATION
No: 3:24-cv-0508-TMC – Page 1

Stuart N. Kaplan, P.A.
3399 PGA Blvd., Suite 150
Palm Beach Gardens, FL 33410
(561) 296-7900

move to compel arbitration, stay case or in the alternative, to dismiss case pursuant to

arbitration agreement or for the transfer/dismissal due to improper venue based upon

arbitration agreement.  In support of the motion the Outlier Defendants state:

1.      That Plaintiff, JOANN LEDOUX, a single woman has sued the above

Defendants, plus two (2) other Defendants, BRAND NUTRACEUTCALS, INC., (d/b/a

BRAND NUTRA), a New York corporation, BRAND PACKAGING GROUP, INC. (d/b/a

BRAND NUTRACEUTICALS), a New York corporation, and John and Jane Does 1-5.

(See V below).

2.      That submitted with this motion is the sworn affidavit of DANIEL FREED

(the "Freed Affidavit"), as Chief Executive Officer and Co-Founder of Outliers, Inc., to

include FIND MY FORMULA, n/k/a OUTLIERS, INC., in which the affiant authenticates

the "Terms and Conditions" agreed upon between OUTLIERS, INC., and JOANN

LEDOUX during her on boarding process as a customer and consumer with OUTLIERS,

INC., on or about March 18, 2021.  Exhibit "A" to the Freed Affidavit contains the

applicable Terms and Conditions which on page 6 sets forth a conspicuous binding

arbitration provision with the American Arbitration Association in accordance with the

arbitration hearing that "shall take place in the Southern District of New York, before a

single arbitrator."  As a result, the Plaintiff and the named Defendants agreed to arbitrate in

the Southern District of New York, "any controversy or claim arising out of or relating to

this contract or in connection with the breach thereof . . ."

3.      That the "Terms and Conditions" discussed in the Freed Affidavit

demonstrate that the parties further agreed the laws of the United States of America and

MOTION TO COMPEL ARBITRATION
No: 3:24-cv-0508-TMC – Page 2

Stuart N. Kaplan, P.A.
3399 PGA Blvd., Suite 150
Palm Beach Gardens, FL 33410
(561) 296-7900

New York shall govern "any issue or dispute arising out of or in connection with your use of our site, intellectual property. The terms or any other matter concerning company" . . . with venue in the Southern District of New York. *See* Freed Aff. Ex. A at 6.

## II. ARBITRATION: STAY/DISMISS:

4.    That section 2 of the Federal Arbitration Act (FAA) makes agreements to arbitrate "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA reflects a "liberal policy favoring arbitration." AT&T Mobility, LLC v. Concepcion, 562 U.S. 333, 334 (2011). Stated in a different legal vein, the FAA requires arbitration if:

        a.    A valid agreement to arbitrate exists; and

        b.    The dispute falls within the scope of the agreement. Chiron Corp. v. Ortho Diagnostic Systems, Inc., 207 F. 3d 1126, 1130 (9th Cir. 2000). If both of these two (2) requirements are fulfilled, the FAA "leaves no place for the exercise of discretion by the district court but instead mandates that District Courts shall direct the parties to proceed to arbitration." Id. If the court determines that the claims are subject to arbitration, the court should "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3.

5.    That while a court has the ability to stay an action, a district court may also dismiss a case where all claims must be submitted to arbitration. See Sparling v. Hoffman Construction Co. Inc., 864 F. 2d 635, 637-39 (9th Cir. 1988). Accordingly, here these Defendants seek dismissal too, because the claims are subject to a valid agreement to arbitrate all claims before the AAA in the Southern District of New York before a single arbitrator,

MOTION TO COMPEL ARBITRATION
No: 3:24-cv-0508-TMC – Page 3

Stuart N. Kaplan, P.A.
3399 PGA Blvd., Suite 150
Palm Beach Gardens, FL 33410
(561) 296-7900

with "judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof." Freed Aff. Ex. A at 6.  Diversity of Citizenship and the controversy exists based upon the complaint and the parties have agreed this case be arbitrated in the Southern District of New York, with judgment being rendered upon the award there, as both venue (per the agreement) and jurisdiction exist in that forum, rendering this Court arguably powerless to act on the merits of Plaintiff's claims and Defendants' defenses.

### III. TRANSFER TO PROPER VENUE:

6.      That Section 1404(a), Chapter 28, United States Code provides that for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or divisions to which all parties have consented.  28 U.S.C. § 1404(a). The relevant burden for a motion to transfer venue under 28 U.S.C. Section 1404(a) depends on whether the case involves a forum selection clause. See generally Atlantic Marine Construction Company, Inc. v. U.S. District of Texas, 571 U.S. 49, 59-61 (2013).  In this case, by agreeing to "Terms and Conditions" Plaintiff agreed to have venue placed in the Southern District of New York plus she (Plaintiff) agreed to "ACCEPTANCE OF TERMS AND CONDITIONS" as reflected on page 1 of the agreement. Freed Aff. Ex. A.. In the end, Plaintiff cannot be heard now or later to challenge what she agreed to with these Defendants.

