# EXHIBIT 10

IN THE U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOANN LEDOUX, a single woman.<br><br>Plaintiff,<br>vs.<br><br>OUTLIERS, INC. (d/b/a THESIS, THESIS NOOTRPICS, FIND MY FORMULA, and FORMULA), a Delaware Corporation; DANIEL FREED, individually; MATT RUBIN, individually; BRAND NUTRACEUTICALS, INC. (d/b/a BRAND NUTRA), a New York Corporation; BRAND PACKAGING GROUP, INC. (d/b/a BRAND NUTRACEUTICALS), a New York Corporation; and John and Jane Does 1-5.<br><br>Defendants. | No. 3:24-cv-05808-TMC<br><br>**RULE 34 REQUESTS DIRECTED TO THESIS DEFENDANTS, SET THREE** |

## I.    <u>BASIS</u>

Plaintiff, JOANN LEDOUX, by and through her attorneys of record, Jocelyn C. Stewart, of **Law Office of Jocelyn C Stewart, Corp**. and Talis Abolins of **mctlaw**, (hereafter "the requesting party") and in accordance with Federal Rule of Civil Procedure (hereafter "FRCP") 26(b) and FRCP 34 makes the below-specified requests at **Paragraph VII** of defendants OUTLIERS, INC. (d/b/a THESIS, THESIS NOOTRPICS, FIND MY FORMULA, and

RULE 34 REQUESTS - 1
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

FORMULA), a Delaware Corporation; DANIEL FREED, individually; MATT RUBIN, individually, (hereafter "Thesis Defendants") through Richard D. Houghton, of **Murphy Ball Stratton, LLP** or their assigns (hereafter "the responding party").

## II.    INSTRUCTIONS

1. Pursuant to Rule 34(b)(2)(B), if you object to a request, the grounds for each objection must be stated with specificity. Also pursuant to that Rule, if you intended to produce copies of documents or of ESI instead of permitting inspection, you must so state.

2. If, in responding to this Request for Production, the responding party encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous, and the construction used in responding.

3. Pursuant to Rule 34(b)(2)(C), an objection must state whether any responsive materials are being withheld on the basis of that objection.

4. Whenever in this Request you are asked to identify or produce a document which is deemed by you to be properly withheld from production for inspection or copying:

    A. If you are withholding the document under claim of privilege (including, but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5) and Discovery Guideline 10(d)(ii)(b). For electronically stored information, a privilege log (in searchable and sortable form, such as a spreadsheet, matrix, or table) generated by litigation review software, containing metadata fields that generally correspond to the above paragraph is permissible, provided that it also discloses whether transmitting, attached or

RULE 34 REQUESTS - 2
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

subsidiary ("parent-child") documents exist and whether those documents have been produced or withheld.

B. If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery, identify as to each document and, in addition to the information requested in paragraph 4.A, above, please state the reason for withholding the document. If you are withholding production on the basis that ESI is not reasonably accessible because of undue burden or cost, provide the information required by Discovery Guideline 10(e).

5. When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

6. It is intended that this Request will not solicit any material protected either by the attorney/client privilege or by the work product doctrine, which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. If any Request is susceptible of a construction which calls for the production of such material, that material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 26(b)(5) or Discovery Guideline 9(a) will be required as to such material.

RULE 34 REQUESTS - 3
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

### III. DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in this Request, the following terms are to be interpreted in accordance with these definitions:

1. *Communication:* The term "communication" means the transmittal of information by any means.

2. *Concerning:* The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

3. *Document:* The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "items" in Fed. R. Civ. P. 34(a)(1) and include(s), but is not limited to electronically stored information. The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001. A draft or non-identical copy is a separate document within the meaning of the term "document."

4. *Form or Forms:* If documents are produced as electronically stored information, they shall be produced in the following form or forms: in the native form in which it is maintained and from which it was obtained, which necessarily includes that the form or forms include production of the metadata and/or native files so that ESI maintains its integrity from when it is collected until when it is used in proceedings so that the parties have a method to confirm the integrity of the ESI throughout the litigation. Plaintiff provides this folder as the location into

RULE 34 REQUESTS - 4
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

which you will provide responsive matters:

https://www.dropbox.com/scl/fo/az4f3fsn47ab23h2p2cc3/AM44Jlgx3krBodqr10cu3KE?rlkey=e87ps7cre9gmz9qmsnmtywfjl&st=szf2oqmo&dl=0

5. *Occurrence/Transaction:* The terms "occurrence" and "transaction" mean the events described in the Complaint and other pleadings, as the word Apleadings" is defined in Fed. R. Civ. P. 7(a).

6. *Parties:* The terms "plaintiff" and "defendant" (including, without limitation, third-party plaintiff, third-party defendant, counter claimant, cross-claimant, counter-defendant, and cross-defendant), as well as a party's full or abbreviated name or a pronoun referring to a party, mean that party and, where applicable, its officers, directors, and employees. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation or to limit the Court's jurisdiction to enter any appropriate order.

