# EXHIBIT 18

Hon. Tiffany M. Cartwright

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOANN LEDOUX,<br><br>        Plaintiff,<br><br>   v.<br><br>OUTLIERS, INC., DANIEL FREED, MATT RUBIN, BRAND NUTRACEUTICALS, INC., BRAND PACKAGING GROUP, INC., and JOHN AND JANE DOES 1–5,<br><br>        Defendants. | CASE NO. 3:24-cv-5808-TMC<br><br>**THESIS DEFENDANTS' RESPONSES AND OBJECTIONS TO LEDOUX'S SECOND SET OF REQUESTS FOR PRODUCTION** |

Defendants Outliers, Inc. ("Thesis"), Daniel Freed, and Matt Rubin (collectively, the "Thesis Defendants") submit the following responses and objections to Plaintiff Joann LeDoux's Second Set of "Rule 34 Requests" served on March 24, 2025. These responses are brought subject to and without waiver of the Motion to Dismiss as it pertains to the lack of personal jurisdiction over Freed and Rubin.

### INSTRUCTIONS

The Thesis Defendants object to these instructions to the extent they are inconsistent with the Federal Rules of Civil Procedure. For example, Instructions 4 and 6 refer to "Discovery Guideline[s]" that do not appear to be contained in the Federal Rules of Civil Procedure, the Western District of Washington's Local Rules, Judge Cartwright's Chambers Procedures, or an

RESPONSE TO REQUESTS FOR PRODUCTION - 1
No. 3:24-cv-508-TMC

Murphy Ball Stratton LLP
1001 Fannin Street, Suite 720
Houston, Texas 77002
(571) 525-4818

applicable court order. Instruction 4 also exceeds the requirements of the Federal Rules of Civil Procedure by commanding that:

> For electronically stored information, a privilege log (in searchable and sortable form, such as a spreadsheet, matrix, or table) generated by litigation review software, containing metadata fields that generally correspond to the above paragraph is permissible, provided that it also discloses whether transmitting, attached or subsidiary ("parent-child") documents exist and whether those documents have been produced or withheld.

Further, Instruction 5 exceeds the requirements of the Federal Rules of Civil Procedure by commanding that when a "document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration."

## DEFINITIONS

The Thesis Defendants object to these definitions to the extent they are inconsistent with the Federal Rules of Civil Procedure. For example, Definition 4 exceeds the requirements of the Federal Rules of Civil Procedure by commanding that electronically stored information be produced in a certain form and placed in a particular Dropbox folder.

The Thesis Defendants object to Definition 5 as unintelligible.

## MANNER OF RESPONSES

The Thesis Defendants object to these "Manner of Responses" to the extent they are inconsistent with the Federal Rules of Civil Procedure. For example, subparts D and E exceed the requirements of the Federal Rules of Civil Procedure by commanding that electronically stored information be produced in a certain form and placed in a particular Dropbox folder.

RESPONSE TO REQUESTS FOR PRODUCTION - 2
No. 3:24-cv-508-TMC

MURPHY BALL STRATTON LLP
1001 Fannin Street, Suite 720
Houston, Texas 77002
(571) 525-4818

# REQUESTS

A. <u>Employment and Payroll Records</u>

**Response:** The Thesis Defendants object to this request as moot in light of the fact that no motion to compel arbitration is pending. The Thesis Defendants object to this request because no arbitration issues are before the Court and, thus, the information sought is not reasonably calculated to lead to the discovery of admissible evidence. For the same reason, the information sought is not relevant, not proportional to the needs of the case, and overbroad.

Moreover, the Thesis Defendants object to the request for employment and payroll records as irrelevant to arbitrability, which concerned the presentation and acceptance of the Terms and Conditions during Plaintiff's 2021 transactions, not personnel matters. Further, this request is overbroad and unduly burdensome, seeking "all" records, including irrelevant personal data like photographs and correspondence, without appropriate topical limitations. For the same reasons, the Thesis Defendants object to this request as disproportionate to the case's needs under Federal Rule of Civil Procedure 26(b)(1). This request also seeks sensitive personal information such as unredacted Social Security numbers, which do not bear on disputed issues of fact. The inclusion of this request among over 100 requests for production evidences an intent to harass. Consistent with their prior correspondence, the Thesis Defendants object on the grounds that the discovery permitted by court order and applicable caselaw was "limited," (Dkt. 78), and should have been accomplished with a new and more focused set of requests for production.

