# EXHIBIT 20

IN THE U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOANN LEDOUX, a single woman.<br><br>                            Plaintiff,<br>vs.<br><br>OUTLIERS, INC. (d/b/a THESIS, THESIS NOOTRPICS, FIND MY FORMULA, and FORMULA), a Delaware Corporation; DANIEL FREED, individually; MATT RUBIN, individually; BRAND NUTRACEUTICALS, INC. (d/b/a BRAND NUTRA), a New York Corporation; BRAND PACKAGING GROUP, INC. (d/b/a BRAND NUTRACEUTICALS), a New York Corporation; and John and Jane Does 1-5.<br><br>                            Defendants. | No. 3:24-cv-05808-TMC<br><br>**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION DIRECTED TO SAMEER ANAND** |

TO: **Sameer Anand**
       7 W. 21st Street, Apt. 4A
       New York, NY 10010

☒ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters.

| PLACE:<br><br>Via Zoom | DATE AND TIME:<br><br>TBD |
|---|---|
| SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION DIRECTED TO SAMEER ANAND - 1<br>No. 3:24-cv-05808-TMC | **Law Office of Jocelyn C Stewart, Corp.**<br>1201 Pacific Avenue, Ste 600<br>Tacoma, WA 98407<br>Phone: (253) 317-8494 |

☒ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing or sampling of the material:

**See attached Exhibit A.**

| PLACE: | DATE AND TIME: |
|---|---|
| Law Offices of Jocelyn C. Stewart, Corp.<br>1201 Pacific Avenue, Ste 600<br>Tacoma, WA 98407<br>Via email to: Jocelyn@ucmj-defender.com<br>cc: Jen@ucmj-defender.com; tabolins@mctlaw.com<br><br>*All addresses must be used for electronic service | May 18, 2025 at 10:00 a.m. PST |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to the subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

| ISSUING OFFICER'S SIGNATURE AND TITLE:<br><br>_/s/ Jocelyn C. Stewart_____<br>Jocelyn C. Stewart, WSBA No. 58100<br>Attorney for Plaintiff | DATE:<br><br>April 18, 2025 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br><br>Jocelyn C. Stewart<br>Law Office of Jocelyn C. Stewart, Corp.<br>1201 Pacific Avenue, Ste 600<br>Tacoma, WA 98407<br>Tel: (253) 317-8494<br>jocelyn@ucmj-defender.com | |

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

| SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION DIRECTED TO SAMEER ANAND - 2<br>No. 3:24-cv-05808-TMC | **Law Office of Jocelyn C Stewart, Corp.**<br>1201 Pacific Avenue, Ste 600<br>Tacoma, WA 98407<br>Phone: (253) 317-8494 |
|---|---|

**PROOF OF SERVICE**

I received this subpoena for Sameer Anand on _____ (date).

☐ I served the subpoena by delivering a copy to the named person as follows: _____

On _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

Printed Name and Title:

Server's Address:

Additional Information regarding attempted service, etc.

SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION DIRECTED TO SAMEER ANAND - 3
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**
**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**
**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.*
If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself
privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION DIRECTED TO SAMEER ANAND - 5
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

# EXHIBIT A

1. Copies of all employment records and human resource records, including but not limited to personnel records, training records, notes, reports, memoranda, studies, examination and test results, performance evaluations, attendance records, employment contracts, payroll records, per diem payment records, performance or other bonus records, check stubs, W-2 forms, W-9 forms, 1099 forms, any documents relating to fringe benefits, healthcare stipends, short and long term disability insurance, disability accommodations, FMLA, sick and other leave records, payroll records, pay stubs, photographs, awards and accommodations, and correspondence. Dates for these records should be consistent with the affidavit begin in advance of July 2021 employment and extend to the present.
2. Unredacted Record(s) that includes Full Social Security number for issuance of subpoenas to Internal Revenue Service, for verification of pay, bonuses, W-2 forms, W-9 forms, 1099 forms, healthcare stipends, et al.
3. All documents reflecting any grant, offer, or receipt of equity, stock options, profit interest units, or other ownership interests in Outliers, Inc. (d/b/a Thesis), or its predecessor organizations, including but not limited to: offer letters, equity agreements or vesting schedules, communications referencing ownership or incentive-based compensation, and any documents reflecting your percentage ownership or value of your interest.
4. All documents reflecting any grant, offer, issuance, or award of equity, stock options, profit interest units, or other ownership interests in Outliers, Inc. (d/b/a Thesis), whether as part of your original employment, subsequent reclassification as an independent contractor, or at any other time during your affiliation with the company.
5. All documents and communications reflecting the terms, structure, or value of any equity or ownership interests you were offered or granted, including but not limited to offer letters, employment agreements, contractor agreements, equity agreements, vesting schedules, or amendments to any of the foregoing.
6. All communications regarding your eligibility for, entitlement to, or receipt of equity, ownership, or incentive compensation from Outliers, Inc. (d/b/a Thesis), or any of its predecessor companies, e.g. Formula, including any negotiations or renegotiations of such terms at the time of hire, during employment, upon transition to contractor status, or at any other time.
7. All documents reflecting any financial or reputational incentives provided or promised to you for submitting any affidavit or declaration in connection with a legal proceeding involving Outliers, Thesis, Formula, or Dan Freed.
8. Any drafts, versions, or communications relating to any declarations, affidavits, or statements you provided in connection with any litigation or arbitration involving Outliers, Thesis, Formula, or Dan Freed, including communications regarding the contents of such declarations.
9. Any drafts, versions, or communications provided to you to assist you in formulating any declarations, affidavits, or statements you provided in connection with any litigation or arbitration involving Outliers, Thesis, Formula, or Dan Freed, including communications regarding the contents of such declarations.
10. Any communications, notes, outlines, or directions provided to you in formulating any

SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION DIRECTED TO SAMEER ANAND - 6
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

declarations, affidavits, or statements you provided in connection with any litigation or arbitration involving Outliers, Thesis, Formula, or Dan Freed, including communications regarding the contents of such declarations.

11. All documents reflecting access granted to you or your representatives to Carta (or other equivalent equity tracking software), and any communications or reports you obtained or received from those systems between January 2020 to present.
12. Any communications with Dan Freed or Outliers, Thesis, or Formula representatives regarding your inclusion in the capitalization ("cap") table or any changes thereto between January 2020, to present.
13. Any documents provided to you showing or summarizing the cap table of Outliers, Inc. (d/b/a Thesis), including screenshots or reports from Carta or any other equity management platform.
14. All communications between you and Dan Freed, or any officer, director, or employee of Outliers, Thesis, and/or Formula, regarding compensation, equity, or any other incentive for your continued loyalty, participation, or silence in relation to any litigation, arbitration, or internal investigation.
15. All communications between you and Dan Freed, or any officer, director, or employee of Outliers, Thesis, and/or Formula, regarding your role as "advisor" to Thesis.
16. All documents reflecting any additional or renegotiated grant, offer, or receipt of equity, stock options, profit interest units, other ownership interests in Outliers, Inc. (d/b/a Thesis), or its predecessor organizations, or any other value conveyed, promised, or implied, in exchange for your role as "advisor" to Thesis.
17. All documents reflecting any appointment, nomination, or service by you as a member of the board of directors, advisory board, or any governance body of Outliers, Inc. (d/b/a Thesis), whether formal or informal.
18. All communications concerning your potential or actual role as a board member or advisor to Outliers, Inc. (d/b/a Thesis), including communications with Dan Freed or any officer, employee, investor, or representative of the company.
19. All documents reflecting responsibilities, duties, or expectations communicated to you in connection with any board, advisory, or governance role at Outliers, Inc. (d/b/a Thesis), whether in writing or through electronic communications.
20. All agendas, minutes, resolutions, or materials you received in connection with any board or governance meetings, whether or not you formally served as a director at the time.
21. Please produce the following documents and communications concerning changes in leadership or personnel at Outliers, Inc. (d/b/a Thesis):
    a. All documents and communications you received, created, or contributed to regarding the cessation of employment, departure, or role change of any executive, officer, or key employee of Outliers, Inc. (d/b/a Thesis), including but not limited to Katy Marshall (former Chief Operating Officer), Gabriel Marcial (former Chief Marketing Officer), and Dan Freed (now listed as Co-Founder rather than CEO and Co-Founder).
    b. All documents and communications reflecting the reasons, circumstances, or company explanation for the change in Dan Freed's title from "CEO and Co-Founder" to "Co-Founder," including any internal or external communications relating to his current role, status, or ongoing involvement in Outliers, Inc. (d/b/a

SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION DIRECTED TO SAMEER ANAND - 7
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

Thesis).
c. All communications sent to or from you in your capacity as an equity holder, advisor, or participant in any shareholder or governance communications regarding the departure or role change of Katy Marshall, Gabriel Marcial, or Dan Freed, including any company efforts to inform or reassure investors, stakeholders, or advisors about the significance or impact of such departures.
d. All drafts or final versions of internal or external communications (including investor updates, Slack messages, emails, newsletters, or memos) that you received, reviewed, contributed to, or were otherwise aware of concerning leadership transitions involving Katy Marshall, Gabriel Marcial, or Dan Freed.

