# EXHIBIT 24

HONORABLE TIFFANY M. CARTWRIGHT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
at TACOMA

| | |
|---|---|
| JOANN LEDOUX, a single woman.,<br><br>Plaintiffs,<br><br>vs.<br><br>OUTLIERS, INC. (d/b/a THESIS, THESIS NOOTRPICS, FIND MY FORMULA, and FORMULA) a Delaware Corporation; DANIEL FREED, individually; MATT RUBIN, individually; BRAND NUTRACEUTICALS, INC. (d/b/a BRAND NUTRA), a New York Corporation; BRAND PACKAGING GROUP, INC. (d/b/a BRAND NUTRACEUTICALS), a New York Corporation; and John and Jane Does 1-5.<br><br>Defendants. | NO. 3:24-cv-05808-TMC<br><br>**DEFENDANTS NOTICE OF JOINDER IN THESIS DEFENDANTS' SECOND MOTION TO COMPEL ARBITRATION.** |

TO: THE CLERK OF THE COURT.

AND TO: ALL PARTIES AND THEIR COUNSEL OF RECORD.

PLEASE TAKE NOTICE that Defendants Brand Nutraceuticals, Inc., and Brand Packaging Group, Inc. (hereinafter "BRAND"), hereby submit this Notice of Joinder in Outliers, Inc.'s (d/b/a Thesis, Thesis Nootropics, Find My Formula, and Formula, hereinafter collectively referred to as "THESIS") Second Motion to Compel Arbitration [Docket Entry #58] (hereinafter "MTC") pursuant to RCW 7.04A100, and in support therefore, state as follows:

1

DEFENDANTS NOTICE OF JOINDER IN THESIS DEFENDANTS' SECOND MOTION TO COMPEL
ARBITRATION.

## I. **Introduction**:

Plaintiff's First Amended Complaint (hereinafter "FAC") alleges that between approximately March 18, 2021, through late September or early October 2021, while serving as an Army Nurse and Certified Registered Nurse Anesthetist at Joint Base Lewis-McChord ("JBLM") in Pierce County, Washington, she purchased and received nootropic nutritional supplements through a subscription service with Defendant OUTLIERS, INC., doing business as THESIS NOOTROPICS (hereinafter "THESIS"), a Delaware Corporation, with a principal place of business in New York, New York. Plaintiff further alleges that the BRAND defendants are nutritional supplement manufacturers, packagers, and sellers directly involved in producing and packaging the nootropic supplements and the product at issue.

Plaintiff's FAC also continues to allege that on or about August 16, 2021, she submitted a sample of her urine as part of a unit drug screen, which tested positive for the presence of amphetamines. Plaintiff attributes the presence of amphetamines in her urine, specifically Adderall®, to the consumption of the Defendants' nootropic supplements. Plaintiff contends that the THESIS and BRAND Defendants profited from unfair and deceptive business practices by manufacturing, distributing, selling, and/or validating dangerous nootropic supplements that are laced with, contaminated by, or adulterated with Adderall® and other undisclosed ingredients in products sold to Washington residents, including Plaintiff. Thus, the claims against THESIS and BRAND arise from the same questions of law and fact regarding the alleged adulteration and/or contamination of the Defendants' nootropic supplements. Additionally, the issues raised by the FAC will involve the same witnesses, testimony and evidence regarding the origin and scope of the Plaintiff's allegations, as well as the Defendants' development, manufacture, packaging and sale of the nootropic supplements at issue in this case. Given the inexorably intertwined nature of the allegations, common operative facts and evidence placed at issue by the FAC, the continued

consolidation of the Plaintiff's claims and the Defendants' participation in discovery will serve to advance the administration of justice, promote judicial economy, and prevent inconsistent results.

As the Court is aware, on March 18, 2025, the THESIS Defendants filed their Second Motion to Compel Arbitration, at Docket Entry #58, based on a binding arbitration agreement with Plaintiff that was purportedly contained within the "use" of THESIS's "Websites" and "Services" agreement, as well as through the purchases of THESIS's products which "constitute a binding written agreement" between THESIS and its customers. *See* the Declaration of Daniel Freed, Dkt. #58, Ex. A at 1. While BRAND did not sell the nootropic supplements directly to Plaintiff, the product at issue was manufactured, labelled, and packaged by BRAND for sale by THESIS. Thus, Plaintiff's FAC allegations regarding the manufacture, packaging and/or labeling directly implicates the work and services performed by BRAND. To the extent that BRAND's manufacturing, packaging, and/or labeling of the products for THESIS has been placed at issue in this case, it also directly impacts the terms and conditions of BRAND's agreement(s) with THESIS. Should the Court grant THESIS's MTC, the administration of justice and judicial economy should allow BRAND to participate in that arbitration to address and resolve the Plaintiff's claims arising from the same operative facts, evidence, and testimony placed at issue by the FAC.

