# EXHIBIT 28

IN THE U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOANN LEDOUX, a single woman.<br><br>                            Plaintiff,<br>vs.<br><br>OUTLIERS, INC. (d/b/a THESIS, THESIS NOOTRPICS, FIND MY FORMULA, and FORMULA), a Delaware Corporation; DANIEL FREED, individually; MATT RUBIN, individually; BRAND NUTRACEUTICALS, INC. (d/b/a BRAND NUTRA), a New York Corporation; BRAND PACKAGING GROUP, INC. (d/b/a BRAND NUTRACEUTICALS), a New York Corporation; and John and Jane Does 1-5.<br><br>                            Defendants. | No. 3:24-cv-05808-TMC<br><br>**PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANTS' OUTLIERS, INC., AND DANIEL FREED, INDIVIDUALLY, THESIS' COUNSEL, JEREMY ROLLER AND THESIS' FORMER COUNSEL, STUART KAPLAN** |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

PLAINTIFF'S MOTION FOR SANCTIONS - i
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

## TABLE OF CONTENTS

Page

TABLE OF CONTENTS ................................................................................................................ ii

TABLE OF AUTHORITIES ......................................................................................................... iii

    I.   PRAYER FOR RELIEF ................................................................................................. 1

    II.  BURDEN OF PROOF ................................................................................................... 1

    III. FACTS ........................................................................................................................... 2

         A.  Background ......................................................................................................... 2

         B.  First Motion to Dismiss – Compel Arbitration ................................................... 3

         C.  Second Motion to Dismiss – Compel Arbitration ............................................... 3

    IV. LEGAL ANALYSIS ....................................................................................................... 9

         A.  Plaintiff Has Demonstrated All Rule 11 Requirements to Warrant Sanctions .... 9

         B.  The Motions to Compel Arbitration are Factually Frivolous and Not Well Grounded in Fact ............................................................................................................... 10

         C.  Sanctions Under Local Rule 11(c)(3) Are Warranted for THESIS DEFENDANTS; Bad Faith A .................................................................................................... 11

    V.  REQUESTED RELIEF ................................................................................................. 13

PLAINTIFF'S MOTION FOR SANCTIONS - ii
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

# TABLE OF AUTHORITIES

**Cases**                                                                                     Page

*Bell v. Nat'l Credit Servs. Inc.*, No. 219CV01727RAJBAT, 2020 U.S. Dist.
    LEXIS 251899, 2020 WL 8832899, at *7 (W.D. Wash. Oct. 14, 2020) report
    and recommendation adopted, No. 219CV01727RAJBAT, 2021 U.S. Dist.
    LEXIS 46099, 2021 WL 928161 (W.D. Wash. Mar. 11, 2021) ............................... 11

*Bus. Guides Inc. v. Chromatic Commc'ns Enters. Inc.*, 892 F.2d
    802, 808 (9th Cir. 1989) (quoting Fed. R. Civ. P. 11)) ............................................ 11

*Business Guides, Inc. v. Chromatic Communications Enters., Inc.,* 498 U.S. 533 (1991) ...... 1

*In re Cal. Bail Bond Antitrust Litig.,* 511 F. Supp. 3d 1031, 1052 (N.D. Cal. 2021) ............ 10

*Christian v. Mattel, Inc.*, 286 F.3d 1118 (9th Cir. 2002) ..................................................... 1, 2

*Cooter & Gell v. Hartmanx Corp.*, 496 U.S. 384, 401, 405, 110 L. Ed.
    2d 359, 110 S. Ct. 2447 (1990) ................................................................................ 2

*Est. of Blas Through Chargualaf v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986)) ................ 11

*Havensight Cap. LLC v. Nike, Inc.*, 891 F.3d 1167, 1174 (9th Cir. 2018) ........................... 10

*Kenno v. Colorado's Governor's Off. of Info. Tech.*, 2021 U.S. Dist. LEXIS 121893,
    2021 WL 2682619, at *19 (D. Colo. June 30, 2021) ................................................ 12

