# EXHIBIT 29



April 28, 2025

Sent via email: rhoughton@mbssmartlaw.com
                 jroller@aretelaw.com


Rick Houghton, Esq.
Murphy Ball Stratton, LLP

Jeremy E. Roller, Esq.
Arete Law Group
600 University St., Ste 2420
Seattle, WA 98101-129
jroller@aretelaw.com

      Re:    *LeDoux v. Outliers, Inc. et al.*, Case No. 3:24-cv-05808-TMC

Dear Mr. Roller and Mr. Houghton:

      This letter is served pursuant to Rule 11(c)(2) of the Federal Rules of Civil Procedure. We are providing notice of our intent to seek sanctions against your clients and your firm based on the submission of the original Motion to Compel Arbitration, Mr. Freed's declaration in support of the original motion, Mr. Ben Fisher's declaration, the second Motion to Compel Arbitration, the two declarations in support of Defendants' renewed motion to compel arbitration that, upon information and belief, are materially false.

      Specifically, declarations submitted appear to contain misrepresentations about the existence and functionality of a checkbox agreement mechanism purportedly presented to Plaintiff at the time of her online transaction. These declarations claim, with specificity, that Plaintiff was required to check a box agreeing to Terms and Conditions that contained a binding arbitration provision and that the terms were hyperlinked. In performing hours of work to locate the checkout page HTML code, interviewing witnesses, consulting with two experts, and more, we received evidence that the declarations were false and knowingly so. We requested evidence that it appears you are continuing to deny us —including server records, site backups, third-party platform documentation, and hosting data—likely because you know this evidence would directly refute those assertions. You even made an argument to the Court that no discovery beyond what the Court had with regard to arbitration was needed and attempted to stay all discovery in the case.

      We strongly believe that the depositions you appear to be trying to avoid of Sameer Anand and Maranda Lulajohnson will show either that Thesis, under the direction of its CEO, actively coordinated and pressured these individuals to provide misleading testimony in order to secure dismissal of this case or that Thesis' CEO and others conspired with them to protect their

Ltr to Houghton re: Safe Harbor
April 28, 2025
Page 2

equity stake in Thesis. The submission of such declarations, knowingly or recklessly, violates Rule 11(b)(3) by asserting factual contentions that lack evidentiary support and will not be supported after reasonable investigation.

      At minimum, the conduct demonstrated thus far reflects a reckless disregard for the truth. Depending on further discovery, it may rise to the level of bad faith. This conduct is sanctionable under Rule 11, 28 U.S.C. § 1927, and the Court's inherent authority.

      Accordingly, we hereby serve this notice and provide you the opportunity to withdraw Thesis' first Motion to Compel and its supporting declarations in submission and in reply. As it stands, this motion was not successful but is reviewable on appeal. Additionally, we also provide you with the opportunity to disclaim any issue of arbitration, acknowledging that no arbitration provision bound Plaintiff and that you stipulate thereto.

      If you do not withdraw the filings and disclaim arbitration within twenty-one (21) days of this letter, we will file a motion for sanctions under Rule 11(c).

      Even if you withdraw the offending Motion and declarations, this does nothing for the wasted time, efforts, and expense attorneys, paralegals, investigators, and experts have spent in meeting the false evidence and unsupported motions.

Sincerely,

*/s/ Jocelyn C. Stewart*

Jocelyn C. Stewart, WSBA #58100
Law Office of Jocelyn C. Stewart, Corp.

*/s/ Talis M. Abolins*

Talis M. Abolins, WSBA 21222
mcwlaw

cc: Joshua Severit
Enclosures