# EXHIBIT 40

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOANN LEDOUX,<br><br>       Plaintiff,<br><br>   v.<br><br>OUTLIERS, INC., DANIEL FREED, MATT RUBIN, BRAND NUTRACEUTICALS, INC., BRAND PACKAGING GROUP, INC., and JOHN AND JANE DOES 1–5,<br><br>       Defendants. | CASE NO. 3:24-cv-5808-TMC<br><br>**NONPARTY SAMEER ANAND'S OBJECTIONS AND RESPONSES TO SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION** |

Pursuant to Federal Rule of Civil Procedure 45, Nonparty Sameer Anand submits the following objections and responses to Plaintiff Joann LeDoux's May 19, 2025 Subpoena to Testify at a Deposition in a Civil Action.

### OBJECTIONS AND RESPONSES TO DEPOSITION COMMAND

Anand objects to Plaintiff's command that he appear for deposition because Plaintiff did not effect proper service of the subpoena, tender the required fees, or comply with CPLR § 3119 (b)(1) or (4). Anand further objects to deposition by Zoom.

### GENERAL RESPONSES

Anand bases his objections and responses upon information presently available and reserves the right to supplement or amend his objections and responses if new information becomes available.

### SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

1. Copies of all employment records and human resource records from your employment with Outliers, Inc. dba Thesis, or its predecessor organization(s), including but not limited to personnel records, training records, notes, reports, memoranda, studies, examination and test results, performance evaluations, attendance records, employment contracts, payroll records,

per diem payment records, performance or other bonus records, check stubs, W-2 forms, W-9 forms, 1099 forms, any documents relating to fringe benefits, healthcare stipends, short and long term disability insurance, disability accommodations, FMLA, sick and other leave records, payroll records, pay stubs, photographs, awards and accommodations, and correspondence. Dates for these records should include those begin in advance of July 2021 employment and extend to the present.

**RESPONSE:** Anand objects to this request because Plaintiff did not effect proper service of the subpoena, tender the required fees, or comply with CPLR § 3119. Anand objects to this request because it is irrelevant to the claim or defense of any party to the underlying civil action and, thus, seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. For that reason, and because the request is vague as to time and from which employers Plaintiff seeks information, and because Plaintiff has not shown that a party to the lawsuit does not have the requested materials, Anand objects to the request as overbroad, unduly burdensome, and not proportional to the needs of the case. Anand further objects to this request as seeking protected health information.

2.  Copies of all employment records and human resource records from your employment with Outliers, Inc. dba Thesis, or its predecessor organization(s), including but not limited to personnel records, training records, notes, reports, memoranda, studies, examination and test results, performance evaluations, attendance records, employment contracts, payroll records, per diem payment records, performance or other bonus records, check stubs, W-2 forms, W-9 forms, 1099 forms, any documents relating to fringe benefits, healthcare stipends, short and long term disability insurance, disability accommodations, FMLA, sick and other leave records, payroll records, pay stubs, photographs, awards and accommodations, and correspondence. Dates for these records should include those from your employment in July 2021 and extend to any additional records for any roles you play with Outliers, Inc. dba Thesis or on behalf of Daniel Freed to date.

**RESPONSE:** Anand objects to this request because Plaintiff did not effect proper service of the subpoena, tender the required fees, or comply with CPLR § 3119. Anand objects to this request because it is irrelevant to the claim or defense of any party to the underlying civil action and, thus, seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. For that reason, and because the request is vague as to time and from

which employers Plaintiff seeks information, and because Plaintiff has not shown that a party to the lawsuit does not have the requested materials, Anand objects to the request as overbroad, unduly burdensome, and not proportional to the needs of the case. Anand further objects to this request as seeking protected health information. Anand lastly objects to this Request as it is duplicative of Request No. 1.

3. The above financial records requested at paragraphs 1 and/or 2 above that demonstrate compensation should include at least one unredacted document that includes your Full Social Security number for issuance of subpoenas to the Internal Revenue Service, for verification of pay, bonuses, W-2 forms, W-9 forms, 1099 forms, healthcare stipends, et al.

