# EXHIBIT 42

Honorable Judge Tiffany M. Cartwright

1

2

3

4

5

6           IN THE U.S. DISTRICT COURT
      WESTERN DISTRICT OF WASHINGTON

7              AT TACOMA

8 JOANN LEDOUX, a single woman.

9              Plaintiff,          No. 3:24-cv-05808-TMC

10 vs.

**SUBPOENA TO TESTIFY AT A**
11 OUTLIERS, INC. (d/b/a THESIS, THESIS     **DEPOSITION IN A CIVIL ACTION**
NOOTRPICS, FIND MY FORMULA, and      **DIRECTED TO SAMEER ANAND**
12 FORMULA), a Delaware Corporation;
DANIEL FREED, individually; MATT
13 RUBIN, individually; BRAND
NUTRACEUTICALS, INC. (d/b/a BRAND
14 NUTRA), a New York Corporation; BRAND
PACKAGING GROUP, INC. (d/b/a BRAND
15 NUTRACEUTICALS), a New York
Corporation; and John and Jane Does 1-5.
16

17            Defendants.

18 TO:   **Sameer Anand**
       7 W. 21st Street, Apt. 4A
19      New York, NY 10010

20 ☒ YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at
a deposition to be taken in this civil action. If you are an organization, you must promptly confer
21 in good faith with the party serving this subpoena about the following matters, or those set forth
in an attachment, and you must designate one or more officers, directors, or managing agents, or
22 designate other persons who consent to testify on your behalf about these matters.

23

| PLACE: | DATE AND TIME: |
| --- | --- |
24
| Baritz Colman Richan & Harris LLP | July 14, 2025 |

25

SUBPOENA TO TESTIFY AT A DEPOSITION    **Law Office of Jocelyn C Stewart, Corp.**
IN A CIVIL ACTION DIRECTED TO SAMEER      1201 Pacific Avenue, Ste 600
ANAND - 1                               Tacoma, WA 98407
No. 3:24-cv-05808-TMC                 Phone: (253) 317-8494

| | |
|---|---|
| 233 Broadway, Ste 2020<br>New York, NY 10279 | 9:00 a.m. EST |

☒ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing or sampling of the material:

**See attached Exhibit A.**

| PLACE: | DATE AND TIME: |
|---|---|
| c/o Jocelyn C. Stewart<br>Baritz Colman Richan & Harris LLP<br>233 Broadway, Ste 2020<br>New York, NY 10279<br><br>Via email to: Jocelyn@ucmj-defender.com<br>cc: Jen@ucmj-defender.com; tabolins@mctlaw.com<br>*All addresses must be used for electronic service | July 14, 2025<br>9:00 a.m. EST |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to the subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

| ISSUING OFFICER'S SIGNATURE AND TITLE: | DATE: |
|---|---|
| */s/ Jocelyn C. Stewart*<br>Jocelyn C. Stewart, WSBA No. 58100<br>Attorney for Plaintiff | June 10, 2025 |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br><br>Jocelyn C. Stewart<br>Law Office of Jocelyn C. Stewart, Corp.<br>1201 Pacific Avenue, Ste 600<br>Tacoma, WA 98407<br>Tel: (253) 317-8494<br>jocelyn@ucmj-defender.com | |

SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION DIRECTED TO SAMEER ANAND - 2
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

I received this subpoena for Sameer Anand on _____(date).

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____
_____

On _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance ($40.00), and the mileage allowed by law ($.67 x 2.7 miles = $1.80), in the amount of $41.80.

My fees are $_____ for travel, and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                    *Server's signature*

                              Printed Name and Title:




                              Server's Address:



Additional Information regarding attempted service, etc.




