UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMEER ANAND,<br><br>        Movant,<br><br>    v.<br><br>JOANN LEDOUX,<br><br>        Respondent. | 25-MC-298 (DEH)<br><br>ORDER |

DALE E. HO, United States District Judge:

**BACKGROUND**

On July 11, 2025, Movant Sameer Anand initiated this miscellaneous action by filing a Motion to Quash a subpoena (the "Motion") served by Respondent Joann Ledoux in connection with a products liability lawsuit currently pending before Judge Cartwright in the Western District of Washington. *See LeDoux v. Outliers, Inc.*, No. 24 Civ. 5808 (W.D. Wash. filed Sept. 25, 2024). The subpoena, which seeks testimony and documents from Anand, was issued by the Western District of Washington on June 10, 2025, *see* Bartley Decl. Ex. A, ECF No. 3-1, and served on Anand on June 30, 2025, *see* ECF No. 1 at 1.

The Court was assigned this miscellaneous matter on July 14, 2025. *See* July 14, 2025 Dkt. Entry. That same day, the Court directed the parties to confer as to whether transfer of this matter to the Western District of Washington would be appropriate. *See* July 14, 2025 Order, ECF No. 5. The Court also directed Ledoux to submit any opposition to the Motion by July 23, 2025, and Anand to submit any Reply by July 30, 2025. *Id.* On July 17, 2025, the parties filed a joint letter indicating that, while Ledoux supports the transfer of this matter, Anand does not. *See* July 17, 2025 Letter, ECF No. 10. The parties subsequently filed their respective briefs. *See* Resp't's Mem. of Law. in Opp'n to Mot. to Quash Subpoena, ECF No. 11; Movant's Mem. of Law in

Further Supp. of Mot. to Quash Subpoena ("Movant's Mem."), ECF No. 13.[1]  However, for the reasons set forth below, the Court declines to consider Anand's Motion on the merits and instead orders the matter transferred to the Western District of Washington.

## DISCUSSION

Despite Anand's opposition to transferring his Motion, the Court nonetheless has the authority to transfer this case sua sponte based on the presence of "exceptional circumstances." Fed. R. Civ. P. 45(f); *see also Zhongtie Dacheng (Zhuhai) Inv. Mgmt. Co Ltd. v. Yan*, No. 24 MC 160, 2025 WL 105889, at *1-2 (S.D.N.Y. Jan. 15, 2025) (transferring a motion to quash sua sponte upon a finding of "exceptional circumstances").  "With respect to the 'exceptional circumstances' necessary for this Court to transfer the motion sua sponte, the Advisory Committee's 2013 Note to Rule 45(f) suggests that '[t]he prime concern should be avoiding burdens on local nonparties subject to subpoenas' and that 'transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts.'" *Abercrombie & Fitch Trading Co. v. Prestige Beauty Grp., LLC*, No. 23 MC 492, 2024 WL 360847, at *1 (S.D.N.Y. Jan. 31, 2024) (quoting Fed. R. Civ. P. 45 Advisory Committee Notes to 2013 Amendment).  "Rule 45(f) [is] primarily focused on avoiding piecemeal litigation." *Am. Plan Adm'rs v. S. Broward Hosp. Dist.*, 39 F.4th 59, 61 (2d Cir. 2022).

Here, the Court finds that exceptional circumstances warrant transferring Anand's Motion to the Western District of Washington.  Based on the circumstances, Judge Cartwright, who has presided over the underlying action for nearly a year, is best positioned to adjudicate the pending

---

[1] Anand notes that Ledoux's counsel, who is not admitted to the bar of this Court, filed Ledoux's opposition papers without first filing a motion for admission pro hac vice.  *See* ECF Nos. 15, 16, 17.  Because the Court is transferring this matter sua sponte, it does not rely on Ledoux's opposition and declines to impose sanctions at this time.