### IV. EQUITABLE ESTOPPEL:

7.      That Defendants submit to alleviate any concern of this Court, that the other named co-defendants in this action are not parties to the agreed "Terms and Conditions" discussed herein, the FAA still allows these non-signatories to enforce the agreement under

MOTION TO COMPEL ARBITRATION
No: 3:24-cv-0508-TMC – Page 4

Stuart N. Kaplan, P.A.
3399 PGA Blvd., Suite 150
Palm Beach Gardens, FL 33410
(561) 296-7900

1   the doctrine of equitable estoppel.  That is, a litigant who is not a party to an arbitration

2   agreement can nonetheless enforce the agreement under the Federal Arbitration Act to the

3   extent allowed under state law.  GE Energy Power Conversion Fr. SAS Corp. v. Outokump

4   Stainless USA, LLC., 140 S. Ct. 1637, 1644 (2020).  Here, Plaintiff in her complaint has

5   "lumped" in "shot gun" fashion allegations against all Defendants, requiring this Court to

6   examine a pleading in which all Defendants are "tethered" together allegation wise.  Hence,

7   it would be inequitable and impractical not to have all claims (between Plaintiff and all

8

9   Defendants) sent to arbitration in the agreed upon venue.

10                          V. THE PLEADINGS:

11      8.    That Plaintiff's complaint consists of the following counts:

12

13          A. Count I ALL DEFENDANTS – NEGLIGENCE:
                "6. Plaintiff re-alleges and  incorporates  by  reference  the
14      paragraphs above as if fully stated herein.
                7. The DEFENDANTS were all negligent and careless in the
15      sourcing, import, design,  testing,  manufacture,  labeling,  marketing,
        distribution, and/or sale of Formula Nootropic Supplement products.
16              8. The THESIS and BRAND NUTRA DEFENDANTS, as
        product manufacturers and sellers, were negligent and careless in their design,
17      manufacture, distribution, promotion and sale of the Formula Nootropic
        Supplement products.
18              9. The THESIS and BRAND DEFENDANTS violated the
        industry and regulatory standards specified above.
19              10. The DEFENDANTS should have known that their Formula
        Nootropic Supplement products were developed in a way that
20

21      presented an unreasonable risk of adulteration and were unreasonably
        dangerous and injurious to individuals who were never warned of the various
22      unsafe ingredients and adulterants they contained.
                11.The unreasonable risks of using supplements adulterated with
23      unapproved drugs and unsafe dietary ingredients were never properly
        understood, identified, disclosed, or addressed by the DEFENDANTS.
24              12. DEFENDANTS' failures to discharge their duties were a
        direct and proximate cause of Plaintiff's injuries as described above,
25      including the amphetamine poisoning that adversely affected JOANNE

26

MOTION TO COMPEL ARBITRATION                Stuart N. Kaplan, P.A.
No: 3:24-cv-0508-TMC – Page 5               3399 PGA Blvd., Suite 150
                                            Palm Beach Gardens, FL 33410
                                            (561) 296-7900

LEDOUX, triggering the positive drug test."

B. Count II: ALL DEFENDANTS – UNFAIR TRADE PRACTICES
[Wash. Rev. Code Section 19.86.010, et seq.]

"13.  Plaintiffs re-allege and incorporate by reference the paragraphs above as if fully stated herein.

14.    The acts by DEFENDANTS in this cause of action include, but are not limited to, the following deceptive and unfair acts with respect to the Formula Nootropic Supplement product:

a.  Designing, manufacturing, promoting,  and  selling Formula Nootropic Supplement products without disclosing or warning against the existence of adulterated new  dietary ingredients and unapproved drugs, including the pharmaceutical Adderall.

b.  Misrepresenting that the product contains only the highest quality ingredients, rigorously tested for purity.

c.  Misrepresenting that the product contains only ingredients sourced in the USA.

d.  Misrepresenting that the product contains substances that are the most potent and well-studied nootropics on the market.

e.    Misrepresenting that the product is appropriately used for medicinal benefits.

a.  Misrepresenting that the product possesses many therapeutic effects, including providing its consumers with increased focus, clarity, concentration, and energy.

b. Misrepresenting that the product is safe and appropriate for regular human consumption.

c. Misrepresenting that the product is never adulterated.

d.  Misrepresenting that the product has no serious adverse health effects.

e. Failing to disclose adequate information about the safety and efficacy of the Formula Nootropic Supplement product, either before or after Plaintiffs' purchase.

f.  Failing to provide adequate warnings, labels or instructions about the product's dangerous propensities, and the fact that consumers would test positive for the presence of

unprescribed amphetamine, such as Adderall®.