7. *Person*: The term "person" is defined as any natural person or any business, legal or governmental entity, or association.

8. *You/Your:* The terms "you" or "your" include the person(s) to whom this Request is addressed, and all of that person's agents, representatives, and attorneys.

9. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all;" "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine, or neuter form shall include each of the other genders.

10. If the requested documents are maintained in a file, the file folder is included in

RULE 34 REQUESTS - 5
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

the request for production of those documents.

### IV. NATURE OF REQUEST

As per FRCP 34(a), a request necessarily includes a request (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control: (A) any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or (B) any designated tangible things; or (2) to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

### V. TIMING OF RESPONSES

This request is delivered pursuant to FRCP 36(b)(2)(A) so that the responding party to whom the request is directed must respond in writing within 30 days.

### VI. MANNER OF RESPONSES

A. Responding to Each Item. For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection.

RULE 34 REQUESTS - 6
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

B. The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.

C. Responding to a Request for Production of Electronically Stored Information. The response may state an objection to a requested form for producing electronically stored information. If the responding party objects to a requested form—or if no form was specified in the request—the party must state the form or forms it intends to use.

D. Producing the Documents or Electronically Stored Information. Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information: (i) *The responding party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request*; (ii) If a request does not specify a form for producing electronically stored information, a responding party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and (iii) A responding party need not produce the same electronically stored information in more than one form.

E. Please consider all requests in **Paragraph VII** for an electronic format as follows:

(i). The requesting party requests a scanned PDF if the original media in which the responding party received the responsive material was in a PDF or Word document / physical document printout and such document does not contain metadata and other authenticating properties; or

(ii). The requesting party requests responsive material in the original media that the responding party received the responsive material such that it permits inspection and

RULE 34 REQUESTS - 7
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

verification of metadata and all other authenticating properties, which is known as the "native"; the requesting party provides this designated electronic folder for receipt of the responsive materials:

https://www.dropbox.com/scl/fo/az4f3fsn47ab23h2p2cc3/AM44Jlgx3krBodqr10cu3KE?rlkey=e87ps7cre9gmz9qmsnmtywfjl&st=szf2oqmo&dl=0

F.   If the responding party has an objection, the responding party's objection must state whether any responsive materials are being withheld on the basis of that objection and must state the objection with particularity. An objection to part of a request must specify the part and permit inspection of the rest.

## VII.   REQUESTS

A.   Equity Records for / Other Financial Relationship with Mr. Sameer Anand

1. All documents reflecting any grant, offer, or receipt of equity, stock options, profit interest units, or other ownership interests in Outliers, Inc. (d/b/a Thesis), or its predecessor organizations, including but not limited to: offer letters, equity agreements or vesting schedules, communications referencing ownership or incentive-based compensation, and any documents reflecting Mr. Anand's percentage ownership or value of his interest.

2. All documents reflecting any grant, offer, issuance, or award of equity, stock options, profit interest units, or other ownership interests in Outliers, Inc. (d/b/a Thesis), whether as part of Mr. Anand's original employment, subsequent reclassification as an independent contractor, or at any other time during Mr. Anand's affiliation with the company.

3. All documents and communications reflecting the terms, structure, or value of any equity or ownership interests Mr. Anand was offered or granted, including but not limited to offer letters, employment agreements, contractor agreements, equity agreements, vesting schedules, or amendments to any of the foregoing.

4. All communications regarding Mr. Anand's eligibility for, entitlement to, or receipt of equity, ownership, or incentive compensation from Outliers, Inc. (d/b/a

RULE 34 REQUESTS - 8
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

Thesis), or any of its predecessor companies, e.g. Formula, including any negotiations or renegotiations of such terms at the time of hire, during employment, upon transition to contractor status, or at any other time.

5. All documents reflecting any financial or reputational incentives provided or promised to Mr. Anand for submitting any affidavit or declaration in connection with a legal proceeding involving Outliers, Thesis, Formula, or Dan Freed.

6. All documents reflecting access granted to Mr. Anand or his representatives to Carta (or other equivalent equity tracking software), and any communications or reports he obtained or received from those systems between January 2020 to present.

7. Any communications with Dan Freed or Outliers, Thesis, or Formula representatives regarding Mr. Anand's inclusion in the cap table or any changes thereto between January 2020, to present.

8. Any documents provided to Mr. Anand showing or summarizing the cap table of Outliers, Inc. (d/b/a Thesis), including screenshots or reports from Carta or any other equity management platform.

9. All communications between Mr. Anand and Dan Freed, or any officer, director, or employee of Outliers, Thesis, and/or Formula, regarding compensation, equity, or any other incentive for his continued loyalty, participation, or silence in relation to any litigation, arbitration, or internal investigation.