B. <u>Carthook, Inc. Records</u>

**Response:** The Thesis Defendants object to this request as moot in light of the fact that no motion to compel arbitration is pending. The Thesis Defendants object to this request because no

RESPONSE TO REQUESTS FOR PRODUCTION - 3
No. 3:24-cv-508-TMC

MURPHY BALL STRATTON LLP
1001 Fannin Street, Suite 720
Houston, Texas 77002
(571) 525-4818

arbitration issues are before the Court and, thus, the information sought is not reasonably calculated to lead to the discovery of admissible evidence. For the same reason, the information sought is not relevant, not proportional to the needs of the case, and overbroad.

Moreover, the Thesis Defendants object to the request for Carthook records as overbroad and unduly burdensome, seeking "all" contracts, communications, and technical data without appropriate topical limitations. Further, documents outside 2021 (e.g., "from inception to present") are irrelevant, as Plaintiff's transactions occurred in 2021. For the same reasons, the Thesis Defendants object to this request as disproportionate to the case's needs under Federal Rule of Civil Procedure 26(b)(1). This request also seeks records held by third-party Carthook which are not in the Thesis Defendants' control. The inclusion of this request among over 100 requests for production evidences an intent to harass. Consistent with their prior correspondence, the Thesis Defendants object on the grounds that the discovery permitted by court order and applicable caselaw was "limited," (Dkt. 78), and should have been accomplished with a new and more focused set of requests for production.

C. Go Daddy, Inc. Records

**Response:** The Thesis Defendants object to this request as moot in light of the fact that no motion to compel arbitration is pending. The Thesis Defendants object to this request because no arbitration issues are before the Court and, thus, the information sought is not reasonably calculated to lead to the discovery of admissible evidence. For the same reason, the information sought is not relevant, not proportional to the needs of the case, and overbroad.

The Thesis Defendants also object to the request for GoDaddy records as irrelevant to arbitrability, as domain registration and hosting do not bear on the checkout process or Terms and

RESPONSE TO REQUESTS FOR PRODUCTION - 4
No. 3:24-cv-508-TMC

MURPHY BALL STRATTON LLP
1001 Fannin Street, Suite 720
Houston, Texas 77002
(571) 525-4818

Conditions presented in 2021. Further, this request is overbroad and unduly burdensome, seeking "all" or "any" records without appropriate topical limitations. For the same reasons, the Thesis Defendants object to this request as disproportionate to the case's needs under Federal Rule of Civil Procedure 26(b)(1). This request also seeks records held by third-party GoDaddy which are not in the Thesis Defendants' control. The inclusion of this request among over 100 requests for production evidences an intent to harass. Consistent with their prior correspondence, the Thesis Defendants object on the grounds that the discovery permitted by court order and applicable caselaw was "limited," (Dkt. 78), and should have been accomplished with a new and more focused set of requests for production.

D. Amazon Web Services, Inc. Records

**Response:** The Thesis Defendants object to this request as moot in light of the fact that no motion to compel arbitration is pending. The Thesis Defendants object to this request because no arbitration issues are before the Court and, thus, the information sought is not reasonably calculated to lead to the discovery of admissible evidence. For the same reason, the information sought is not relevant, not proportional to the needs of the case, and overbroad.

The Thesis Defendants also object to the request for Amazon Web Services records as irrelevant to arbitrability, as domain registration and hosting do not bear on the checkout process or Terms and Conditions presented in 2021. Further, the Thesis Defendants object to the request for AWS records as overbroad and unduly burdensome, seeking "all" hosting records and backups without appropriate topical limitations. Further, documents outside 2021 (e.g., 2022-2023) are irrelevant, as Plaintiff's transactions occurred in 2021. For the same reasons, the Thesis Defendants object to this request as disproportionate to the case's needs under Federal Rule of Civil Procedure

RESPONSE TO REQUESTS FOR PRODUCTION - 5
No. 3:24-cv-508-TMC

MURPHY BALL STRATTON LLP
1001 Fannin Street, Suite 720
Houston, Texas 77002
(571) 525-4818

26(b)(1). This request also seeks records held by third-party AWS which are not in the Thesis Defendants' control. The inclusion of this request among over 100 requests for production evidences an intent to harass. Consistent with their prior correspondence, the Thesis Defendants object on the grounds that the discovery permitted by court order and applicable caselaw was "limited," (Dkt. 78), and should have been accomplished with a new and more focused set of requests for production.