22. All documents and communications you received, reviewed, or were copied on relating to any capital raise, investment, or financing event involving Outliers, Inc. (d/b/a Thesis), including but not limited to investments from angel investors, venture capital firms, private equity, or strategic investors.
23. All documents reflecting updates to the capitalization table (cap table) of Outliers, Inc. (d/b/a Thesis), including but not limited to reports generated from Carta or any other equity management system, that you received, accessed, or reviewed.
24. All communications sent to you, or to any group of shareholders or advisors of which you were a part, notifying you of new investments, funding rounds, changes in company valuation, or issuance of new shares, equity interests, or securities.
25. All documents or communications authored, reviewed, or contributed to by you in connection with investor updates, shareholder communications, or internal summaries related to fundraising events, investment milestones, or company valuation changes.

SUBPOENA TO TESTIFY AT A DEPOSITION
IN A CIVIL ACTION DIRECTED TO SAMEER
ANAND - 8
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused true and correct copies of the foregoing document to be served upon the following, at the addresses stated below, via electronic transmission.

| | |
|---|---|
| Jeremy E. Roller, Esq.<br>Arete Law Group<br>600 University St., Ste 2420<br>Seattle, WA 98101-129<br><br>jroller@aretelaw.com<br>jfischer@aretelaw.com<br>kgreenberg@aretelaw.com | *Attorneys for Defendants Outliers, Inc., Matt Rubin, and Daniel Freed* |
| Richard D. Houghton, *Pro Hac Vice*<br>Michelle Stratton, *Pro Hac Vice*<br>Christian McGuire, *Pro Hac Vice*<br>Murphy Ball Stratton, LLP<br>1001 Fannin, Ste 720<br>Houston, TX 77002<br><br>rhoughton@mbssmartlaw.com<br>qmurphy@mbssmartlaw.com<br>mstratton@mbssmartlaw.com<br>cmcguire@mbssmartlaw.com<br>christianm.mcguire@gmail.com | *Attorneys for Defendants Outliers, Inc., Matt Rubin, and Daniel Freed* |
| Christian McGuire, *Pro Hac Vice*<br>Murphy Ball Stratton, LLP<br>2219 E. 11th Street, Apt. 129<br>Tulsa, OK 74104<br><br>cmcguire@mbssmartlaw.com<br>christianm.mcguire@gmail.com | *Attorneys for Defendants Outliers, Inc., Matt Rubin, and Daniel Freed* |
| Laurie M. Friedl, Esq.<br>Kevin J. Craig, Esq.<br>Gordon Rees Scully Mansukhani, LLP<br>701 Fifth Avenue, Ste 2100<br>Seattle, WA 98104<br><br>lfriedl@grsm.com<br>kcraig@grsm.com<br>Seaasbestos@grsm.com | *Attorneys for Defendants Brand Nutraceuticals, and Brand Packaging Group, Inc.* |

| | |
|---|---|
| SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION DIRECTED TO SAMEER ANAND - 9<br>No. 3:24-cv-05808-TMC | **Law Office of Jocelyn C Stewart, Corp.**<br>1201 Pacific Avenue, Ste 600<br>Tacoma, WA 98407<br>Phone: (253) 317-8494 |

| | |
|---|---|
| Joshua N. Severit, *Pro Hac Vice* <br> David J. Fisher, *Pro Hac Vice* <br> Manning Gross + Massenburg, LLP <br> 1405 N. Green Mount Road, Ste 400 <br> O'Fallon, IL 62269 <br><br> jseverit@mgmlaw.com <br> dfisher@mgmlaw.com <br> mweilmuenster@mgmlaw.com | *Attorneys for Defendants Brand Nutraceuticals, and Brand Packaging Group, Inc.* |
| Daniel R. Olsen, *Pro Hac Vice* <br> Manning Gross + Massenburg, LLP <br> 100 Pringle Avenue, Ste 750 <br> Walnut Creek, CA 94596 <br><br> dolsen@mgmlaw.com <br> Olsen_law@comcast.net | *Attorneys for Defendants Brand Nutraceuticals, and Brand Packaging Group, Inc.* |

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Executed on April 8, 2025 in Monroe, Washington.

*Jen L. Bassetti*

Jen L. Bassetti, Litigation Paralegal

---

SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION DIRECTED TO SAMEER ANAND - 10
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494