## LEGAL ANALYSIS

**BRAND Should be Allowed to Invoke THESIS'S Arbitration Agreement**.

It has long been held that a "litigant who is not a party to an arbitration agreement may invoke arbitration under the FAA if the relevant state contract law allows the litigant to enforce the agreement." *See All for Kidz, Inc. v. Around the World Yoyo Entm't Co.*, 2014 WL 1870821, at *2 (W.D. Wash. May 8, 2014). Under Washington law, "employee defendants sued for acts within the scope of their employment may defensively invoke their employer's agreement to arbitrate disputes encompassing those acts." *Id*. This decision is also consistent with RCW 7.04A.100, which allows

Washington State courts to consolidate separate arbitration proceedings, where: (a) There are separate agreements to arbitrate or separate arbitration proceedings between the same persons or one of them is a party to a separate agreement to arbitrate or a separate arbitration proceeding with a third person; (b) The claims subject to the agreements to arbitrate arise in substantial part from the same transaction or series of related transactions; (c) The existence of a common issue of law or fact creates the possibility of conflicting decisions in the separate arbitration proceedings; and (d) Prejudice resulting from a failure to consolidate is not outweighed by the risk of undue delay or prejudice to the rights of or hardship to parties opposing consolidation. *Id*. In this case, the Plaintiff's claims against THESIS arise from "a separate agreement to arbitrate or a separate arbitration proceeding with a third person," and the claims in the FAC "arise in substantial part from the same transaction or series of related transactions," with Plaintiff. BRAND would also suffer prejudice from any inconsistent results at arbitration, based on the Arbitrator's separate adjudication of common issues of law and fact based on BRAND's work and services.

Ultimately, BRAND should be permitted to enforce the Arbitration provision between THESIS and Plaintiff, based on Washington State law referenced herein, which would preserve the reasonable administration of justice, ensure consistent results, and ensure judicial economy through BRAND's participation in the arbitration process. To the extent that the Court grants THESIS's MTC, to address and resolve Plaintiff's claims, BRAND should be permitted to participate in response to claims arising from the same operative facts and evidence placed at issue by the FAC.

WHEREFORE, with the premises considered, the BRAND Defendants respectfully request that based on the reasons stated herein and for all of the reasons asserted in THESIS's Second Motion to Compel Arbitration, that should the Court grant THESIS's MTC, it should stay this case and grant the BRAND Defendants the authority to enforce the arbitration provision consistent with

4
DEFENDANTS NOTICE OF JOINDER IN THESIS DEFENDANTS' SECOND MOTION TO COMPEL ARBITRATION.

the terms of THESIS's agreement with Plaintiff, and for such other and further relief as the Court deems just.

I certify that this memorandum contains 1275 words, in compliance with the Local Civil Rules.

Dated: March 25, 2025.       GORDON REES SCULLY MANSUKHANI, LLP

By: *s/ Kevin J. Craig*
Kevin J. Craig, WSBA No. 29932
kcraig@grsm.com

By: *s/ Laurie Friedl*
Laurie Friedl, WSBA No. 35598
lfriedl@grsm.com

Attorneys for Defendant Brand Nutraceuticals, Inc. and Brand Packaging Group, Inc.
Gordon Rees Scully Mansukhani, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Seaasbestos@grsm.com
Phone: (206) 695-5100
Fax: (206) 689-2822

Dated:  March 25, 2025.       MANNING GROSS & MASSENBURG LLP

By:   *s/ David J. Fisher*
David J. Fisher, WSBA No. 39219
dfisher@mgmlaw.com
Joshua Severit
jseverit@mgmlaw.com
Daniel R. Olsen, WSBA No. 59759
dolsen@mgmlaw.com
Attorneys for Defendant Brand Nutraceuticals, Inc. and Brand Packaging Group, Inc.
Manning Gross & Massenburg LLP
1405 N. Green Mount Road, Suite 400
O'Fallon, IL 62269
dfisher@mgmlaw.com

DEFENDANTS NOTICE OF JOINDER IN THESIS DEFENDANTS' SECOND MOTION TO COMPEL ARBITRATION.