*Larez v. Holcomb,* 16 F.3d 1513, 1522 (9th Cir. 1994) ........................................................ 10

*Multiscan Techs. USA, LLC v. Cohn,* 2024 U.S. Dist. LEXIS 211362 (W.D.
    Wash. Nov. 20, 2024) ................................................................................................ 12

*Operating Eng'rs Pension Trust v. A-C Co.,* 859 F.2d 1336, 1345 (9th Cir. 1988) .............. 10

*Warren*, 29 F.3d 1386, 1389 (9th Cir. 1994) ......................................................................... 10

*Zambrano v. City of Tustin*, 885 F.2d 1473, 1477 (9th Cir. 1989) ....................................... 11

**Federal Rules**

Fed. R. Civ. P. 11 ............................................................................................................ *passim*

## I.     PRAYER FOR RELIEF

COMES NOW the above-named plaintiff, by and through her attorneys of record, Jocelyn C. Stewart, of **Law Office of Jocelyn C Stewart, Corp**. and Talis Abolins of **mctlaw**; and moves this Honorable Court to impose sanctions against Thesis' Defendants, Mr. Daniel Freed, individually, and their counsel, Mr. Jeremy Roller, and Thesis' Defendants' former counsel, Mr. Stuart Kaplan, pursuant to Rule 11 of the Federal Rules of Civil Procedure.

## II.     BURDEN OF PROOF

Federal Rule of Civil Procedure 11 imposes an affirmative duty on attorneys and parties to ensure that all pleadings, motions, and other papers filed with the court are well-grounded in fact, legally tenable, and not filed for an improper purpose. Rule 11(b) requires that, prior to filing, counsel must conduct an inquiry reasonable under the circumstances to verify the factual and legal bases of their submissions.

The burden of proof rests with the moving party to demonstrate by a preponderance of the evidence that the opposing party violated Rule 11. *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 551 (1991). The standard for imposing sanctions is objective reasonableness — that is, whether a competent attorney, after reasonable inquiry, would have found the claim to be legally and factually unsupported at the time of filing. *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002). Although Rule 11 applies both to parties and their counsel, attorneys are held to a heightened standard of professional responsibility, requiring reasonable legal and factual inquiry before filing. *Business Guides, Inc.*, 498 U.S. at 551. Parties who personally sign declarations or pleadings likewise bear responsibility for ensuring the factual accuracy of their representations under an objective

PLAINTIFF'S MOTION FOR SANCTIONS - 1
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

reasonableness standard. Importantly, subjective good faith is not a defense under Rule 11; the inquiry focuses on whether the conduct was objectively reasonable under the circumstances.

An appellate court "review[s] the district court's decision to impose Rule 11 sanctions and the amount imposed for abuse of discretion. *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1126 (9th Cir. 2002), quoting *Cooter & Gell v. Hartmanx Corp.*, 496 U.S. 384, 401, 405, 110 L. Ed. 2d 359, 110 S. Ct. 2447 (1990). The district court's factual findings in support of the sanctions will not be disturbed on appeal unless the appellate court determines that they were "clearly erroneous." *Id*. at 386. The district court's legal findings must be affirmed unless they result from a "materially incorrect view of the relevant law." *Id*. at 402.

### III.  FACTS

#### A. Background

OUTLIERS, INC. d/b/a THESIS, THESIS NOOTRPICS, FIND MY FORMULA, and FORMULA, (hereafter "THESIS DEFENDANTS") sold a product to Plaintiff JOANN LEDOUX from their website for "Find My Formula" nootropic supplement kits (hereafter "Formula"). This is the product that THESIS DEFENDANTS marketed and shipped to Plaintiff between March and September of 2021 (hereafter "Formula Product"). Plaintiff, an Army major, was subject to random drug tests, and after consuming the Formula Product, tested positive for Amphetamines after submitting a urine sample on August 16, 2021.