**RESPONSE:** Anand objects to this request because Plaintiff did not effect proper service of the subpoena, tender the required fees, or comply with CPLR § 3119. Anand objects to this request because it is irrelevant to the claim or defense of any party to the underlying civil action and, thus, seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. For the same reason, and because the request is vague as to time and from which employers Plaintiff seeks information, and because Plaintiff has not shown that a party to the lawsuit does not have the requested materials, Anand objects to this request as overbroad, unduly burdensome and not proportional to the needs of the case. Anand objects to this request as vague, ambiguous, confusing, and unduly burdensome because it does not specify the type of "unredacted document" sought and, through the inclusion of "et al.," appears to include a limitless scope of material. Anand further objects to this request because it seeks documents that contain confidential personal information, and is an improper invasion of privacy. Anand further objects to Plaintiff's stated desire to obtain his personal, private information from the IRS and demands notice of any such application.

4. All documents reflecting any grant, offer, or receipt of equity, stock options, profit interest units, or other ownership interests in Outliers, Inc. (d/b/a Thesis), or its predecessor organizations, including but not limited to: offer letters, equity agreements or vesting

schedules, communications referencing ownership or incentive-based compensation, and any documents reflecting your percentage ownership or value of your interest.

**RESPONSE:** Anand objects to this request because Plaintiff did not effect proper service of the subpoena, tender the required fees, or comply with CPLR § 3119. Anand objects to this request because it is irrelevant to the claim or defense of any party to the underlying civil action and, thus, seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. For the same reason, and because the request is vague as to time and from which employers Plaintiff seeks information, because Plaintiff has not shown that a party to the lawsuit does not have the requested materials, and because the request seeks "All documents reflecting any grant, offer, or receipt of equity, stock options, profit interest units, or other ownership interests in Outliers, Inc. (d/b/a Thesis), or its predecessor organizations," as it is overbroad, unduly burdensome, and not proportional to the case's needs.

5. All documents reflecting any grant, offer, issuance, or award of equity, stock options, profit interest units, or other ownership interests in Outliers, Inc. (d/b/a Thesis), whether as part of your original employment, subsequent reclassification as an independent contractor, or at any other time during your affiliation with the company.

**RESPONSE:** Anand objects to this request because Plaintiff did not effect proper service of the subpoena, tender the required fees, or comply with CPLR § 3119. Anand objects to this request because it is irrelevant to the claim or defense of any party to the underlying civil action and, thus, seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. For that reason, and because Plaintiff has not shown that a party to the lawsuit does not have the requested materials, and because the request seeks "All documents reflecting any grant, offer, issuance, or award of equity, stock options, profit interest units, or other ownership interests in Outliers, Inc.," and because the request is vague as to time, Anand also objects to the request as overbroad, unduly burdensome and not proportional to the needs of the case. Anand lastly objects to this Request as it is duplicative of Request No. 4.

6. All documents and communications reflecting the terms, structure, or value of any equity or ownership interests you were offered or granted, including but not limited to offer letters, employment agreements, contractor agreements, equity agreements, vesting schedules, or amendments to any of the foregoing.

**RESPONSE:** Anand objects to this request because Plaintiff did not effect proper service of the subpoena, tender the required fees, or comply with CPLR § 3119. Anand objects to this request because it is irrelevant to the claim or defense of any party to the underlying civil action and, thus, seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. For that reason, and because Plaintiff has not shown that a party to the lawsuit does not have the requested materials, and because the request seeks "All documents and communications reflecting the terms, structure, or value of any equity or ownership interests you were offered or granted," and because the request seeks information concerning unspecified entities or employers, and because the request lacks a reasonable topical limitation, and is vague as to time, Anand also objects to the request as overbroad, unduly burdensome and not proportional to the needs of the case. Anand lastly objects to this Request as it is duplicative of Requests Nos. 4 and 5.

7. All communications regarding your eligibility for, entitlement to, or receipt of equity, ownership, or incentive compensation from Outliers, Inc. (d/b/a Thesis), or any of its predecessor companies, e.g. Formula, including any negotiations or renegotiations of such terms at the time of hire, during employment, upon transition to contractor status, or at any other time.

**RESPONSE:** Anand objects to this request because Plaintiff did not effect proper service of the subpoena, tender the required fees, or comply with CPLR § 3119. Anand objects to this request because it is irrelevant to the claim or defense of any party to the underlying civil action and, thus, seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. For that reason, and because Plaintiff has not shown that a party to the lawsuit does not have the requested materials, and because the request seeks "All

communications regarding your eligibility for, entitlement to, or receipt of equity, ownership, or incentive compensation from Outliers, Inc. (d/b/a Thesis), or any of its predecessor companies, e.g. Formula," and because the request is vague as to time and from which employer Plaintiff seeks information, Anand also objects to the request as overbroad, unduly burdensome and not proportional to the needs of the case. Anand objects to this request as it seeks information protected by the attorney-client privilege and attorney work-product doctrine. Anand also objects to this Request as it is duplicative of Requests Nos. 4, 5 and 6.