SUBPOENA TO TESTIFY AT A DEPOSITION          **Law Office of Jocelyn C Stewart, Corp.**
IN A CIVIL ACTION DIRECTED TO SAMEER         1201 Pacific Avenue, Ste 600
ANAND - 3                                    Tacoma, WA 98407
No. 3:24-cv-05808-TMC                        Phone: (253) 317-8494

1

**Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)**

2

**(c) Place of Compliance.**
**(1) For a Trial, Hearing, or Deposition.** A subpoena may
command a person to attend a trial, hearing, or deposition only
as follows:
**(A)** within 100 miles of where the person resides, is employed,
or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or
regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur
substantial expense.

**(2) For Other Discovery.** A subpoena may command:
**(A)** production of documents, electronically stored information,
or tangible things at a place within 100 miles of where the
person resides, is employed, or regularly transacts business in
person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena;
Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party
or attorney responsible for issuing and serving a subpoena must
take reasonable steps to avoid imposing undue burden or
expense on a person subject to the subpoena. The court for the
district where compliance is required must enforce this duty
and impose an appropriate sanction—which may include lost
earnings and reasonable attorney's fees—on a party or attorney
who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
**(A)** *Appearance Not Required.* A person commanded to
produce documents, electronically stored information, or
tangible things, or to permit the inspection of premises, need
not appear in person at the place of production or inspection
unless also commanded to appear for a deposition, hearing, or
trial.
**(B)** *Objections.* A person commanded to produce documents or
tangible things or to permit inspection may serve on the party
or attorney designated in the subpoena a written objection to
inspecting, copying, testing, or sampling any or all of the
materials or to inspecting the premises—or to producing
electronically stored information in the form or forms
requested. The objection must be served before the earlier of
the time specified for compliance or 14 days after the subpoena
is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the
serving party may move the court for the district where
compliance is required for an order compelling production or
inspection.
**(ii)** These acts may be required only as directed in the order,
and the order must protect a person who is neither a party nor a
party's officer from significant expense resulting from
compliance.

**(3) Quashing or Modifying a Subpoena.**

**(A)** *When Required.* On timely motion, the court for the district
where compliance is required must quash or modify a
subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits
specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter,
if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected
by a subpoena, the court for the district where compliance is
required may, on motion, quash or modify the subpoena if it
requires:
**(i)** disclosing a trade secret or other confidential research,
development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information
that does not describe specific occurrences in dispute and
results from the expert's study that was not requested by a
party.
**(C)** *Specifying Conditions as an Alternative.* In the
circumstances described in Rule 45(d)(3)(B), the court may,
instead of quashing or modifying a subpoena, order appearance
or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that
cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably
compensated.

**(e) Duties in Responding to a Subpoena.**
**(1) Producing Documents or Electronically Stored
Information.** These procedures apply to producing documents
or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce
documents must produce them as they are kept in the ordinary
course of business or must organize and label them to
correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not
Specified.*
If a subpoena does not specify a form for producing
electronically stored information, the person responding must
produce it in a form or forms in which it is ordinarily
maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One
Form.* The person responding need not produce the same
electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person
responding need not provide discovery of electronically stored
information from sources that the person identifies as not
reasonably accessible because of undue burden or cost. On
motion to compel discovery or for a protective order, the
person responding must show that the information is not
reasonably accessible because of undue burden or cost. If that
showing is made, the court may nonetheless order discovery
from such sources if the
requesting party shows good cause, considering the limitations
of Rule 26(b)(2)(C). The court may specify conditions for the
discovery.

SUBPOENA TO TESTIFY AT A DEPOSITION
IN A CIVIL ACTION DIRECTED TO SAMEER
ANAND - 4
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

**(2) *Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself
privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

SUBPOENA TO TESTIFY AT A DEPOSITION
IN A CIVIL ACTION DIRECTED TO SAMEER
ANAND - 5
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

**EXHIBIT A**

1. Copies of all employment records and human resource records from your employment with Outliers, Inc. dba Thesis, or its predecessor organization(s), including but not limited to personnel records, training records, notes, reports, memoranda, studies, examination and test results, performance evaluations, attendance records, employment contracts, payroll records, per diem payment records, performance or other bonus records, check stubs, W-2 forms, W-9 forms, 1099 forms, any documents relating to fringe benefits, healthcare stipends, short and long term disability insurance, disability accommodations, FMLA, sick and other leave records, payroll records, pay stubs, photographs, awards and accommodations, and correspondence. Dates for these records should include those from in advance of July 2021 employment and extend to the present.