Motion "given her familiarity with the long-running facts of [the] case." *Zhongtie Dacheng (Zhuhai) Inv. Mgmt. Co Ltd.*, 2025 WL 105889, at *2; *see Abercrombie & Fitch Trading, Co. v. Beauty Encounter, Inc.*, No. 24 MC 9, 2024 WL 308097, at *2 (S.D.N.Y. Jan. 26, 2024) ("Here, the Underlying Action has been ongoing for nearly a year, so the issuing court is 'intimately familiar with the history and complex facts of the current litigation.'" (quoting *Drummond Co. v. VICE Media LLC*, 2022 WL 445681, at *2 (S.D.N.Y. Feb. 14, 2022) (Nathan, J.)). Judge Cartwright is also actively managing discovery in the underlying action, including setting a discovery schedule and ruling on various discovery disputes. *See LeDoux v. Outliers, Inc.*, No. 24 Civ. 5808 (W.D. Wash. filed Sept. 25, 2024), ECF Nos. 37, 102; *see also Prestige Beauty Grp., LLC*, 2024 WL 360847, at *1 (finding that the judge and magistrate judge presiding over the underlying trademark action were "best positioned to adjudicate the enforcement of [the] subpoena, especially given the impending fact discovery deadline in that action and the fact that" both judges were "actively managing discovery in that action"); *Google LLC v. Fortress Inv. Grp.* LLC, 2020 WL 1304039, at *1 (S.D.N.Y. Mar. 18, 2020) (finding that "consistency in rulings and another judge's prior involvement in the underlying action [are] reasons for transferring [the] case" (citing *Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38, 45-47 (D.D.C. 2014))). Indeed, courts in this District regularly "transfer motions like the one at issue here 'where the issuing court is best-positioned to address the subpoena dispute given the nature of the dispute and the posture and complexity of the underlying action, where the issuing court has already set out a discovery schedule in the underlying action, and to serve the interests of justice and judicial efficiency.'" *Yan*, 2025 WL 105889, at *1 (quoting *Full Circle United, LLC v. Bay Tek Ent., Inc.*, 581 F. Supp. 3d 523, 525 (S.D.N.Y. 2022)).

Moreover, it does not appear that transferring the Motion would impose a burden on Anand. While Anand discusses at length why compliance with the subpoena itself would be

3

burdensome, *see* Movant's Mem. at 7-10, he fails to provide any "evidence indicating that *transfer* of [his] motion to quash . . . would result in any burden to [him]," *Stohr v. Hall*, No. 24 MC 569, 2025 WL 252935, at *3 (S.D.N.Y. Jan. 21, 2025) (quoting *Am. Plan Adm'rs v. S. Broward Hosp. Dist.*, No. 21 MC 2663, 2021 WL 6064845, at *4 (E.D.N.Y. Dec. 22, 2021) (emphasis added). He also fails to "identify any interest [he] ha[s] in obtaining resolution of [his] motion in this District." *Id.* Moreover, in the underlying litigation, Judge Cartwright has already conducted several discovery hearings virtually. *See LeDoux v. Outliers, Inc.*, No. 24 Civ. 5808 (W.D. Wash. filed Sept. 25, 2024), ECF Nos. 72, 100; *Am. Plan. Adm'rs*, 2021 WL 6064845, at *4 (finding the burden of transferring the petitioner's motion to quash was "very low" where, *inter alia*, the issuing court "scheduled a discovery hearing telephonically"). "This underscores the minimal burden, if any, that [Anand] would face litigating [his] motion" in the Western District of Washington. *Stohr*, 2025 WL 252935, at *3 (citing *Am. Plan. Adm'rs*, 2021 WL 6064845, at *4 (transferring motion to quash where the issuing court held hearings remotely, meaning petitioners' "burden of litigating the case in [the issuing court] would likely be identical" to their burden of litigating locally)). Therefore, the Court "concludes that judicial economy and consistency considerations outweigh any potential burden that a transfer may place on [Anand]." *Drummond Co.*, 2022 WL 445681, at *2-3 (transferring motion to compel where discovery in the underlying action was complex and where the judge in the underlying action had ruled on related discovery issues).

4

\*   \*   \*

For these reasons, this matter shall be transferred to the Western District of Washington pursuant to Fed. R. Civ. P. 45(f) to be considered with *LeDoux v. Outliers, Inc.*, No. 24 Civ. 5808 (W.D. Wash. filed Sept. 25, 2024). The Clerk of Court is respectfully directed to transfer this action to the Western District of Washington and close the case.

SO ORDERED.

Dated: August 15, 2025
       New York, New York

_____
DALE E. HO
United States District Judge