15.  Such acts occurred in the course of trade or commerce in the State of Washington.

16.    Such acts affected, and still affect, the public interest of all the citizens of the State of Washington.

17.    Such acts caused injury to JOANN LEDOUX in her property and business, by forcing her to incur substantial expenditures on a product that instead of being safe and effective, was the cause of her positive urinalysis for Amphetamines, leading directly to the infliction of staggering emotional and

Stuart N. Kaplan, P.A.
3399 PGA Blvd., Suite 150
Palm Beach Gardens, FL 33410
(561) 296-7900

financial losses associated with a court-martial by her employer."


C. Count III: –FAILURE TO WARN
   [Wash. Rev. Code Section 7.72.010(4) and .030(1)]
   "18.  Plaintiffs re-allege and incorporate by reference the paragraphs above as if fully stated herein.
   19.   Each named DEFENDANT was personally and directly involved in the design, manufacture, packaging, labeling, marketing, distribution, and sale of the defective Formula Nootropic Supplement products that injured JOANN LEDOUX.
   20.    The DEFENDANTS' Formula Nootropic Supplements were continuously sold without adequate warnings or instructions regarding the presence of Adderall®, serious health risks of the product, including the risks of abuse, dependence, addiction, overdose, and death.
   21.    An ordinary consumer would reasonably conclude that DEFENDANTS' Formula Nootropic Supplements were not reasonably safe when sold without warnings or instructions about the existence of pharmaceutical drugs, unapproved NDIs, and serious adverse health risks, including the contamination and adulteration risks of Amphetamines and related injuries suffered by JOANN LEDOUX.
   22.    In addition, at the time of manufacture, the likelihood that DEFENDANTS' Formula Nootropic Supplements would cause and contribute to the serious harms inflicted on JOANN LEDOUX rendered DEFENDANTS' warnings and instructions completely inadequate, even though reasonable instructions and warnings about the risk of those serious harms could easily have been provided.
   23:    At the times and on the occasions in question, JOANN LEDOUX was using the DEFENDANTS' Formula Nootropic Supplements for the very purposes intended and promoted by the DEFENDANTS, including: (a) human consumption; (b) relief from fatigue, the inability to concentrate, decreased motivation, and lack of focus or clarity; and (c) as a safe and natural alternative to "Adderall."
   24.    Without proper warnings and instructions, the products were unreasonably dangerous, unfit for their intended use, and defective.
   25.  If the products had been sold with appropriate warnings and instructions regarding their health risks, including but not limited to adequate disclosure of the major risks associated with ingesting unapproved pharmaceutical stimulants, then JOANN LEDOUX's injuries from the products would not have occurred.

   26.    The DEFENDANTS are liable for all damages caused by their failures to provide adequate warnings and instructions that would have prevented the injuries caused by their defective and unreasonably dangerous nature of their products.  These manufacturer DEFENDANTS are all subject to strict liability for these damages.
   27.    The DEFENDANTS also had a continuing, post-sale duty to warn regarding the unreasonable risk of harm associated with the product after the product had been distributed to JOANN LEDOUX.
   28.    After JOANN LEDOUX began purchasing and ingesting the

Stuart N. Kaplan, P.A.
3399 PGA Blvd., Suite 150
Palm Beach Gardens, FL 33410
(561) 296-7900

products, DEFENDANTS knew or should have known of the increasing scientific and medical information confirm adulterated product, including the risks associated with a powerful pharmaceutical stimulant that was only fit for medically supervised use.

29. After JOANN LEDOUX, began purchasing and ingesting the products, DEFENDANTS all breached their duty to issue adequate post-sale instructions and warnings to reduce and prevent the foreseeable risk of harm and injury to JOANN LEDOUX from the products.

30. All DEFENDANTS failed to exercise reasonable care to provide adequate post- sale instructions and warnings to JOANN LEDOUX and other Washington residents about the serious health risks and dangers of the product, including that it contained Amphetamines, a Controlled Substance, and posed a risk of injury to those ingesting such products.

31. As a direct and proximate result of the lack of reasonable and adequate post-sale instructions or warnings regarding the defects in DEFENDANTS' Formula Nootropic Supplements, Plaintiff suffered the injuries described above, including the staggering physiological and emotional damages associated with the unknown ingestion of unprescribed Amphetamines, leading to adverse physical effects and the severe trauma of a military court martial."

D. COUNT IV - DESIGN AND MANUFACTURING DEFECT
   [Wash. Rev. Code Section 7.72.010(2), (4), and .030]

"32. Plaintiffs re-allege and incorporate by reference the paragraphs above as if fully stated herein.

33. At the time DEFENDANTS manufactured, packaged, and promoted the Formula products sold to and consumed by JOANN LEDOUX, the products were not reasonably safe as designed.