10. All communications between Mr. Anand and Dan Freed, or any officer, director, or employee of Outliers, Thesis, and/or Formula, regarding his role as "independent contractor", "advisor", employee, or other non-employee to Thesis.

11. All documents reflecting any additional or renegotiated grant, offer, or receipt of equity, stock options, profit interest units, other ownership interests in Outliers, Inc. (d/b/a Thesis), or its predecessor organizations, or any other value conveyed, promised, or implied, in exchange for Mr. Anand's role as "independent contractor", "advisor", employee, or other non-employee to Thesis.

12. All documents reflecting any appointment, nomination, or service by Mr. Anand as a member of the board of directors, advisory board, or any governance body of Outliers, Inc. (d/b/a Thesis), whether formal or informal.

13. All communications concerning Mr. Anand's potential or actual role as a board member or advisor to Outliers, Inc. (d/b/a Thesis), including communications

RULE 34 REQUESTS - 9
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

with Dan Freed or any officer, employee, investor, or representative of the company.

14. All documents reflecting responsibilities, duties, or expectations communicated to Mr. Anand in connection with any board, advisory, or governance role at Outliers, Inc. (d/b/a Thesis), whether in writing or through electronic communications.

15. All agendas, minutes, resolutions, or materials Mr. Anand received in connection with any board or governance meetings, whether or not he formally served as a director at the time.

B. Equity Records for / Other Financial Relationship with Ms. Maranda Lujajohnson

1. All documents reflecting any grant, offer, or receipt of equity, stock options, profit interest units, or other ownership interests in Outliers, Inc. (d/b/a Thesis), or its predecessor organizations, including but not limited to: offer letters, equity agreements or vesting schedules, communications referencing ownership or incentive-based compensation, and any documents reflecting Ms. Lujajohnson's percentage ownership or value of her interest.

2. All documents reflecting any grant, offer, issuance, or award of equity, stock options, profit interest units, or other ownership interests in Outliers, Inc. (d/b/a Thesis), whether as part of Ms. Lujajohnson's original employment, subsequent reclassification as an independent contractor, or at any other time during Ms. Lujajohnson's affiliation with the company.

3. All documents and communications reflecting the terms, structure, or value of any equity or ownership interests Ms. Lujajohnson was offered or granted, including but not limited to offer letters, employment agreements, contractor agreements, equity agreements, vesting schedules, or amendments to any of the foregoing.

4. All communications regarding Ms. Lujajohnson's eligibility for, entitlement to, or receipt of equity, ownership, or incentive compensation from Outliers, Inc. (d/b/a Thesis), or any of its predecessor companies, e.g. Formula, including any negotiations or renegotiations of such terms at the time of hire, during employment, upon transition to contractor status, or at any other time.

5. All documents reflecting any financial or reputational incentives provided or promised to Ms. Lujajohnson for submitting any affidavit or declaration in connection with a legal proceeding involving Outliers, Thesis, Formula, or Dan Freed.

RULE 34 REQUESTS - 10
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

6. All documents reflecting access granted to Ms. Lujajohnson or her representatives to Carta (or other equivalent equity tracking software), and any communications or reports she obtained or received from those systems between January 2020 to present.

7. Any communications with Dan Freed or Outliers, Thesis, or Formula representatives regarding Ms. Lujajohnson's inclusion in the cap table or any changes thereto between January 2020, to present.

8. Any documents provided to Ms. Lujajohnson showing or summarizing the cap table of Outliers, Inc. (d/b/a Thesis), including screenshots or reports from Carta or any other equity management platform.

9. All communications between Ms. Lujajohnson and Dan Freed, or any officer, director, or employee of Outliers, Thesis, and/or Formula, regarding compensation, equity, or any other incentive for his continued loyalty, participation, or silence in relation to any litigation, arbitration, or internal investigation.

10. All communications between Ms. Lujajohnson and Dan Freed, or any officer, director, or employee of Outliers, Thesis, and/or Formula, regarding her role as "independent contractor", "advisor", employee, or other non-employee to Thesis.

11. All documents reflecting any additional or renegotiated grant, offer, or receipt of equity, stock options, profit interest units, other ownership interests in Outliers, Inc. (d/b/a Thesis), or its predecessor organizations, or any other value conveyed, promised, or implied, in exchange for Ms. Lujajohnson's role as "independent contractor", "advisor", employee, or other non-employee to Thesis.

12. All documents reflecting any appointment, nomination, or service by Ms. Lujajohnson as a member of the board of directors, advisory board, or any governance body of Outliers, Inc. (d/b/a Thesis), whether formal or informal.

13. All communications concerning Ms. Lujajohnson's potential or actual role as a board member or advisor to Outliers, Inc. (d/b/a Thesis), including communications with Dan Freed or any officer, employee, investor, or representative of the company.