E. Shopify, Inc. Records

**Response:** The Thesis Defendants object to this request as moot in light of the fact that no motion to compel arbitration is pending. The Thesis Defendants object to this request because no arbitration issues are before the Court and, thus, the information sought is not reasonably calculated to lead to the discovery of admissible evidence. For the same reason, the information sought is not relevant, not proportional to the needs of the case, and overbroad.

The Thesis Defendants also object to the request for Shopify records as overbroad and unduly burdensome, repeatedly seeking "all" or "any" records without appropriate topical limitations. Further, documents outside 2021 (e.g., 2022-2023) are irrelevant, as Plaintiff's transactions occurred in 2021. For the same reasons, the Thesis Defendants object to this request as disproportionate to the case's needs under Federal Rule of Civil Procedure 26(b)(1). This request also seeks records held by third-party Shopify which are not in the Thesis Defendants' control. The inclusion of this request among over 100 requests for production evidences an intent to harass. Consistent with their prior correspondence, the Thesis Defendants object on the grounds that the discovery permitted by court order and applicable caselaw was "limited," (Dkt. 78), and should have been accomplished with a new and more focused set of requests for production.

RESPONSE TO REQUESTS FOR PRODUCTION - 6
No. 3:24-cv-508-TMC

MURPHY BALL STRATTON LLP
1001 Fannin Street, Suite 720
Houston, Texas 77002
(571) 525-4818

F. Internal Server Backups by Outliers, Inc.

**Response:** The Thesis Defendants object to this request as moot in light of the fact that no motion to compel arbitration is pending. The Thesis Defendants object to this request because no arbitration issues are before the Court and, thus, the information sought is not reasonably calculated to lead to the discovery of admissible evidence. For the same reason, the information sought is not relevant, not proportional to the needs of the case, and overbroad.

The Thesis Defendants also object to the request for internal server backups as overbroad and unduly burdensome, repeatedly seeking "all" or "any" records without appropriate topical limitations. Further, documents outside 2021 (e.g., 2022-2023) are irrelevant, as Plaintiff's transactions occurred in 2021. For the same reasons, the Thesis Defendants object to this request as disproportionate to the case's needs under Federal Rule of Civil Procedure 26(b)(1). This request also seeks sensitive proprietary information which is irrelevant to this case. The inclusion of this request among over 100 requests for production evidences an intent to harass. Consistent with their prior correspondence, the Thesis Defendants object on the grounds that the discovery permitted by court order and applicable caselaw was "limited," (Dkt. 78), and should have been accomplished with a new and more focused set of requests for production.

G. Copies of all archived versions, codebases, deployment logs, and website backups related to findmyformula.com and takethesis.com from January 1, 2021 to December 31, 2021.

**Response:** The Thesis Defendants object to this request as moot in light of the fact that no motion to compel arbitration is pending. The Thesis Defendants object to this request because no arbitration issues are before the Court and, thus, the information sought is not reasonably

RESPONSE TO REQUESTS FOR PRODUCTION - 7
No. 3:24-cv-508-TMC

Murphy Ball Stratton LLP
1001 Fannin Street, Suite 720
Houston, Texas 77002
(571) 525-4818

calculated to lead to the discovery of admissible evidence. For the same reason, the information sought is not relevant, not proportional to the needs of the case, and overbroad.

The Thesis Defendants also object to the request for archived versions and codebases as overbroad and unduly burdensome, seeking "all" records related to the Thesis Defendants' websites without limiting the inquiry to the relevant checkout page. For the same reasons, the Thesis Defendants object to this request as disproportionate to the case's needs under Federal Rule of Civil Procedure 26(b)(1). Further, the Thesis Defendants object that this request does not except sensitive proprietary information. The inclusion of this request among over 100 requests for production evidences an intent to harass. Consistent with their prior correspondence, the Thesis Defendants object on the grounds that the discovery permitted by court order and applicable caselaw was "limited," (Dkt. 78), and should have been accomplished with a new and more focused set of requests for production.