After suffering substantial losses and emotional injuries, the Plaintiff filed this suit against the THESIS DEFENDANTS and the BRAND NUTRA DEFENDANTS.

/ / /

/ / /

/ / /

PLAINTIFF'S MOTION FOR SANCTIONS - 2
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

**B.  First Motion to Dismiss – Compel Arbitration**

On November 13, 2024, Defendants Outliers, Inc. (d/b/a Thesis), Daniel Freed, and Matt Rubin (collectively "Thesis Defendants") filed their first Motion to Compel Arbitration. (Dkt. No. 14).

In support of their first Motion to Compel Arbitration, THESIS DEFENDANTS submitted the sworn declaration of Daniel Freed, dated November 13, 2024. (Dkt. No. 15).

After Plaintiff filed our response, THESIS DEFENDANTS filed their Reply in support of the first Motion to Compel Arbitration on December 15, 2024. In support of their reply, THESIS DEFENDANTS filed a declaration from CartHook CEO, Ben Fisher, dated December 10, 2024. (Dkt. No. 29-1).

On February 18, 2025, this Court entered an Order denying the THESIS DEFENDANTS' first Motion to Compel Arbitration. (Dkt. No. 39).

**C.  Second Motion to Dismiss – Compel Arbitration**

On March 18, 2025, THESIS DEFENDANTS filed their Second Motion to Compel Arbitration. (Dkt. No. 58).

In support of their second Motion to Compel Arbitration, THESIS DEFENDANTS submitted sworn declarations from Daniel Freed (Dkt. No. 59) Maranda Lujajohnson (Dkt. No. 60), <u>and</u> Sameer Anand, dated March 18, 2025. Dkt. No. 61).

On March 24, 2025, Plaintiff served the Second Set of Rule 34 Requests for Production directed at the Thesis Defendants, including specific requests concerning Sameer Anand and Maranda Lujajohnson's employment records and compensation and requests related to CartHook, website archives and backups, HTML code, and matters directly concerning the contents of the checkout pages at issue. Plaintiff **Exhibit 1**.

PLAINTIFF'S MOTION FOR SANCTIONS - 3
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

1   On April 1, 2025, Plaintiff served the Third Set of Rule 34 Requests for Production directed at the Thesis Defendants, including specific requests pertaining to equity stake in Thesis for Sameer Anand and Maranda Lujajohnson. Plaintiff **Exhibit 2.**

On April 3, 2025, the Court held a Chambers hearing regarding pending discovery disputes. The THESIS DEFENDANTS asked the Court to stay all discovery pending case-dispositive motions. During this hearing, Plaintiff informed the Court and the parties that Plaintiff has a 22-page declaration from an expert that refutes the claims of Mr. Freed, Ms. Lujajohnson, and Mr. Anand about the CartHook checkout page at issue in the arbitration litigation. The Court did not stay discovery concerning, *inter alia*, the arbitration litigation; these matters relate to the declarations of Ms. Maranda Lujajohnson, Mr. Sameer Anand, Mr. Dan Freed, and Mr. Ben Fisher. (Dkt. No. 78).

In Mr. Freed's second declaration, dated March 18, 2025, he claimed he reviewed materials available on the Way Back Machine and that he personally approved the "terms and conditions." Mr. Freed did not state he reviewed any back-ups from the website's archives. (Dkt. No. 59).

In recent litigation with Recoop, LLC, Mr. Freed reviewed a video he created to obtain assistance from Google customer service known as the "Loom Video." Plaintiff **Exhibit 3**. This video is a screen-recording of his screen on January 22, 2020. In the video, Mr. Freed navigates to the CartHook checkout page, which demonstrates there is no required checkbox and there are no hyperlinked terms and conditions or medical waiver. Plaintiff **Exhibit 4**.