Subject to and without waiver of the foregoing objections, nonparty Anand has no responsive documents.

8. All documents reflecting any financial or reputational incentives provided or promised to you for submitting any affidavit or declaration in connection with a legal proceeding involving Outliers, Thesis, Formula, or Dan Freed.

**RESPONSE:** Anand objects to this request because Plaintiff did not effect proper service of the subpoena, tender the required fees, or comply with CPLR § 3119. Anand objects to this request because it is irrelevant to the claim or defense of any party to the underlying civil action and, thus, seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. For that reason, and because Plaintiff has not shown that a party to the lawsuit does not have the requested materials, and because the request seeks information about unrelated legal proceedings, and because the request is vague as to time, Anand also objects to the request as overbroad and not proportional to the needs of the case. Anand further objects to the request based on the attorney-client privilege and attorney work-product doctrine.

Subject to and without waiver of the foregoing objections, nonparty Anand has no responsive documents.

9. Any drafts, versions, or communications relating to any declarations, affidavits, or statements you provided in connection with any litigation or arbitration involving Outliers, Thesis, Formula, or Dan Freed, including communications regarding the contents of such declarations.

**RESPONSE:** Anand objects to this request because Plaintiff did not effect proper service of the subpoena, tender the required fees, or comply with CPLR § 3119. Anand objects to this request because it is irrelevant to the claim or defense of any party to the underlying civil action and, thus, seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. For that reason, and because Plaintiff has not shown that a party to the lawsuit does not have the requested materials, and because the request seeks information about unrelated legal proceedings ("any litigation or arbitration"), and because the request is vague as to time, Anand also objects to the request as overbroad, unduly burdensome and not proportional to the needs of the case. Anand further objects to the request as it seeks information protected by the attorney-client privilege and attorney work-product doctrine.

10. Any drafts, versions, or communications provided to you to assist you in formulating any declarations, affidavits, or statements you provided in connection with any litigation or arbitration involving Outliers, Thesis, Formula, or Dan Freed, including communications regarding the contents of such declarations.

**RESPONSE:** Anand objects to this request because Plaintiff did not effect proper service of the subpoena, tender the required fees, or comply with CPLR § 3119. Anand objects to this request because it is irrelevant to the claim or defense of any party to the underlying civil action and, thus, seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. For that reason, and because Plaintiff has not shown that a party to the lawsuit does not have the requested materials, and because the request seeks information about unrelated legal proceedings ("any litigation or arbitration"), and is vague as to time, Anand also objects to the request as overbroad, unduly burdensome and not proportional to the needs of the case. Anand further objects to the request as it seeks information protected by the attorney-client privilege and attorney work-product doctrine.

11. Any communications, notes, outlines, or directions provided to you in formulating any declarations, affidavits, or statements you provided in connection with any litigation or

1
2
3

arbitration involving Outliers, Thesis, Formula, or Dan Freed, including communications regarding the contents of such declarations.

4
5
6
7
8
9
10
11
12
13
14
15

**RESPONSE:** Anand objects to this request because Plaintiff did not effect proper service of the subpoena, tender the required fees, or comply with CPLR § 3119. Anand objects to this request because it is irrelevant to the claim or defense of any party to the underlying civil action and, thus, seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. For that reason, and because Plaintiff has not shown that a party to the lawsuit does not have the requested materials, and because the request seeks information about unrelated legal proceedings ("any litigation or arbitration"), and because the request is vague as to time, Anand also objects to the request as overbroad, unduly burdensome and not proportional to the needs of the case. Anand further objects to this request as it seeks information protected by the attorney-client privilege and attorney work-product doctrine.

16
17

12. All documents reflecting access granted to you or your representatives to Carta (or other equivalent equity tracking software), and any communications or reports you obtained or received from those systems between January 2020 to present.