2. Copies of all employment records and human resource records from your employment with Outliers, Inc. dba Thesis, or its predecessor organization(s), including but not limited to personnel records, training records, notes, reports, memoranda, studies, examination and test results, performance evaluations, attendance records, employment contracts, payroll records, per diem payment records, performance or other bonus records, check stubs, W-2 forms, W-9 forms, 1099 forms, any documents relating to fringe benefits, healthcare stipends, short and long term disability insurance, disability accommodations, FMLA, sick and other leave records, payroll records, pay stubs, photographs, awards and accommodations, and correspondence. Dates for these records should include those from your employment in July 2021 and extend to any additional records for any roles you play with Outliers, Inc. dba Thesis or on behalf of Daniel Freed to date.

3. The above financial records requested at paragraphs 1 and/or 2 above that demonstrate compensation should include at least one unredacted document that includes your Full Social Security number for issuance of subpoenas to the Internal Revenue Service, for verification of pay, bonuses, W-2 forms, W-9 forms, 1099 forms, healthcare stipends, et al.

4. All documents reflecting any grant, offer, or receipt of equity, stock options, profit interest units, or other ownership interests in Outliers, Inc. (d/b/a Thesis), or its predecessor organizations, including but not limited to: offer letters, equity agreements or vesting schedules, communications referencing ownership or incentive-based compensation, and any documents reflecting your percentage ownership or value of your interest.

5. All documents reflecting any grant, offer, issuance, or award of equity, stock options, profit interest units, or other ownership interests in Outliers, Inc. (d/b/a Thesis), whether as part of your original employment, subsequent reclassification as an independent contractor, or at any other time during your affiliation with the company.

6. All documents and communications reflecting the terms, structure, or value of any equity or ownership interests you were offered or granted, including but not limited to offer letters, employment agreements, contractor agreements, equity agreements, vesting schedules, or amendments to any of the foregoing.

7. All communications regarding your eligibility for, entitlement to, or receipt of equity, ownership, or incentive compensation from Outliers, Inc. (d/b/a Thesis), or any of its

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

predecessor companies, e.g. Formula, including any negotiations or renegotiations of such terms at the time of hire, during employment, upon transition to contractor status, or at any other time.

8.  All documents reflecting any financial or reputational incentives provided or promised to you for submitting any affidavit or declaration in connection with a legal proceeding involving Outliers, Thesis, Formula, or Dan Freed.

9.  Any drafts, versions, or communications relating to any declarations, affidavits, or statements you provided in connection with any litigation or arbitration involving Outliers, Thesis, Formula, or Dan Freed, including communications regarding the contents of such declarations.

10. Any drafts, versions, or communications provided to you to assist you in formulating any declarations, affidavits, or statements you provided in connection with any litigation or arbitration involving Outliers, Thesis, Formula, or Dan Freed, including communications regarding the contents of such declarations.

11. Any communications, notes, outlines, or directions provided to you in formulating any declarations, affidavits, or statements you provided in connection with any litigation or arbitration involving Outliers, Thesis, Formula, or Dan Freed, including communications regarding the contents of such declarations.

12. All documents reflecting access granted to you or your representatives to Carta (or other equivalent equity tracking software), and any communications or reports you obtained or received from those systems between January 2020 to present.

13. Any communications with Dan Freed or Outliers, Thesis, or Formula representatives regarding your inclusion in the capitalization ("cap") table or any changes thereto between January 2020, to present.

14. Any documents provided to you showing or summarizing the cap table of Outliers, Inc. (d/b/a Thesis), including screenshots or reports from Carta or any other equity management platform.