34. The Formula Nootropic Supplement products were and are far more dangerous than the ordinary consumer would reasonably expect, considering relevant factors, such as the formula concocted by the DEFENDANTS, the procedures for production of the supplements, and the product's intrinsic nature, relative cost, severity of potential harm, the industry standards governing natural products, and the cost and feasibility of minimizing such risks.

35. The products sold to JOANN LEDOUX were unreasonably dangerous beyond the expectations of the ordinary consumer and were unfit for their intended use.

36. At the time and on the occasions in question, JOANN LEDOUX was using the DEFENDANTS' products for the foreseeable purposes that DEFENDANTS knew of and intended, and was in this respect defective, unsafe, and unreasonably dangerous.

37. As a direct and proximate result of the defects in the DEFENDANTS' Formula Nootropic Supplement products, Plaintiff suffered the injuries as described above."

MOTION TO COMPEL ARBITRATION
No: 3:24-cv-0508-TMC – Page 8

Stuart N. Kaplan, P.A.
3399 PGA Blvd., Suite 150
Palm Beach Gardens, FL 33410
(561) 296-7900

9.     That it is undisputed that Plaintiff's allegations in the complaint are centered around the "product" Plaintiff ordered.  *See* Freed Aff Ex. C. (showing products ordered by Plaintiff).  Accordingly, the Counts in the complaint all relate to the product purchased by the customer, consumer, Plaintiff that agreed to the "Terms and Conditions" required of Defendant before it "shipped" or "delivered" the products to Plaintiff.  Thus, the operative framed pleadings require mandatory arbitration before an arbitrator in the Southern District of New York.

## VI. CONCLUSION:

10.     Defendants collegially, through counsel, request this Court:

a.  Grant the motion to compel arbitration;

b.  Grant the motion to stay the case or dismiss it based upon the applicable "Terms and Conditions" discussed above and in the attached affidavit of MR. FREED;

c.  Grant the motion to transfer/dismiss the action based upon improper venue; and

d.  Grant such other relief that might be just and proper under the circumstances.

WHEREFORE, Defendants together request the Court grant this motion.  A proposed order is submitted herewith.

DATED: November 13ᵗʰ, 2024.

I certify that this memorandum contains 2,808 words, in compliance with the Local Civil Rules

MOTION TO COMPEL ARBITRATION
No: 3:24-cv-0508-TMC – Page 9

Stuart N. Kaplan, P.A.
3399 PGA Blvd., Suite 150
Palm Beach Gardens, FL 33410
(561) 296-7900

| | |
|---|---|
| 1 | **THE LAW OFFICES OF STUART N. KAPLAN, P.A.** |
| 2 | PGA Financial Plaza |
| 3 | 3399 PGA Boulevard, Suite 150 |
| | Palm Beach Gardens, Florida 33410 |
| 4 | Telephone: (561) 296-7900 |
| | Facsimile:  (561) 296-7919 |
| 5 | By: /s/ *Stuart N. Kaplan* |
| 6 | STUART N. KAPLAN, ESQUIRE |
| | Florida Bar No.:647934 |
| 7 | Email: skaplan@stuartnkaplanpa.com |
| | Secondary Email: |
| 8 | rbailey@stuartnkaplanpa.com |
| 9 | |
| | *Attorneys for Defendants Outliers, Inc.,* |
| 10 | *Daniel Freed, and Matt Rubin* |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |

MOTION TO COMPEL ARBITRATION
No: 3:24-cv-0508-TMC – Page 10

Stuart N. Kaplan, P.A.
3399 PGA Blvd., Suite 150
Palm Beach Gardens, FL 33410
(561) 296-7900

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused true and correct copies of the foregoing document to be served upon the following, at the addresses stated below, via the method of service indicated.

**LAW OFFICE OF JOCELYN C STEWART, CORP.**

Jocelyn C. Stewart                    ☐ E-mail
1201 Pacific Avenue, Ste 600          ☐ U.S. Mail
Tacoma, WA 98407                      ☒ E-filing
jocelyn@ucmj-defender.com

**MCTLAW**

Talis M. Abolins                      ☐ E-mail
Michael J. Cowgill                    ☐ U.S. Mail
1325 4th Ave. # 1730                  ☒ E-filing
Seattle, WA 98101
tabolins@mctlawyers.com
mcowgill@mctlawyers.com

Attorneys for Plaintiff

Dated this 13th day of November, 2024 in Seattle, Washington.

/s/ Rosemary Bailey
Rosemary Bailey
Paralegal

MOTION TO COMPEL ARBITRATION                    Stuart N. Kaplan, P.A.
No: 3:24-cv-0508-TMC – Page 11                  3399 PGA Blvd., Suite 150
                                                 Palm Beach Gardens, FL 33410
                                                 (561) 296-7900