14. All documents reflecting responsibilities, duties, or expectations communicated to Ms. Lujajohnson in connection with any board, advisory, or governance role at Outliers, Inc. (d/b/a Thesis), whether in writing or through electronic communications.

RULE 34 REQUESTS - 11
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

15. All agendas, minutes, resolutions, or materials Ms. Lujajohnson received in connection with any board or governance meetings, whether or not he formally served as a director at the time.

C. Investment Records

1. All documents and communications Mr. Anand and/or Ms. Lujajohnson received, reviewed, or was copied on relating to any capital raise, investment, or financing event involving Outliers, Inc. (d/b/a Thesis), including but not limited to investments from angel investors, venture capital firms, private equity, or strategic investors.

2. All documents reflecting updates to the capitalization table (cap table) of Outliers, Inc. (d/b/a Thesis), including but not limited to reports generated from Carta or any other equity management system, that Mr. Anand and/or Ms. Lujajohnson received, accessed, or reviewed.

3. All communications sent to Mr. Anand and/or Ms. Lujajohnson, or to any group of shareholders or advisors of which he was a part, notifying Mr. Anand and/or Ms. Lujajohnson of new investments, funding rounds, changes in company valuation, or issuance of new shares, equity interests, or securities.

4. All documents or communications authored, reviewed, or contributed to by Mr. Anand and/or Ms. Lujajohnson in connection with investor updates, shareholder communications, or internal summaries related to fundraising events, investment milestones, or company valuation changes.

D. Declaration Records

1. Any drafts, versions, or communications relating to any declarations, affidavits, or statements you provided to Mr. Anand and/or Ms. Lujajohnson in connection with any litigation or arbitration involving Outliers, Thesis, Formula, and/or Dan Freed, including communications regarding the contents of such declarations.

2. Any drafts, versions, or communications provided to you to assist Mr. Anand and/or Ms. Lujajohnson in formulating any declarations, affidavits, or statements you provided in connection with any litigation or arbitration involving Outliers, Thesis, Formula, or Dan Freed, including communications regarding the contents of such declarations.

3. Any communications, notes, outlines, or directions provided to you in formulating any declarations, affidavits, or statements Mr. Anand and/or Ms.

RULE 34 REQUESTS - 12
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

Lujajohnson provided in connection with any litigation or arbitration involving Outliers, Thesis, Formula, or Dan Freed, including communications regarding the contents of such declarations.

E. Change in Personnel at Outliers, Inc. dba Thesis

1. All documents and communications you received, created, or contributed to regarding the cessation of employment, departure, or role change of any executive, officer, or key employee of Outliers, Inc. (d/b/a Thesis), including but not limited to Katy Marshall (former Chief Operating Officer), Gabriel Marcial (former Chief Marketing Officer), and Dan Freed (now listed as Co-Founder rather than CEO and Co-Founder).

2. All documents and communications reflecting the reasons, circumstances, or company explanation for the change in Dan Freed's title from "CEO and Co-Founder" to "Co-Founder," including any internal or external communications relating to his current role, status, or ongoing involvement in Outliers, Inc. (d/b/a Thesis).

3. All communications sent to or from you in your capacity as an equity holder, advisor, or participant in any shareholder or governance communications regarding the departure or role change of Katy Marshall, Gabriel Marcial, or Dan Freed, including any company efforts to inform or reassure investors, stakeholders, or advisors about the significance or impact of such departures.

4. All drafts or final versions of internal or external communications (including investor updates, Slack messages, emails, newsletters, or memos) that you received, reviewed, contributed to, or were otherwise aware of concerning leadership transitions involving Katy Marshall, Gabriel Marcial, or Dan Freed.

DATED this 1st day of April, 2025.

ATTORNEYS FOR PLAINTIFFS

_/s/ Jocelyn C. Stewart_____
**Jocelyn C. Stewart** WSBA No. 58100
**Law Office of Jocelyn C Stewart, Corp.**
1200 Pacific Ave. # 600
Tacoma, WA 98402
Phone: (253) 212-6940

RULE 34 REQUESTS - 13
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

1  Email: jocelyn@ucmj-defender.com
   Email: jen@ucmj-defender.com
2

3
   _/s/ Talis M. Abolins_____
4  **Talis M. Abolins** WSBA No. 21222
   **mctlaw**
5  1325 4th Ave. # 1730
   Seattle, WA 98101
6  Phone: (206) 487-7371
   Email: tabolins@mctlaw.com
7

RULE 34 REQUESTS - 14         **Law Office of Jocelyn C Stewart, Corp.**
No. 3:24-cv-05808-TMC              1201 Pacific Avenue, Ste 600
                                        Tacoma, WA 98407
                                      Phone: (253) 317-8494