H. All documents, communications, or directives related to the inclusion, modification, or removal of any Terms and Conditions checkbox or arbitration language on any checkout page.

**Response:** The Thesis Defendants object to this request as moot in light of the fact that no motion to compel arbitration is pending. The Thesis Defendants object to this request because no arbitration issues are before the Court and, thus, the information sought is not reasonably calculated to lead to the discovery of admissible evidence. For the same reason, the information sought is not relevant, not proportional to the needs of the case, and overbroad.

The Thesis Defendants also object to the request for Terms and Conditions documents as overbroad and unduly burdensome. "All" records related to the Terms and Conditions checkbox are not relevant to this case—only those records that make it more or less likely that LeDoux made

RESPONSE TO REQUESTS FOR PRODUCTION - 8
No. 3:24-cv-508-TMC

MURPHY BALL STRATTON LLP
1001 Fannin Street, Suite 720
Houston, Texas 77002
(571) 525-4818

a legally binding agreement to arbitrate her claims. Further, documents outside 2021 are irrelevant, as Plaintiff's transactions occurred in 2021. For the same reasons, the Thesis Defendants object to this request as disproportionate to the case's needs under Federal Rule of Civil Procedure 26(b)(1). This request also seeks sensitive privileged communications which risks confidentiality violations in addition to being irrelevant to this case. The inclusion of this request among over 100 requests for production evidences an intent to harass. Consistent with their prior correspondence, the Thesis Defendants object on the grounds that the discovery permitted by court order and applicable caselaw was "limited," (Dkt. 78), and should have been accomplished with a new and more focused set of requests for production.

<u>I. Logs, correspondence, or internal records related to the use of Carthook or any third party payment processor, including any checkout flow logic or UI functionality governing purchases.</u>

**Response:** The Thesis Defendants object to this request as moot in light of the fact that no motion to compel arbitration is pending. The Thesis Defendants object to this request because no arbitration issues are before the Court and, thus, the information sought is not reasonably calculated to lead to the discovery of admissible evidence. For the same reason, the information sought is not relevant, not proportional to the needs of the case, and overbroad.

The Thesis Defendants also object to the request for payment processor records as overbroad and unduly burdensome. Records related to the use of Carthook are not necessarily relevant to this case—only those that make it more or less likely that LeDoux made a legally binding agreement to arbitrate her claims. Further, documents outside 2021 are irrelevant, as Plaintiff's transactions occurred in 2021. For the same reasons, the Thesis Defendants object to this request as disproportionate to the case's needs under Federal Rule of Civil Procedure 26(b)(1).

RESPONSE TO REQUESTS FOR PRODUCTION - 9
No. 3:24-cv-508-TMC

MURPHY BALL STRATTON LLP
1001 Fannin Street, Suite 720
Houston, Texas 77002
(571) 525-4818

This request also seeks records held by third-party Carthook which are not in the Thesis Defendants' control. The inclusion of this request among over 100 requests for production evidences an intent to harass. Consistent with their prior correspondence, the Thesis Defendants object on the grounds that the discovery permitted by court order and applicable caselaw was "limited," (Dkt. 78), and should have been accomplished with a new and more focused set of requests for production.

J. Documentation identifying the hosting provider(s) for findmyformula.com and takethesis.com during 2021-2022.

**Response:** The Thesis Defendants object to this request as moot in light of the fact that no motion to compel arbitration is pending. The Thesis Defendants object to this request because no arbitration issues are before the Court and, thus, the information sought is not reasonably calculated to lead to the discovery of admissible evidence. For the same reason, the information sought is not relevant, not proportional to the needs of the case, and overbroad.