Plaintiff served a notice of intent to file Subpoenas on April 8, 2025, dated for service on April 18, 2025, to Affiants, Ms. Lujajohnson (Plaintiff **Exhibit 5**) and Mr. Anand (Plaintiff

PLAINTIFF'S MOTION FOR SANCTIONS - 4
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

**Exhibit 6**), through their counsel of record, Mr. Houghton, lead counsel for the THESIS DEFENDANTS.

Following the parties' April 3, 2025, Chambers hearing, on April 14, 2025, the Thesis Defendants requested a copy of a 22-page declaration prepared by Plaintiff's expert, Mr. Dustin Sanchez, which directly refuted the declarations of Mr. Freed, Mr. Fisher, Ms. Lujajohnson, and Mr. Anand. Plaintiff **Exhibit 7**.

Plaintiff submitted her first Request for Production on THESIS DEFENDANTS on March 3, 2025. The THESIS DEFENDANTS maneuvered to have the Chambers hearing on April 3, 2025, the last date on which they would have been required to respond to Plaintiff's first Request for Production. THESIS DEFENDANTS have not been required to respond to the Plaintiff's Request for Productions served on March 3, 2025, March 24, 2025, and April 1, 2025, except for the request for their initial disclosures. (Dkt. No. 39).

THESIS DEFENDANTS were required to respond to the Plaintiff's Second Set of Requests for Production on April 23, 2025. THESIS DEFENDANTS withdrew their Second Motion to Compel Arbitration on April 23, 2025. (Dkt. No. 86). THESIS DEFENDANTS responded to the Plaintiff's Second Set of Requests for Production on April 23, 2025, denying each request, asserting that each is essentially mooted by their withdrawal. Plaintiff **Exhibit 8**.

The HTML code for 2020 and 2021 CartHook checkout pages contains no checkbox and no hyperlinked terms and conditions or medical waiver. Plaintiff **Exhibit 9**. The evidence that Mr. Dustin Sanchez relied on in analyzing the CartHook checkout pages demonstrates the falsities of the declarations of Mr. Freed, Ms. Lujajohnson, and Mr. Anand. Plaintiff **Exhibit 10**. Mr. Sanchez performed this analysis after the filing of THESIS DEFENDANTS' second

PLAINTIFF'S MOTION FOR SANCTIONS - 5
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

motion to compel arbitration. This is the declaration referenced during the April 3, 2025, Chambers hearing.

Mr. Sanchez performed additional analysis upon receipt of the "Loom Video". Plaintiff **Exhibit 11**. The "Loom Video", created by Mr. Freed on January 22, 2020, and reviewed by Mr. Freed before he signed his declaration dated December 13, 2024, demonstrates he knew his declarations were false. Upon information and belief, Mr. Freed procured the false declarations of Ms. Lujajohnson and Mr. Anand, both of whom hold equity stake in Outliers, Inc. dba Thesis.

Mr. Houghton, counsel for THESIS DEFENDANTS, objected to the subpoenas for Ms. Lujajohnson and Mr. Anand. Mr. Houghton, counsel for THESIS DEFENDANTS, became counsel for Ms. Lujajohnson and Mr. Anand.

Plaintiff re-issued the subpoenas for Ms. Lujajohnson and Mr. Anand. Plaintiff **Exhibits 12, 13**.

Plaintiff requested on multiple occasions to schedule the depositions of Ms. Lujajohnson and Mr. Anand. Plaintiff **Exhibit 14**.

Despite meeting and conferring about discovery, Mr. Houghton refused to meet and confer about the depositions of Ms. Lujajohnson and Mr. Anand, stating they were non-parties. Plaintiff **Exhibit 15**. Mr. Houghton also stalled, feigning that he needed clarification about the scope of the depositions. Plaintiff **Exhibits 15, 16**.

Mr. Stuart Kaplan signed the first motion to compel arbitration on behalf of THESIS DEFENDANTS. (Dkt. No. 14). This filing included Mr. Freed's first false declaration. (Dkt. No. 15). Mr. Jeremy Roller also signed the motion.

PLAINTIFF'S MOTION FOR SANCTIONS - 6
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

On March 18, 2025, Mr. Rick Houghton and Mr. Jeremy Roller signed the second motion to compel arbitration on behalf of THESIS DEFENDANTS. (Dkt. No. 58).