18
19
20
21
22
23
24
25
26

**RESPONSE:** Anand objects to this request because Plaintiff did not effect proper service of the subpoena, tender the required fees, or comply with CPLR § 3119. Anand objects to this request because it is irrelevant to the claim or defense of any party to the underlying civil action and, thus, seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. For that reason, and because Plaintiff has not shown that a party to the lawsuit does not have the requested materials, and because it is vague as to time, Anand also objects to the request as overbroad, unduly burdensome and not proportional to the needs of the case. Anand also objects to the phrases "accesses granted to you" and "or your representatives" as vague, ambiguous, and confusing. Anand further objects that this Request is duplicative of Requests Nos. 13, 14, and 24.

Subject to and without waiver of the foregoing objections, nonparty Anand has no responsive documents.

13. Any communications with Dan Freed or Outliers, Thesis, or Formula representatives regarding your inclusion in the capitalization ("cap") table or any changes thereto between January 2020, to present.

**RESPONSE:** Anand objects to this request because Plaintiff did not effect proper service of the subpoena, tender the required fees, or comply with CPLR § 3119. Anand objects to this request because it is irrelevant to the claim or defense of any party to the underlying civil action and, thus, seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. For that reason, and because Plaintiff has not shown that a party to the lawsuit does not have the requested materials, and because it is vague as to time, Anand also objects to the request as vague, overbroad, unduly burdensome and not proportional to the needs of the case. Anand further objects to the request based on the attorney-client privilege and attorney work-product doctrine. Anand further objects that this Request is duplicative of Requests Nos. 12, 14, and 24.

Subject to and without waiver of the foregoing objections, nonparty Anand has no responsive documents.

14. Any documents provided to you showing or summarizing the cap table of Outliers, Inc. (d/b/a Thesis), including screenshots or reports from Carta or any other equity management platform.

**RESPONSE:** Anand objects to this request because Plaintiff did not effect proper service of the subpoena, tender the required fees, or comply with CPLR § 3119. Anand objects to this request because it is irrelevant to the claim or defense of any party to the underlying civil action and, thus, seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. For that reason, and because Plaintiff has not shown that a party to the lawsuit does not have the requested materials, and because it is vague as time, Anand also

9

objects to the request as overbroad, unduly burdensome and not proportional to the needs of the case. Anand also objects that this Request is duplicative of Requests Nos. 12, 13, and 24.

Subject to and without waiver of the foregoing objections, nonparty Anand has no responsive documents.

15. All communications between you and Dan Freed, or any officer, director, or employee of Outliers, Thesis, and/or Formula, or any of its predecessor or successor entities or any individual acting on their behalf, regarding compensation, equity, or any other incentive for your continued loyalty, participation, or silence in relation to any litigation, arbitration, or internal investigation.

**RESPONSE:** Anand objects to this request because Plaintiff did not effect proper service of the subpoena, tender the required fees, or comply with CPLR § 3119. Anand objects to this request because it is irrelevant to the claim or defense of any party to the underlying civil action and, thus, seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. For that reason, and because Plaintiff has not shown that a party to the lawsuit does not have the requested materials, and because the request seeks information regarding unrelated "litigation, arbitration[s], or internal investigation[s]," and because it is vague as to time and from which employers Plaintiff seeks information, Anand also objects to the request as overbroad, unduly burdensome and not proportional to the needs of the case. Anand further objects to this request as it seeks information protected by the attorney-client privilege and attorney work-product doctrine.

Subject to and without waiver of the foregoing objections, nonparty Anand has no responsive documents.

16. All communications between you and Dan Freed, or any officer, director, or employee of Outliers, Thesis, and/or Formula, or any of its predecessor or successor entities or any individual acting on their behalf, regarding your role as "advisor" to Thesis.

**RESPONSE:** Anand objects to this request because Plaintiff did not effect proper service of the subpoena, tender the required fees, or comply with CPLR § 3119. Anand objects to this

request because it is irrelevant to the claim or defense of any party to the underlying civil action and, thus, seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. For that reason, and because Plaintiff has not shown that a party to the lawsuit does not have the requested materials, and because the request seeks "All communications between you and Dan Freed, or any officer, director, or employee of Outliers, Thesis, and/or Formula, regarding your role as 'advisor' to Thesis," and because the request is vague as to time and from which employers Plaintiff seeks information, Anand also objects to the request as overbroad, unduly burdensome and not proportional to the needs of the case. Anand further objects to the request based on the attorney-client privilege and attorney work-product doctrine.