15. All communications between you and Dan Freed, or any officer, director, or employee of Outliers, Thesis, and/or Formula, or any of its predecessor or successor entities or any individual acting on their behalf, regarding compensation, equity, or any other incentive for your continued loyalty, participation, or silence in relation to any litigation, arbitration, or internal investigation.

16. All communications between you and Dan Freed, or any officer, director, or employee of Outliers, Thesis, and/or Formula, or any of its predecessor or successor entities or any individual acting on their behalf, regarding your role as "advisor" to Thesis.

17. All documents reflecting any additional or renegotiated grant, offer, or receipt of equity, stock options, profit interest units, other ownership interests in Outliers, Inc. (d/b/a Thesis), or its predecessor organizations, or any other value conveyed, promised, or implied, in exchange for your role as "advisor" to Thesis.

18. All documents reflecting any appointment, nomination, or service by you as a member of the board of directors, advisory board, or any governance body of Outliers, Inc. (d/b/a Thesis), or any of its predecessor or successor entities, whether formal or informal.

19. All communications concerning your potential or actual role as a board member or advisor to Outliers, Inc. (d/b/a Thesis), or any predecessor or successor entities, including communications with Dan Freed or any officer, employee, investor, or representative of

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

the company.

20. All documents reflecting responsibilities, duties, or expectations communicated to you in connection with any board, advisory, or governance role at Outliers, Inc. (d/b/a Thesis) or any of its predecessor or successor entities, whether in writing or through electronic communications.

21. All agendas, minutes, resolutions, or materials you received in connection with any board or governance meetings, whether or not you formally served as a director at the time, in connection with any board, advisory, or governance role at Outliers, Inc. (d/b/a Thesis) or any of its predecessor or successor entities, whether in writing or through electronic communications.

22. Please produce the following documents and communications concerning changes in leadership or personnel at Outliers, Inc. (d/b/a Thesis):

    a. All documents and communications you received, created, or contributed to regarding the cessation of employment, departure, or role change of any executive, officer, or key employee of Outliers, Inc. (d/b/a Thesis), including but not limited to Katy Marshall (former Chief Operating Officer), Gabriel Marcial (former Chief Marketing Officer), and Dan Freed (now listed as Co-Founder rather than CEO and Co-Founder).

    b. All documents and communications reflecting the reasons, circumstances, or company explanation for the change in Dan Freed's title from "CEO and Co-Founder" to "Co-Founder," including any internal or external communications relating to his current role, status, or ongoing involvement in Outliers, Inc. (d/b/a Thesis).

    c. All communications sent to or from you in your capacity as an equity holder, advisor, or participant in any shareholder or governance communications regarding the departure or role change of Katy Marshall, Gabriel Marcial, or Dan Freed, including any company efforts to inform or reassure investors, stakeholders, or advisors about the significance or impact of such departures.

    d. All drafts or final versions of internal or external communications (including investor updates, Slack messages, emails, newsletters, or memos) that you received, reviewed, contributed to, or were otherwise aware of concerning leadership transitions involving Katy Marshall, Gabriel Marcial, or Dan Freed.

23. All documents and communications you received, reviewed, or were copied on relating to any capital raise, investment, or financing event involving Outliers, Inc. (d/b/a Thesis) or any of its predecessor or successor entities, including but not limited to investments from angel investors, venture capital firms, private equity, or strategic investors.

24. All documents reflecting updates to the capitalization table (cap table) of Outliers, Inc. (d/b/a Thesis), or any predecessor or successor entities, including but not limited to reports generated from Carta or any other equity management system, that you received, accessed, or reviewed.

25. All communications sent to you, or to any group of shareholders or advisors of which you were a part, notifying you of new investments, funding rounds, changes in company valuation of Outliers, Inc. (d/b/a Thesis), or any predecessor or successor entities, or issuance of new shares, equity interests, or securities.

SUBPOENA TO TESTIFY AT A DEPOSITION
IN A CIVIL ACTION DIRECTED TO SAMEER
ANAND - 8
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

26. All documents or communications authored, reviewed, or contributed to by you in connection with investor updates, shareholder communications, or internal summaries related to fundraising events, investment milestones, or company valuation changes of Outliers, Inc. (d/b/a Thesis), or any predecessor or successor entities.