The Thesis Defendants also object to the request for documents identifying their hosting provider(s) as irrelevant to arbitrability, as domain registration and hosting do not bear on the checkout process or Terms and Conditions presented in 2021. Further, documents outside 2021 (e.g., 2022) are irrelevant, as Plaintiff's transactions occurred in 2021. For the same reasons, the Thesis Defendants object to this request as disproportionate to the case's needs under Federal Rule of Civil Procedure 26(b)(1). The inclusion of this request among over 100 requests for production evidences an intent to harass. Consistent with their prior correspondence, the Thesis Defendants object on the grounds that the discovery permitted by court order and applicable caselaw was

RESPONSE TO REQUESTS FOR PRODUCTION - 10
No. 3:24-cv-508-TMC

MURPHY BALL STRATTON LLP
1001 Fannin Street, Suite 720
Houston, Texas 77002
(571) 525-4818

"limited," (Dkt. 78), and should have been accomplished with a new and more focused set of requests for production.

K. Records or screenshots of the purchase process in effect for consumers visiting findmyformula.com on or between February 1, 2021, and December 31, 2021.

**Response:** The Thesis Defendants object to this request as moot in light of the fact that no motion to compel arbitration is pending. The Thesis Defendants object to this request because no arbitration issues are before the Court and, thus, the information sought is not reasonably calculated to lead to the discovery of admissible evidence. For the same reason, the information sought is not relevant, not proportional to the needs of the case, and overbroad.

The Thesis Defendants also object that the inclusion of this request among over 100 requests for production evidences an intent to harass. Consistent with their prior correspondence, the Thesis Defendants object on the grounds that the discovery permitted by court order and applicable caselaw was "limited," (Dkt. 78), and should have been accomplished with a new and more focused set of requests for production.

L. Employment, contractor, or developer access records for Sameer Anand, including timeframes of administrative or development access to web infrastructure or codebases.

**Response:** The Thesis Defendants object to this request as moot in light of the fact that no motion to compel arbitration is pending. The Thesis Defendants object to this request because no arbitration issues are before the Court and, thus, the information sought is not reasonably calculated to lead to the discovery of admissible evidence. For the same reason, the information sought is not relevant, not proportional to the needs of the case, and overbroad.

RESPONSE TO REQUESTS FOR PRODUCTION - 11
No. 3:24-cv-508-TMC

MURPHY BALL STRATTON LLP
1001 Fannin Street, Suite 720
Houston, Texas 77002
(571) 525-4818

The Thesis Defendants also object to the request for employment, contractor, or development access records as irrelevant to arbitrability, which concerns the checkout process, not personnel information or access. Further, this request is overbroad and unduly burdensome, seeking records without appropriate topical limitations. For the same reasons, the Thesis Defendants object to this request as disproportionate to the case's needs under Federal Rule of Civil Procedure 26(b)(1). This request also seeks sensitive personal information which is irrelevant to disputed issues of fact. The inclusion of this request among over 100 requests for production evidences an intent to harass. Consistent with their prior correspondence, the Thesis Defendants object on the grounds that the discovery permitted by court order and applicable caselaw was "limited," (Dkt. 78), and should have been accomplished with a new and more focused set of requests for production.

Respectfully submitted,

MURPHY BALL STRATTON LLP

/s/ Rick Houghton
Rick Houghton (TX Bar No. 24121678)
(admitted *Pro Hac Vice*)
Michelle Stratton (TX Bar No. 24085606)
(admitted *Pro Hac Vice*)
Christian McGuire (OK Bar No. 35334)
(admitted *Pro Hac Vice*)
1001 Fannin Street, Suite 720
Houston, Texas 77002
Phone: (713) 594-9989
mstratton@mbssmartlaw.com
rhoughton@mbssmartlaw.com
cmcguire@mbssmartlaw.com

ARETE LAW GROUP PLLC

/s/ Jeremy E. Roller
Jeremy E. Roller (WSBA No. 32021)
600 University Street, Suite 2420

RESPONSE TO REQUESTS FOR PRODUCTION - 12
No. 3:24-cv-508-TMC

MURPHY BALL STRATTON LLP
1001 Fannin Street, Suite 720
Houston, Texas 77002
(571) 525-4818

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Seattle, Washington 98101
Phone: (206) 428-3250
jroller@aretelaw.com

*Attorneys for Defendants Outliers, Inc.,
Daniel Freed, and Matthew Rubin*

RESPONSE TO REQUESTS FOR PRODUCTION - 13
No. 3:24-cv-508-TMC

MURPHY BALL STRATTON LLP
1001 Fannin Street, Suite 720
Houston, Texas 77002
(571) 525-4818