On March 25, 2025, BRAND NUTRA DEFENDANTS joined THESIS DEFENDANTS' Motion to compel arbitration. (Dkt. No. 67).

Mr. Stuart Kaplan withdrew as counsel for THESIS DEFENDANTS on March 25, 2025. (Dkt. No. 68).

On April 23, 2025, the Thesis Defendants also withdrew their discovery request for Mr. Sanchez's 22-page declaration. Plaintiff **Exhibit 17**.

The THESIS DEFENDANTS have not withdrawn the first Motion to Compel Arbitration, nor have they withdrawn the declarations of Daniel Freed and Ben Fisher filed in support of that motion and reply to the Plaintiff's response. Those filings remain pending and reviewable on appeal.

The sworn declarations submitted by Defendant, Mr. Freed, and on behalf of THESIS DEFENDANTS, Mr. Fisher, Ms. Lujajohnson, and Mr. Anand, and relied upon by Defendants in seeking to compel arbitration, contained objectively false assertions regarding the existence of a required checkbox and hyperlinks at the time of Plaintiff's purchases on the FindMyFormula website.

Plaintiff has since procured and are now providing extensive documentary and technical evidence, including screenshots, website code, Wayback Machine captures, and expert declarations, refuting the THESIS DEFENDANTS' representations. Plaintiff **Exhibits 4, 9, 10**.

According to Mr. Freed's "Loom Video" he always keeps a backup of his websites. This would seem to include the archived CartHook checkout page.

PLAINTIFF'S MOTION FOR SANCTIONS - 7
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

1    According to Mr. Freed's "Loom Video", the CartHook checkout page did not contain a required checkbox or hyperlinked terms and conditions, or medical waiver.

According to her own LinkedIn profile, Ms. Lujajohnson was not even working for THESIS in "early 2020" when she claimed to have formed her familiarity with the CartHook checkout page.

According to Mr. Freed's "Loom Video", Mr. Anand was not even THESIS' first software engineer, as Mr. Anand's declaration alleges. According to additional discovery obtained by Plaintiff that this Court thus far is not permitting Plaintiff to use in filings, Mr. Anand was a replacement software engineer.

Upon information and belief, the THESIS DEFENDANTS sought and obtained extensions to the Scheduling Order to avoid turning over evidence that demonstrates the falsity of their claims of an enforceable arbitration clause.

Upon information and belief, had THESIS DEFENDANTS' counsel made any effort whatsoever, they would have been aware of the existence of definitive proof that their motions and the "supporting" declarations were false.

Plaintiff expended substantial time, effort, and resources to defeat the baseless claims levied in THESIS DEFENDANTS' motions to compel arbitration.

Upon information and belief, THESIS DEFENDANTS' false claims endeavored to dismiss the lawsuit to limit if not escape exposure for their tortious liability.

/ / /

/ / /

/ / /

/ / /

PLAINTIFF'S MOTION FOR SANCTIONS - 8
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

## IV. LEGAL ANALYSIS

### A. Plaintiff Has Demonstrated All Rule 11 Requirements to Warrant Sanctions

Federal Rule of Civil Procedure 11(a) requires that all pleadings, motions, and other filings be signed by an attorney of record or, if a party is unrepresented, by the party personally. The signature constitutes a representation and certification:

> that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Sanctions may be imposed for a violation of Rule 11(b) if: (1) the violator is served with a stand-alone motion for Rule 11 sanctions at least twenty-one days before the motion is filed with the Court; (2) the challenged paper, claim, defense, contention, or denial is not withdrawn or appropriately corrected during that time period; and (3) the violator is given a reasonable opportunity to respond to the motion. Fed. R. Civ. P. 11(c)(1) and (2). If a violation is found, sanctions may be awarded against the attorney who signed the challenged document and/or the party who is responsible for the violation. Fed. R. Civ. P. 11(c)(1). If sanctions are imposed on an attorney, the attorney's law firm will be held jointly and severally liable except in exceptional circumstances. *Id.*

A sanction imposed under Rule 11 must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include

PLAINTIFF'S MOTION FOR SANCTIONS - 9
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation. Fed. R. Civ. P. 11(c)(4). Monetary sanctions may not be awarded against a represented party for violating Rule 11(b)(2). Fed. R. Civ. P. 11(c)(5)(A).