Subject to and without waiver of the foregoing objections, nonparty Anand has no responsive documents.

17. All documents reflecting any additional or renegotiated grant, offer, or receipt of equity, stock options, profit interest units, other ownership interests in Outliers, Inc. (d/b/a Thesis), or its predecessor organizations, or any other value conveyed, promised, or implied, in exchange for your role as "advisor" to Thesis.

**RESPONSE:** Anand objects to this request because Plaintiff did not effect proper service of the subpoena, tender the required fees, or comply with CPLR § 3119. Anand objects to this request because it is irrelevant to the claim or defense of any party to the underlying civil action and, thus, seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. For that reason, and because Plaintiff has not shown that a party to the lawsuit does not have the requested materials, and because the request seeks "All documents" regarding the identified subject matter, and because the request is vague as to time and from which employers it seeks information, Anand also objects to the request as overbroad, unduly burdensome and not proportional to the needs of the case.

Subject to and without waiver of the foregoing objections, nonparty Anand has no responsive documents.

18. All documents reflecting any appointment, nomination, or service by you as a member of the board of directors, advisory board, or any governance body of Outliers, Inc. (d/b/a Thesis), or any of its predecessor or successor entities, whether formal or informal.

**RESPONSE:** Anand objects to this request because Plaintiff did not effect proper service of the subpoena, tender the required fees, or comply with CPLR § 3119. Anand objects to this request because it is irrelevant to the claim or defense of any party to the underlying civil action and, thus, seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. For that reason, and because Plaintiff has not shown that a party to the lawsuit does not have the requested materials, and because the request seeks "All documents" concerning the identified subject matter, and because the request is vague as to time and from which employers it seeks information, Anand also objects to the request as overbroad, unduly burdensome and not proportional to the needs of the case. Anand also objects to this request as vague, ambiguous, and confusing as to the phrases "reflecting any appointment, nomination, or service by you," "any governance body," and "formal or informal."

Subject to and without waiver of the foregoing objections, nonparty Anand has no responsive documents.

19. All communications concerning your potential or actual role as a board member or advisor to Outliers, Inc. (d/b/a Thesis),—or any predecessor or successor entities,   including communications with Dan Freed or any officer, employee, investor, or representative of the company.

**RESPONSE:** Anand objects to this request because Plaintiff did not effect proper service of the subpoena, tender the required fees, or comply with CPLR § 3119. Anand objects to this request because it is irrelevant to the claim or defense of any party to the underlying civil action and, thus, seeks information that is not reasonably calculated to lead to the discovery of

admissible evidence. For that reason, and because Plaintiff has not shown that a party to the lawsuit does not have the requested materials, and because the request seeks "All communications concerning your potential or actual role as a board member or advisor to Outliers, Inc. (d/b/a Thesis)," and because the request is vague as to time and from which employers Plaintiff seeks information, Anand also objects to the request as overbroad, unduly burdensome and not proportional to the needs of the case. Anand objects to this request as vague, ambiguous, and confusing as to the phrase "potential or actual role." Anand further objects to the request based on the attorney-client privilege and attorney work-product doctrine.

Subject to and without waiver of the foregoing objections, nonparty Anand has no responsive documents.

20. All documents reflecting responsibilities, duties, or expectations communicated to you in connection with any board, advisory, or governance role at Outliers, Inc. (d/b/a Thesis), or any of its predecessor or successor entities whether in writing or through electronic communications.

**RESPONSE:** Anand objects to this request because Plaintiff did not effect proper service of the subpoena, tender the required fees, or comply with CPLR § 3119. Anand objects to this request because it is irrelevant to the claim or defense of any party to the underlying civil action and, thus, seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. For that reason, and because Plaintiff has not shown that a party to the lawsuit does not have the requested materials, and because the request seeks "All documents reflecting responsibilities, duties, or expectations communicated to you in connection with any board, advisory, or governance role at Outliers, Inc.," and because the request is vague as to time and from which employers Plaintiff seeks information, Anand also objects to the request

as overbroad, unduly burdensome and not proportional to the needs of the case. Anand objects to this request as vague, ambiguous, and confusing as to the phrase "any . . . governance role."

Subject to and without waiver of the foregoing objections, nonparty Anand has no responsive documents.