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on this date I caused true and correct copies of the foregoing document to be served upon the following, at the addresses stated below, via electronic transmission.

3

4     Jeremy E. Roller, Esq.                *Attorneys for Defendants Outliers, Inc., Matt*
      Arete Law Group                       *Rubin, and Daniel Freed*
5     600 University St., Ste 2420
      Seattle, WA 98101-129
6
      jroller@aretelaw.com
7     jfischer@aretelaw.com
      kgreenberg@aretelaw.com
8
9     Richard D. Houghton, *Pro Hac Vice*   *Attorneys for Defendants Outliers, Inc., Matt*
      Michelle Stratton, *Pro Hac Vice*     *Rubin, and Daniel Freed*
10    Murphy Ball Stratton, LLP
      1001 Fannin, Ste 720
11    Houston, TX 77002
12    rhoughton@mbssmartlaw.com
      qmurphy@mbssmartlaw.com
13    mstratton@mbssmartlaw.com
14    Christian McGuire, *Pro Hac Vice*     *Attorneys for Defendants Outliers, Inc., Matt*
      Murphy Ball Stratton, LLP             *Rubin, and Daniel Freed*
15    2219 E. 11th Street, Apt. 129
      Tulsa, OK 74104
16
17    cmcguire@mbssmartlaw.com
      christianm.mcguire@gmail.com
18
      Laurie M. Friedl, Esq.                *Attorneys for Defendants Brand*
19    Kevin J. Craig, Esq.                  *Nutraceuticals, and Brand Packaging Group,*
      Gordon Rees Scully Mansukhani, LLP    *Inc.*
20    701 Fifth Avenue, Ste 2100
      Seattle, WA 98104
21
22    lfriedl@grsm.com
      kcraig@grsm.com
23    Seaasbestos@grsm.com
24    Joshua N. Severit, *Pro Hac Vice*     *Attorneys for Defendants Brand*
      David J. Fisher, *Pro Hac Vice*       *Nutraceuticals, and Brand Packaging Group,*
25    Manning Gross + Massenburg, LLP       *Inc.*

SUBPOENA TO TESTIFY AT A DEPOSITION          **Law Office of Jocelyn C Stewart, Corp.**
IN A CIVIL ACTION DIRECTED TO SAMEER             1201 Pacific Avenue, Ste 600
ANAND - 10                                            Tacoma, WA 98407
No. 3:24-cv-05808-TMC                             Phone: (253) 317-8494

1405 N. Green Mount Road, Ste 400
O'Fallon, IL 62269

jseverit@mgmlaw.com
dfisher@mgmlaw.com
mweilmuenster@mgmlaw.com

Daniel R. Olsen, *Pro Hac Vice*                    *Attorneys for Defendants Brand*
Manning Gross + Massenburg, LLP          *Nutraceuticals, and Brand Packaging Group,*
100 Pringle Avenue, Ste 750                    *Inc.*
Walnut Creek, CA 94596

dolsen@mgmlaw.com
Olsen_law@comcast.net

Eric Robert Freiman                                    *Attorneys for Non-Parties Sameer Anand and*
Myles K. Bartley                                         *Maranda Lujajohnson*
Phillips Lytle
620 Eighth Ave, 38th Floor
New York, NY 10018-1442

EFreiman@phillipslytle.com
MBartley@phillipslytle.com


        DATED this 10th day of June, 2025.



                                              Jen L. Bassetti, Litigation Paralegal


SUBPOENA TO TESTIFY AT A DEPOSITION          **Law Office of Jocelyn C Stewart, Corp.**
IN A CIVIL ACTION DIRECTED TO SAMEER              1201 Pacific Avenue, Ste 600
ANAND - 11                                                          Tacoma, WA 98407
No. 3:24-cv-05808-TMC                                      Phone: (253) 317-8494