When, as here, "one party files a motion for sanctions, the court must determine whether any provisions of Rule 11(b) have been violated." *Warren*, 29 F.3d 1386, 1389 (9th Cir. 1994). The party moving for Rule 11 sanctions bears the burden to show why sanctions are justified. Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)"); *In re Cal. Bail Bond Antitrust Litig.,* 511 F. Supp. 3d 1031, 1052 (N.D. Cal. 2021) ("'When Rule 11 sanctions are party-initiated, the burden is on the moving party to demonstrate why sanctions are justified.'"(citation omitted)). If Rule 11(b) has been violated, the Court may impose sanctions. Fed. R. Civ. P. 11(c)(1); *Warren*, 29 F.3d at 1390; see also *Havensight Cap. LLC v. Nike, Inc.*, 891 F.3d 1167, 1174 (9th Cir. 2018) ("'District courts can use Rule 11 to impose sanctions on any party that files a motion for an improper purpose or who does so without a legal or factual basis.'" (citation omitted)). However, Rule 11 sanctions are an extraordinary remedy to be exercised with extreme caution. *Operating Eng'rs Pension Trust v. A-C Co.,* 859 F.2d 1336, 1345 (9th Cir. 1988); *Larez v. Holcomb,* 16 F.3d 1513, 1522 (9th Cir. 1994).

**B. The Motions to Compel Arbitration are Factually Frivolous and Not Well Grounded in Fact**

THESIS DEFENDANTS' Motions to Compel Arbitration are both factually frivolous (not 'well grounded in fact') and legally frivolous (not 'warranted by existing law or good faith

PLAINTIFF'S MOTION FOR SANCTIONS - 10
No. 3:24-cv-05808-TMC

Law Office of Jocelyn C Stewart, Corp.
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

argument'). *Bus. Guides Inc. v. Chromatic Commc'ns Enters. Inc.*, 892 F.2d 802, 808 (9th Cir. 1989) (quoting Fed. R. Civ. P. 11)). The effort to dismiss this litigation was based on the patently false assertion of a required checkbox and hyperlinked terms and conditions. The THESIS DEFENDANTS provided absurd declarations purporting to recollect what a checkout page looked like without any factual basis, such as supporting code, archive, or cache. These declarations are provably false.

C. **Sanctions Under Local Rule 11(c)(3) Are Warranted for THESIS DEFENDANTS' Bad Faith**

Plaintiffs move for sanctions under Local Rule 11(c)(3). The rule provides:

> An attorney or party who without just cause . . . presents to the court unnecessary motions or unwarranted opposition to motions, . . . or who otherwise so multiplies or obstructs the proceedings in a case may, in addition to or in lieu of the sanctions and penalties provided elsewhere in these rules, be required by the court to satisfy personally such excess costs and may be subject to such other sanctions as the court may deem appropriate.

Local Civ. R. 11(c)(3). The Ninth Circuit has "consistently upheld the power of the district court to sanction attorneys for violations of local rules." *Zambrano v. City of Tustin*, 885 F.2d 1473, 1477 (9th Cir. 1989). This is particularly appropriate when the conduct rises to the level of bad faith. "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument . . . or argues a meritorious claim for the purpose of harassing an opponent." *Bell v. Nat'l Credit Servs. Inc.*, No. 219CV01727RAJBAT, 2020 U.S. Dist. LEXIS 251899, 2020 WL 8832899, at *7 (W.D. Wash. Oct. 14, 2020), report and recommendation adopted, No. 219CV01727RAJBAT, 2021 U.S. Dist. LEXIS 46099, 2021 WL 928161 (W.D. Wash. Mar. 11, 2021) (quoting *Est. of Blas Through Chargualaf v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986)).