21. All agendas, minutes, resolutions, or materials you received in connection with any board or governance meetings, whether or not you formally served as a director at the time , in connection with any board, advisory, or governance role at Outliers, Inc. (d/b/a Thesis) or any of its predecessor or successor entities, whether in writing or through electronic communications.

**RESPONSE:** Anand objects to this request because Plaintiff did not effect proper service of the subpoena, tender the required fees, or comply with CPLR § 3119. Anand objects to this request because it is irrelevant to the claim or defense of any party to the underlying civil action and, thus, seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. For that reason, and because Plaintiff has not shown that a party to the lawsuit does not have the requested materials, and because the request seeks "All agendas, minutes, resolutions, or materials you received in connection with any board or governance meetings," and is vague as to time and from which employers Plaintiff seeks information, Anand also objects to the request as overbroad and not proportional to the needs of the case.

Subject to and without waiver of the foregoing objections, nonparty Anand has no responsive documents.

22. Please produce the following documents and communications concerning changes in leadership or personnel at Outliers, Inc. (d/b/a Thesis):

a. All documents and communications you received, created, or contributed to regarding the cessation of employment, departure, or role change of any executive, officer, or key employee of Outliers, Inc. (d/b/a Thesis), including but not limited to Katy Marshall (former Chief Operating Officer), Gabriel Marcial (former Chief Marketing Officer), and Dan Freed (now listed as Co-Founder rather than CEO and Co-Founder).

b. All documents and communications reflecting the reasons, circumstances, or company explanation for the change in Dan Freed's title from "CEO and Co-Founder" to "Co-

Founder," including any internal or external communications relating to his current role, status, or ongoing involvement in Outliers, Inc. (d/b/a Thesis).

c.  All communications sent to or from you in your capacity as an equity holder, advisor, or participant in any shareholder or governance communications regarding the departure or role change of Katy Marshall, Gabriel Marcial, or Dan Freed, including any company efforts to inform or reassure investors, stakeholders, or advisors about the significance or impact of such departures.

d.  All drafts or final versions of internal or external communications (including investor updates, Slack messages, emails, newsletters, or memos) that you received, reviewed, contributed to, or were otherwise aware of concerning leadership transitions involving Katy Marshall, Gabriel Marcial, or Dan Freed.

**RESPONSE:** Anand objects to this request because Plaintiff did not effect proper service of the subpoena, tender the required fees, or comply with CPLR § 3119. Anand objects to this request because it is irrelevant to the claim or defense of any party to the underlying civil action and, thus, seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. For that reason, and because Plaintiff has not shown that a party to the lawsuit does not have the requested materials, and because the request is vague as to time and substantive scope of the request is unreasonable, Anand also objects to the request as overbroad, unduly burdensome and not proportional to the needs of the case. Anand objects to this request as vague, ambiguous, and confusing as to the phrases/terms "changes in leadership," "changes in . . . personnel," "role change," "key employee," "reasons, circumstances, or company explanation," "efforts to inform or reassure . . . about the significance of impact of such departures," and "leadership transitions."

Subject to and without waiver of the foregoing objections, nonparty Anand has no responsive documents.

23. All documents and communications you received, reviewed, or were copied on relating to any capital raise, investment, or financing event involving Outliers, Inc. (d/b/a Thesis) or any of its predecessor or successor entities, including but not limited to investments from angel investors, venture capital firms, private equity, or strategic investors.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**RESPONSE:** Anand objects to this request because Plaintiff did not effect proper service of the subpoena, tender the required fees, or comply with CPLR § 3119. Anand objects to this request because it is irrelevant to the claim or defense of any party to the underlying civil action and, thus, seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. For that reason, and because Plaintiff has not shown that a party to the lawsuit does not have the requested materials, and because the request is vague as to time and from which employers it seeks information, and because the request seeks "All documents and communications" concerning the identified subject matter, Anand also objects to the request as vague, overbroad and not proportional to the needs of the case. Anand objects to this request as ambiguous, and confusing as to the phrases "involving Outliers, Inc." "relating to any capital raise, investment, or financing event," and "angel investors, venture capital firms, private equity, or strategic investors." Anand further objects to the request based on the attorney-client privilege and attorney work-product doctrine. Anand lastly objects that this Request is duplicative of Requests Nos. 25 and 26.

Subject to and without waiver of the foregoing objections, nonparty Anand has no responsive documents.