THESIS DEFENDANTS did more than err when they filed not one but two motions to compel arbitration. They turned a blind eye to the basic principles of investigating an assertion to

PLAINTIFF'S MOTION FOR SANCTIONS - 11
No. 3:24-cv-05808-TMC

Law Office of Jocelyn C Stewart, Corp.
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

which they sign their name, reputation, and bar license. Federal Rule 11 requires "an inquiry reasonable under the circumstances." In the digital age, when archives exist and backups are the rule, rather than the exception, it is wholly frivolous to allow a defendant to assert a position about the state of a website when that position is contradicted by the data.

Mr. Freed's fabrications are egregious. When a party submits fabricated evidence, it warrants a finding of fraud upon the Court. *Multiscan Techs. USA, LLC v. Cohn,* 2024 U.S. Dist. LEXIS 211362 (W.D. Wash. Nov. 20, 2024) (quoting *Kenno v. Colorado's Governor's Off. of Info. Tech.*, 2021 U.S. Dist. LEXIS 121893, 2021 WL 2682619, at *19 (D. Colo. June 30, 2021) (fabricated evidence is "the most egregious misconduct which justifies a finding of fraud upon the Court."). Mr. Freed was undeterred by this Court's ruling that denied his first effort. He then submitted a second false declaration and recruited his fellow equity stakeholders to submit their own false affidavits. His conduct is repugnant and warrants the most significant sanctions this Court may impose.

The conduct of their all-to-willing counsel to put forth patently false arguments and false declarations is almost as egregious. Rule 11 requires a modicum of investigation into the assertions contained in a pleading. Not only did THESIS DEFENDANTS' counsel fail to look into any matter beyond the self-serving declaration of the THESIS CEO, but also they declined to obtain the proof of their client's lies when they withdrew their request for the 22-page declaration about which they were on notice since April 3, 2025.

The withdrawal of their second motion does not save them or their clients from the egregious conduct. The first motion remains on record.

The THESIS DEFENDANTS' Counsel has employed substantial delay tactics that impugn a citizen's right to obtain timely relief. At every turn, they have cajoled, ducked, and

PLAINTIFF'S MOTION FOR SANCTIONS - 12
No. 3:24-cv-05808-TMC

Law Office of Jocelyn C Stewart, Corp.
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

weaved from their responsibilities undertaken under oath and by honor. Plaintiff's counsels and expert, have worked tirelessly to shed light on the truth, and despite their assertions during the parties' April 3, 2025, their conduct has engaged in anything but the same.

The responses to multiple motions to dismiss a federal case based on a fabricated arbitration agreement has been particularly costly to the Plaintiff and her attorneys, and to a system of justice that depends on the orderly good faith resolution of legal claims on their merits. At bare minimum, Plaintiff should be entitled to submit a declaration of fees and costs associated with these sanctions, with the appropriate lodestar analysis of time incurred and reasonable rate. In addition to the lodestar, the Plaintiff will offer support for a multiplier based on the relevant factors at issue, including the contingent nature of this case, and the complexity of the issues. These multipliers are particularly appropriate here, where the Plaintiff has been forced to detect and prove the falsification of evidence.

### V.    REQUESTED RELIEF

For the reasons listed above, Plaintiff JOANN LEDOUX respectfully requests this Honorable Court grant severe sanctions against Mr. Dan Freed, the THESIS DEFENDANTS, and their Counsel (including Mr. Stuart Kaplan) for their egregious, dilatory, frivolous, and fabrications.  As a remedy, Plaintiff requests the opportunity to submit a declaration in support of fees and costs, with the appropriate multiplier analysis, unless an amount is first stipulated to by the Defendants.

DATED this 28th day of April, 2025.