24. All documents reflecting updates to the capitalization table (cap table) of Outliers, Inc. (d/b/a Thesis), or any predecessor or successor entities, including but not limited to reports generated from Carta or any other equity management system, that you received, accessed, or reviewed.

**RESPONSE:** Anand objects to this request because Plaintiff did not effect proper service of the subpoena, tender the required fees or comply with CPLR § 3119. Anand objects to this request because it is irrelevant to the claim or defense of any party to the underlying civil action and, thus, seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. For that reason, and because Plaintiff has not shown that a party to the lawsuit does not have the requested materials, and because the request is vague as to time and

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

from which employers Plaintiff seeks information, and because the request seeks "All documents" concerning the identified subject matter, Anand also objects to the request as overbroad, unduly burdensome and not proportional to the needs of the case. Anand lastly objects that this Request is duplicative of Requests Nos. 12, 13, and 14.

Subject to and without waiver of the foregoing objections, nonparty Anand has no responsive documents.

25. All communications sent to you, or to any group of shareholders or advisors of which you were a part, notifying you of new investments, funding rounds, changes in company valuation–of Outliers, Inc. (d/b/a Thesis), or any predecessor or successor entities, or issuance of new shares, equity interests, or securities.

**RESPONSE:** Anand objects to this request because Plaintiff did not effect proper service of the subpoena, tender the required fees, or comply with CPLR § 3119. Anand objects to this request because it is irrelevant to the claim or defense of any party to the underlying civil action and, thus, seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. For that reason, and because Plaintiff has not shown that a party to the lawsuit does not have the requested materials, and because the request is vague as to time and from which employers it seeks information, vague as to the meaning of the phrase "group of shareholders or advisors of which you were a part," and because the request seeks "All communications" concerning the identified subject matter, Anand also objects to the request as overbroad unduly burdensome and not proportional to the needs of the case. Anand objects to this request as vague, ambiguous, and confusing as to the phrases "new investments," "funding rounds," "company valuation," and "issuance of new shares, equity interests, or securities." Anand further objects to the request based on the attorney-client privilege and attorney work-product doctrine. Anand lastly objects that this Request is duplicative of Requests No. 23 and 26.

Subject to and without waiver of the foregoing objections, nonparty Anand has no responsive documents.

26. All documents or communications authored, reviewed, or contributed to by you in connection with investor updates, shareholder communications, or internal summaries related to fundraising events, investment milestones, or company valuation changes of Outliers, Inc. (d/b/a Thesis), or any predecessor or successor entities.

**RESPONSE:** Anand objects to this request because Plaintiff did not effect proper service of the subpoena, tender the required fees, or comply with CPLR § 3119. Anand objects to this request because it is irrelevant to the claim or defense of any party to the underlying civil action and, thus, seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. For that reason, and because Plaintiff has not shown that a party to the lawsuit does not have the requested materials, and because the request is vague as to time and from which employers it seeks information, and because the request seeks "All documents or communications" concerning the identified subject matter, Anand also objects to the request as overbroad and not proportional to the needs of the case. Anand objects to this request as vague, ambiguous, and confusing as to the phrase "in connection with investor updates, shareholder communications, or internal summaries related to fundraising events, investment milestones, or company valuation changes." Anand further objects to the request based on the attorney-client privilege and attorney work-product doctrine. Anand lastly objects that this Request is duplicative of Requests Nos. 23 and 25.

Dated: May 28, 2025                Respectfully submitted,

                                   */s/ Myles K. Bartley*

                                   **PHILLIPS LYTLE LLP**

                                   Myles K. Bartley
                                   620 Eighth Avenue
                                   38th Floor
                                   New York, New York 10018-1442
                                   Tel:  212.759.4888
                                   mbartley@phillipslytle.com

                                   **ATTORNEY FOR NONPARTY SAMEER ANAND**


TO:    **LAW OFFICE OF JOCELYN C. STEWART, CORP.**
       Jocelyn C. Stewart
       *Attorneys for Plaintiff*
       1201 Pacific Avenue, Ste 600
       Tacoma, Washington 98407

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 28th day of May 2025, a true and correct copy of the foregoing was served via first class mail and by email upon the following:

Law Office of Jocelyn C. Stewart, Corp.
Jocelyn C. Stewart
1201 Pacific Avenue, Suite 600
Tacoma, WA 98407
***Counsel for Plaintiff***
***Joann LeDoux***

*/s/ Laura Bennet Weber*
Laura Bennet Weber