ATTORNEYS FOR PLAINTIFFS

 */s/ Jocelyn C. Stewart*_____
**Jocelyn C. Stewart** WSBA No. 58100
**Law Office of Jocelyn C Stewart, Corp.**
1200 Pacific Ave. # 600

PLAINTIFF'S MOTION FOR SANCTIONS - 13
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

1  Tacoma, WA 98402
   Phone: (253) 212-6940
2  Email: jocelyn@ucmj-defender.com
   Email: jen@ucmj-defender.com
3

4

5   /s/ Talis M. Abolins_____
   **Talis M. Abolins** WSBA No. 21222
   **mctlaw**
6  1325 4th Ave. # 1730
   Seattle, WA 98101
7  Phone: (206) 487-7371
   Email: tabolins@mctlaw.com
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# CERTIFICATE OF SERVICE

I hereby certify that on this date I caused true and correct copies of the foregoing document to be served upon the following, at the addresses stated below, via the court's CM/ECF notifications.

| | |
|---|---|
| Jeremy E. Roller, Esq.<br>Arete Law Group<br>600 University St., Ste 2420<br>Seattle, WA 98101-129<br><br>jroller@aretelaw.com<br>jfischer@aretelaw.com<br>kgreenberg@aretelaw.com | *Attorneys for Defendants Outliers, Inc., Matt Rubin, and Daniel Freed* |
| Richard D. Houghton, *Pro Hac Vice*<br>Michelle Stratton, *Pro Hac Vice*<br>Christian McGuire, *Pro Hac Vice*<br>Murphy Ball Stratton, LLP<br>1001 Fannin, Ste 720<br>Houston, TX 77002<br><br>rhoughton@mbssmartlaw.com<br>qmurphy@mbssmartlaw.com<br>mstratton@mbssmartlaw.com<br>cmcguire@mbssmartlaw.com<br>christianm.mcguire@gmail.com | *Attorneys for Defendants Outliers, Inc., Matt Rubin, and Daniel Freed* |
| Christian McGuire, *Pro Hac Vice*<br>Murphy Ball Stratton, LLP<br>2219 E. 11th Street, Apt. 129<br>Tulsa, OK 74104<br><br>cmcguire@mbssmartlaw.com<br>christianm.mcguire@gmail.com | *Attorneys for Defendants Outliers, Inc., Matt Rubin, and Daniel Freed* |
| Laurie M. Friedl, Esq.<br>Kevin J. Craig, Esq.<br>Gordon Rees Scully Mansukhani, LLP<br>701 Fifth Avenue, Ste 2100<br>Seattle, WA 98104<br><br>lfriedl@grsm.com<br>kcraig@grsm.com<br>Seaasbestos@grsm.com | *Attorneys for Defendants Brand Nutraceuticals, and Brand Packaging Group, Inc.* |

PLAINTIFF'S MOTION FOR SANCTIONS - 15
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

| | | |
|---|---|---|
| 1 | | |
| 2 | Joshua N. Severit, *Pro Hac Vice*<br>David J. Fisher, *Pro Hac Vice* | *Attorneys for Defendants Brand Nutraceuticals, and Brand Packaging Group, Inc.* |
| 3 | Manning Gross + Massenburg, LLP<br>1405 N. Green Mount Road, Ste 400 | |
| 4 | O'Fallon, IL 62269 | |
| 5 | jseverit@mgmlaw.com<br>dfisher@mgmlaw.com | |
| 6 | mweilmuenster@mgmlaw.com | |
| 7 | | |
| 8 | Daniel R. Olsen, *Pro Hac Vice*<br>Manning Gross + Massenburg, LLP | *Attorneys for Defendants Brand Nutraceuticals, and Brand Packaging Group, Inc.* |
| 9 | 100 Pringle Avenue, Ste 750<br>Walnut Creek, CA 94596 | |
| 10 | dolsen@mgmlaw.com | |
| 11 | Olsen_law@comcast.net | |

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Executed on April 28, 2025, in Monroe, Washington.

_____
Jen L. Bassetti, Litigation Paralegal

PLAINTIFF'S MOTION FOR SANCTIONS - 16
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494